UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAR -3 PM 2: 15

CLERK

BY_____
DEPUTY CLERK

)
JANE DOE,                                    )
                                             )
        Petitioner,                          )
                                             )        Case No: 2:25-cv-240
v.                                           )
                                             )
U.S. DEPARTMENT OF HOMELAND                  )
SECURITY, KRISTI NOEM,                       )
THERESA MESSIER,                             )
                                             )
        Respondents.                         )

## ORDER TO SHOW CAUSE

On February 23, 2025, Jane Doe filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief with respect to her present detention in Chittenden, Vermont, by U.S. Immigrations and Customs Enforcement ("ICE"). Ms. Doe contends that upon her attempt to enter the United States on February 16, 2025, U.S. Customs and Border Protection ("CBP") canceled her valid J-1 visa without legal grounds to do so and wrongfully determined that she was subject to expedited removal under 8 U.S.C. § 1225(b)(1). (Doc. 1.) Ms. Doe further alleges that "CBP and ICE have refused to provide [her] counsel with copies of the alleged final order of removal and the sworn statement taken from her at the time of entry[.]" *Id.* at 1.

Congress permits judicial review in habeas corpus proceedings of determinations made under section 1225(b)(1), but only regarding the following issues:

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been

terminated, and is entitled to such further inquiry as prescribed by the
Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). When the court makes a determination under § 1252(e)(2)(B), its
inquiry is limited to "whether such an order in fact was issued and whether it relates to the
petitioner." 8 U.S.C. § 1252(e)(5). Courts may not review "whether the alien is actually
inadmissible or entitled to any relief from removal." *Id.*

Ms. Doe's petition includes a copy of a Notice and Order of Expedited Removal
dated February 16, 2025. Only the "Determination of Inadmissibility" portion of the form
is completed and signed. (Doc. 1-4 at 1.) The portion titled "Order of Removal" is blank.
*Id.* Although she states that "on information and belief, the bottom portion of the form
was completed and signed, and the purported expedited removal order was issued on
February 16, 2025[,]" neither she nor her counsel has been provided with the completed
form. (Doc. 1 at 13.) Accordingly, this court has jurisdiction to determine "whether such
an order in fact was issued[.]" 8 U.S.C. § 1252(e)(5); *see Dugdale v. CBP*, 88 F. Supp. 3d
1, 7 (D.D.C. 2015) (finding court had jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to
determine whether an order of removal was not issued because it lacked a CBP
supervisor's signature).

Pursuant to 28 U.S.C. 2243, a court "entertaining an application for a writ of habeas
corpus shall forthwith award the writ or issue an order directing the respondent to show
cause why the writ should not be granted, unless it appears from the application that the
applicant or person detained is not entitled thereto."

Respondents U.S. Department of Homeland Security, Kristi Noem, and Theresa
Messier are hereby ORDERED TO SHOW CAUSE on or before March 10, 2025, why a
writ of habeas corpus should not be granted to determine whether Ms. Doe "was ordered
removed under [8 U.S.C. § 1225(b)(1).]" 8 U.S.C. 1252(e)(2)(B). The scope of this inquiry
is limited and does not include consideration of Ms. Doe's claims that her J-1 visa was
wrongfully canceled or that CBP's inadmissibility determination was made on incorrect
grounds. *See Wei Chen v. Napolitano*, 2012 WL 5458064, at *3 (S.D.N.Y. Nov. 8. 2012)
(noting that statutory language "unambiguously bars 'review of whether the alien is

2

actually inadmissible or entitled to any relief from removal'") (quoting 8 U.S.C. § 1252(e)(5)). Petitioner may file a reply on or before March 14, 2025. The court may schedule a hearing promptly thereafter depending upon the parties' briefing.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _3rd_ day of March, 2025.

Christina Reiss, Chief Judge
United States District Court