## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

_____
)
**KSENIIA PETROVA**,                                  )
)
Petitioner-Plaintiff,                          )
)
v.                                      )          Case No. 2:25-cv-00240-CR
)
**U.S. DEPARTMENT OF HOMELAND**           )
**SECURITY; KRISTI NOEM**, Secretary of the   )
U.S. Department of Homeland Security, in her  )
official capacity; **THERESA MESSIER**,        )
Superintendent, Chittenden Regional Correctional )
Facility, in her official capacity,           )
)
Respondents-Defendants.              )
_____)

## FEDERAL RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO AMEND

On May 22, 2025, Ms. Petrova moved (ECF No. 57) for leave to amend her complaint and habeas petition under Fed. R. App. P. 15. "A district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Federal Respondents oppose Ms. Petrova's motion for leave to amend for the following reasons:

1.      Ms. Petrova's motion fails to comply with Local Rule 15(a)(1), which requires that an amended filing include "a redlined version of the proposed amendment clearly designating additions and deletions[.]"

2.      Ms. Petrova's request for leave to amend is unduly delayed and her motion provides no rationale for that delay. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the

1

movant"); ECF No. 57 at 1-2. Ms. Petrova has been represented by counsel since this action commenced in February. Ms. Petrova was placed in removal proceedings under 8 U.S.C. § 1229a on March 7, 2025, and was subject to mandatory immigration detention under 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A), until she was taken into U.S. Marshals' custody on May 14, 2025, because of unsealed criminal charges in *United States v. Kseniia Petrova*, 1:25-mj-05150-JGD (D. Mass.). *See* ECF No. 24, Response to Order to Show Cause ("OSC") at 5, 7, Ex. B (Mar. 17, 2025); *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until [credible fear or removal] proceedings have concluded.").

Ms. Petrova's original habeas petition acknowledged that 8 U.S.C. § 1225 was the basis of her detention. ECF No. 1 at ¶ 25. Federal Respondents reiterated the statutory basis for Ms. Petrova's detention on March 17, 2025, because Ms. Petrova expressed an intent to timely amend her petition and complaint. ECF No. 24 at 2 n.2, 6; *see generally Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking the amendment since the inception of the cause of action.").

Ms. Petrova moved to expedite her habeas hearing on April 13, 2025, after the statutory basis of her detention was known, but she did not move to amend her habeas petition or name her actual legal custodian in Louisiana. ECF No. 32. Ms. Petrova did not move to amend her civil complaint within 21 days of Federal Respondents' April 25, 2025, motion to dismiss her Administrative Procedure Act claims (ECF No. 37). The Court conducted a hearing on May 14, 2025 (at her request) to resolve Ms. Petrova's habeas petition and Federal Respondents' motion to dismiss. Given these circumstances, Ms. Petrova's request for leave to amend has been unduly

delayed and should be denied because Federal Respondents would experience undue prejudice, as they have expended significant resources responding to Ms. Petrova's pleadings on an expedited basis to accommodate her requests for expedition. *See McCarthy*, 482 F.3d at 200.

3.      It would also be futile to permit Ms. Petrova to amend her habeas petition because her immigration detention is "a constitutionally valid aspect of the deportation process," *Demore v. Kim*, 538 U.S. 510, 523 (2003), authorized by statute, *Jennings*, 583 U.S. at 297, and noncitizens seeking admission to the United States are only entitled to the process Congress provided. *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020). Leave to amend would also be futile because "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Ms. Petrova's proposed petition alleges that her current custodian is in Louisiana and that her future immigration custodian would be in Louisiana. *See* Proposed Amend. Pet. at ¶¶ 22-23.

4.      Ms. Petrova's motion for leave to amend should also be denied because it seeks to raise three claims under the Freedom of Information Act against newly named defendants that are wholly unrelated to the original complaint. ECF No. 57 at ¶ 4; *see Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (upholding denial of motion to amend where the plaintiff's "new claims concerned a different period of time and were derived from a different statute" given that "discovery had already been completed and [the defendant] had already filed a motion for summary judgment"); *Amusement Industry, Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.")

5.      Ms. Petrova fails to meet her burden to demonstrate that "justice . . . requires" leave to amend her petition and complaint.  *See* ECF No. 57 at ¶¶ 1-5

## <u>CONCLUSION</u>

For the foregoing reasons, Federal Respondents submit that this Court should deny Ms. Petrova's motion for leave to amend both her habeas petition and her separate civil complaint.

Dated: May 22, 2025

<div style="margin-left:40%">

Respectfully submitted,
YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

LINDSAY M. VICK
Senior Litigation Counsel
Office of Immigration Litigation

<u>/s/ *Jeffrey M. Hartman*     </u>
JEFFREY M. HARTMAN
Trial Attorney (WSBA No. 49810)
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

MICHAEL P. DRESCHER
Acting United States Attorney

MATTHEW J. GREER
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Matthew.Greer@usdoj.gov

*Attorneys for Federal Respondents*

</div>