## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| _____ ) | |
| **KSENIIA PETROVA**, ) | |
| ) | |
| Petitioner-Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-00240-CR |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND** ) | |
| **SECURITY; KRISTI NOEM**, Secretary of the ) | |
| U.S. Department of Homeland Security, in her ) | |
| official capacity; **THERESA MESSIER**, ) | |
| Superintendent, Chittenden Regional Correctional ) | |
| Facility, in her official capacity, ) | |
| ) | |
| Respondents-Defendants. ) | |
| _____ ) | |

## FEDERAL RESPONDENTS' BRIEF ADDRESSING
## MS. PETROVA'S BAIL REQUEST

On May 14, 2025, the Court conducted a hearing on Ms. Petrova's habeas petition (ECF No. 1) and Federal Respondent's motion to dismiss (ECF No. 37) her Administrative Procedure Act ("APA") challenge. At the hearing, the Court scheduled a bail hearing under *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), for May 28, 2025, and ordered the parties to file briefs on the Court's jurisdiction to conduct a bail hearing. ECF No. 48. On May 22, 2025, Ms. Petrova moved for leave to file an amended habeas corpus petition and civil complaint to, among other things, name her immediate custodian in Louisiana. ECF Nos. 57, 59. *See* Docket, *Kseniia Petrvoa v. DHS*, *et. al*, 25-cv-240 (D. Vt.). Ms. Petrova also filed a brief asserting that this Court has jurisdiction under *Mapp* to release her on bail. ECF No. 61. As of the time of this filing, this Court has not granted Ms. Petrova's leave to amend, so Federal Respondents' brief focuses on Ms. Petrova's original

habeas petition (ECF No. 1) and her bail brief (ECF No. 61).[1]  For the reasons below, this Court should deny Ms. Petrova's request for release on bail.

## FACTUAL BACKGROUND

Ms. Petrova is a Russian citizen who attempted to enter the United States at Boston Logan International Airport on a J-1 visa on February 16, 2025, after allegedly returning from an academic conference in France.  ECF No. 1 at ¶ 37; ECF No. 24, Response to Order to Show Cause, Ex. A at 3 (Mar. 17, 2025) ("OSC Resp.").  Ms. Petrova's luggage contained frog embryos associated with her academic research.  ECF No. 1 at ¶ 35; ECF No. 24, Ex. A at 4.  Prior to her arrival, two of Ms. Petrova's scientific collaborators texted and advised her that she should declare the embryos to government officials at the airport using a form previously distributed to her laboratory.  ECF No. 24, Ex. A at 5.  But when asked by a U.S. Customs and Border Patrol (CBP") officer and a CBP agricultural specialist whether Ms. Petrova had biological materials in her luggage, she replied "no."  ECF No. 24, Ex. A at 4.  When CBP subsequently searched Ms. Petrova's luggage, they discovered biological materials in "a Styrofoam box" and "multiple Ziplock bags[.]"  ECF No. 24, Ex. A at 4.  A CBP officer subsequently revoked Ms. Petrova's J-1 visa and issued a Form I-860, Notice and Order of Expedited Removal Order, after concluding that she was inadmissible and, therefore, not entitled to enter the United States.  ECF No. 1-4.

To await a credible fear interview, Ms. Petrova was initially detained at the Chittenden Regional Correctional Facility.  ECF No. 1 at ¶¶ 1, 50; *see* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution").  On February 24, 2025, Ms. Petrova was transferred by ICE to the

---

[1] Because an order granting bail is immediately appealable, *see Mahdawi v. Trump*, — F.4th —, 2025 WL 1353665, at *3 (2d Cir. May 9, 2025), Federal Respondents' brief adheres to the length limitations established by Local Rule 7(a)(4)(A).

Richwood Correctional Facility in Monroe, Louisiana.  ECF No. 24, Ex. C, Decl. of Assistant Field Office Director Jacques Metoyer at ¶ 5.

On March 7, 2025, U.S. Immigration and Customs Enforcement ("ICE") issued Ms. Petrova a Notice to Appear before an immigration judge in removal proceedings under 8 U.S.C. § 1229a.  ECF No. 24, Ex. B, Notice to Appear (Mar. 7, 2025).  Ms. Petrova's removal proceedings are ongoing and she is not subject to a final removal order.

On May 14, 2025, Ms. Petrova was arrested for smuggling in relation to the frog embryos in violation of 18 U.S.C. § 545.  ECF No. 52, Ex. A, *United States v. Kseniia Petrova*, 1:25-mj-05150-JGD (D. Mass.).  On May 15, 2025, a magistrate judge ordered that Ms. Petrova be detained and transported by the U.S. Marshals to the District of Massachusetts, where Ms. Petrova requested that "any preliminary or detention hearing be held[.]"  ECF No. 52, Ex. B., Minute Order at 2, *United States v. Kseniia Petrova*, 3:25-mj-00092-01 (W.D. La. May 15, 2025); ECF No. 52, Ex. C, Commitment Order, *United States v. Kseniia Petrova*, 3:25-mj-00092-01 (W.D. La. May 15, 2025).  U.S. Marshals will transport Ms. Petrova to the District Court in Massachusetts no earlier than May 30, 2025.

## ARGUMENT

## THIS COURT SHOULD DENY MS. PETROVA'S REQUEST FOR RELEASE ON BAIL

The Court should deny Ms. Petrova's request for release on bail.  In *Mapp*, the Second Circuit held that "the federal courts have the . . . inherent authority to admit habeas petitioners to bail in the immigration context[.]"  *Mapp*, 241 F.3d at 222.  However, a "habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  *Id*. at 226 (cleaned up).  To do so, a habeas petitioner "must demonstrate that the habeas petition raise[s] substantial

claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make

the habeas remedy effective." *Id*. Ms. Petrova cannot meet that burden. *See* ECF No. 61.

## A.    THIS COURT LACKS JURISDICTION TO RELEASE MS. PETROVA ON BAIL BECAUSE HER HABEAS PETITION IS EITHER MOOT OR UNRIPE

At the outset, this Court should dismiss Ms. Petrova's bail request because her habeas

petition (ECF No. 1) is moot. The U.S. Constitution limits this Court to resolve only cases and

controversies. U.S. Const. Art. III, § 2. In other words, "a federal court has no authority to give

opinions upon moot questions or abstract propositions, or to declare principles or rules of law

which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v.

United States*, 506 U.S. 9, 12 (1992) (cleaned up). Thus, "[i]n order for a federal court to retain

jurisdiction over a case, an actual controversy must exist 'at all stages of review, not merely at the

time the complaint is filed.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (quoting *Preiser

v. Newkirk*, 422 U.S. 395, 402 (1975)). "The hallmark of a moot case or controversy is that the

relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d

380, 386 (2d Cir. 1983).

To the extent that Ms. Petrova seeks bail (ECF No. 61 at 7-9) on her original habeas petition

(ECF No. 1), which challenged her expedited removal proceedings under 8 U.S.C. § 1252(e), her

petition is moot because the U.S. Department of Homeland Security ("DHS") issued a Notice to

Appear on March 7, 2025, placing her in removal proceedings before an immigration judge. ECF

No. 24 at 2-7 & Ex. B; 8 U.S.C. §§ 1229(a), 1229a(a)(1); 8 C.F.R. § 1003.14; ECF No. 1 at ¶ 69

(requesting that this Court order the government to place Ms. Petrova in removal proceedings "in

accordance with section 1229a"). Critically, the only relief that a district court can order in a

habeas petition challenging expedited removal proceedings is "a hearing under section 1229a"

after which the noncitizen can "obtain judicial review of any resulting final order of removal

pursuant to" 8 U.S.C. § 1252(a)(1).  8 U.S.C. § 1252(e)(4); *see DHS v. Thuraissigiam*, 591 U.S. 103, 111-12 (2020).  Thus, Ms. Petrova's habeas challenge to her expedited removal proceedings under 8 U.S.C. § 1252(e) and 28 U.S.C. § 2241 has been moot since March 7 and, because bail is unnecessary to dismiss a moot petition, there is no basis to grant Ms. Petrova's bail request.  *See Church of Scientology of Cal.*, 506 U.S. at 12; *Mapp*, 241 F.2d at 230; *see also Ruesch v. Commissioner of Internal Revenue*, 25 F.4th 67, 71 (2d Cir. 2022) (explaining that mootness "should ordinarily be decided before other issues such as statutory jurisdiction or the merits") (citations omitted).

To the extent that Ms. Petrova challenges her prior detention at the Richwood Correctional Center in Louisiana during removal proceedings, her petition is moot because she was arrested on May 14, 2025, for smuggling in violation of 18 U.S.C. § 545.[2]  ECF No. 24, Ex. C at ¶ 5, Metoyer Decl.; ECF No. 52, Ex. A, Criminal Compl.; *cf. Coughlin*, 76 F.3d at 506 ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").  The Bail Reform Act and the Immigration and Nationality Act ("INA") "serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention."  *United States v. Lett*, 944 F.3d 467, 470, 473 (2d Cir. 2019) (rejecting a motion to dismiss a criminal indictment where CBP found cocaine in Litt's suitcase, where he was released on bail and then detained by ICE for removal proceedings); *see United States v. Barrera-Landa*, 964 F.3d 912, 919 (10th Cir. 2020) (discussing the government's separate interests in prosecution and removal); *United States v. Vasquez-Benitez*, 919 F.3d 546, 129 (D.C. Cir. 2019) ("ICE's authority to facilitate an illegal alien's removal from the country does not

---

[2] Ms. Petrova was detained at the Richwood Correctional Facility from February 24, 2025, until May 14, 2025—a total of 79 days.  *See generally* ECF No. 24, Ex. C, Metoyer Decl. at ¶ 5.

disappear merely because the U.S. Marshal cannot detain him under the BRA pending his criminal trial.").  On May 15, 2025, a magistrate judge in the Western District of Louisiana ordered that Ms. Petrova be detained and transported by the U.S. Marshals to the District of Massachusetts, where "any preliminary or detention hearing [will] be held[.]"  ECF No. 52, Ex. B., Minute Order at 2; ECF No. 52, Ex. C, Commitment Order.  Consequently, Ms. Petrova is not in the immediate custody of any of the defendants named in her original habeas petition, ECF No. 1 at 1, and her challenge to her prior immigration detention is moot.  *See* 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (requiring a habeas petitioner to name their immediate custodian); *see, e.g.*, *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 341 (W.D.N.Y. 2009) (compiling cases and explaining that "district courts in this Circuit . . . have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot.").

To be sure, Federal Respondents recognize that a habeas petition is "generally not moot so long as the petitioner continues to be held in the custody that he alleges is unlawful." *Janakievski v. Exec. Dir., Rochester Psychiatric Center*, 955 F.3d 314, 318 (2d Cir. 2020).  But that rationale applies where there is "some concrete and continuing injury or collateral consequence" traceable to the originally challenged detention order that can be redressed through a judicial ruling.  *Id.* at 319 (cleaned up).  And it is inapplicable here because Ms. Petrova is currently subject to pre-trial criminal custody by the U.S. Marshals, and it is unclear when or where Ms. Petrova would be detained by DHS if she was released on bail.  ECF No. 52, Ex. C, Commitment Order, *Kseniia Petrova*, 3:25-mj-00092-01; *see* Fed. R. Crim. P. 5.

The uncertainty that permeates Ms. Petrova's brief demonstrates that her bail claim is also unripe.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) (explaining that "[a] claim is not ripe

for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (cleaned up). The ripeness doctrine empowers the Court to dismiss a case even "where adjudication would not necessarily have exceeded the court's constitutional power but the prospect of injury was nonetheless sufficiently remote or conjectural that" it would not be prudent "to exercise jurisdiction until the dispute has further ripened to produce a more palpable injury." *Bronx Household of Faith v. Board of Ed. of City of N.Y.*, 492 F.3d 89, 113 (2d Cir. 2007). Ripeness concerns "bear heightened importance when . . . the potentially unripe question presented for review is a constitutional question." *Id*. at 114. Applying the prudential ripeness doctrine, the Second Circuit previously declined to address a habeas petition challenging a pro se petitioner's removability—who was being held in state custody on criminal grounds—because the "issues sought to be adjudicated are contingent on future events [that] may never occur[,]" particularly where the law could potentially change in a way that would prevent the government from executing a removal order. *Simmonds v. INS*, 326 F.3d 351, 359-60 (2d Cir. 2003).

That rationale applies with equal force here because Ms. Petrova is in U.S. Marshals' custody for her criminal case and must raise any challenge to pre-trial detention through the Bail Reform Act. *See Simmonds*, 326 F.3d at 369-60; *see, e.g.*, *Parks v. United States*, No. 21-cv-029(LJV) (JJM), 2021 WL 8391657, at *3 (W.D.N.Y. Mar. 22, 2021) (compiling cases rejecting habeas challenges to pre-trial detention). Moreover, because Ms. Petrova is in criminal pre-trial custody, she can only speculate about when or where she would be detained in immigration custody in the future, confirming that her challenge to potential future immigration detention is unripe and provides no basis to order her release on bail. *See Simmonds*, 326 F.3d at 359-60; ECF

No. 61 at 12.[3]  Accordingly, this Court should deny Ms. Petrova's bail request without proceeding further in its analysis.

**B.    MS. PETROVA'S HABEAS PETITION DOES NOT RAISE SUBSTANTIAL CLAIMS ON THE MERITS BECAUSE SHE IS SUBJECT TO MANDATORY IMMIGRATION DETENTION UNDER 8 U.S.C. § 1225**

Ms. Petrova cannot meet her burden to establish a substantial claim on the merits of her habeas petition because her detention is neither unconstitutional nor contrary to law.  *Mapp*, 241 F.3d at 226; *see* 28 U.S.C. § 2241(c)(3); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (habeas petitioner "bears the burden of proving that [s]he is being held contrary to law").

1.    Congress Authorized Ms. Petrova's Detention

It is undisputed that Ms. Petrova is an arriving alien subject to the procedures established by 8 U.S.C. § 1225, because she was detained for secondary inspection in Boston Logan International Airport while seeking admission to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (every "alien who 'arrives in the United States' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'") (quoting 8 U.S.C. § 1225(a)(1)); *Correa v. Thornburgh*, 901 F.2d 1166, 1172 (2d Cir. 1990) (holding that Correa never entered the United States, because she "remained in a restricted area, known as the 'Customs Enclosure'" and was, therefore, never "free from official restraint"); 8 U.S.C. § 1101(a)(13)(A); 8 C.F.R. § 1001.1(q); ECF No. 1 at ¶¶ 25, 39, 45; ECF No. 61 at 1-3; *see, e.g.*, *Sidhu v. Ashcroft*, 368 F.3d 1160, 1161-62 (9th Cir. 2004) (noncitizen whose passport was stamped "admitted" in

---

[3] To the extent that Ms. Petrova now seeks to amend her habeas petition, *see* Proposed Amend. Compl. at ¶¶ 87-88, to name immediate custodians in Louisiana based on the removal proceedings that commenced when she was in Louisiana, her petition does not raise a substantial claim because the "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Padilla*, 542 U.S. at 435; 28 U.S.C. § 2241.

the Los Angeles airport was not admitted within the meaning of 8 U.S.C. § 1101(a)(13)(A) because she was detained at secondary inspection).

Critically, Congress authorized the mandatory "detention of applicants for admission until [credible fear or removal] proceedings have concluded." *Jennings*, 583 U.S. at 297; 8 U.S.C. § 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A). And the Supreme Court held that, "[w]hether an applicant who raises an asylum claim receives full or only expedited review, the applicant is not entitled to immediate release." *Thuraissigiam*, 591 U.S. at 111; *see Matter of Q. Li*, 29 I. & N. Dec. 66, 68-69 (BIA 2025) (holding that immigration judges lack authority to conduct bail hearings for arriving aliens). Consequently, Ms. Petrova cannot establish that her habeas petition raises a substantial claim because Congress unequivocally mandated her detention until her removal proceedings before an immigration judge under 8 U.S.C. § 1229a conclude. *Mapp*, 241 F.3d at 226; *see* 8 U.S.C. § 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A); *Jennings*, 583 U.S. at 297-301.

Resisting that conclusion, Ms. Petrova asserts (ECF No. 61 at 7-9) that her detention is unlawful because CBP erroneously revoked her J-1 visa and found her inadmissible, but her arguments are unavailing because: (1) those claims must be exhausted in removal proceedings,[4] 8 U.S.C. §§ 1201(i), 1252(d)(1); *see, e.g.*, *Ibragimov v. Gonzales*, 476 F.3d 125, 131-38 (2d Cir. 2007) (addressing a motion to terminate); (2) this Court lacks jurisdiction to review the initiation of removal proceedings, 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*,

---

[4] Federal Respondents do not dispute that Ms. Petrova exhausted the administrative avenues to seek release from detention under 8 U.S.C. § 1225 by requesting parole from the Department of Homeland Security. ECF No. 61 at 13-16. However, this Court lacks jurisdiction to review DHS's discretionary parole determinations. 8 U.S.C. §§ 1182(d)(5)(A), 1252(a)(2)(B)(ii); *see Giammarco v. Kerlikowske*, 665 F. App'x 24, 25-26 (2d Cir. 2016) (affirming the dismissal of a habeas petition that challenged the discretionary denial of parole).

525 U.S. 471, 485 n.9 (1999); and, (3) this Court lacks jurisdiction to review Ms. Petrova's inadmissibility or the validity of her revoked visa because Congress provided that Courts of Appeals have exclusive jurisdiction over questions "of law or fact" "arising from any action taken or proceedings brought to remove an alien from the United States[.]"  8 U.S.C. § 1252(b)(9); 8 U.S.C. §§ 1201(i), 1252(a)(2)(A), 1252(a)(5), 1252(e)(4)-(5); *see Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that 8 U.S.C. § 1252(a)(5)'s jurisdictional bar precludes direct and indirect challenges to a request for permission to reenter the United States); ECF No. 37 at 8-16.

Ms. Petrova's related assertion (ECF No. 61 at 9-12, 15) that her arguments establish the requisite likelihood of success on her habeas petition under 28 U.S.C. § 2241 fail because she overlooks the unequivocal jurisdictional limits Congress established.  8 U.S.C. §§ 1201(i), 1252(a)(2)(A), 1252(a)(5), 1252(b)(9), 1252(e)(4)-(5).  Notably, *Mapp*, 241 F.3d at 222, addressed a noncitizen's likelihood of success on the merits before Congress, through the REAL ID Act of 2005, Pub.L. No. 109–13, § 106(a), 199 Stat. 231 (May 11, 2005), and removed district court jurisdiction to address challenges to removal proceedings through habeas corpus petitions.  *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113-17 (2d Cir. 2008); *Elkimya v. DHS*, 484 F.3d 151, 153 (2d Cir. 2007) ("[t]he Real ID Act repealed the use of habeas petitions to challenge orders of removal; petitions for review filed in the courts of appeals are now the exclusive procedural vehicle for seeking review of such orders.") (citing 8 U.S.C. § 1252(a)(5)).  Restated, at the time *Mapp* was decided, the relevant analysis was effectively a predictive judgment about whether bail was necessary to make the district court's future ruling on a discrete legal issue (Mapp's eligibility for an immigration waiver) effective.  *Mapp*, 241 F.3d at 230-31.

In stark contrast, this Court lacks jurisdiction to consider a "direct" or "indirect challenge" to efforts to obtain a removal order against Ms. Petrova, so she cannot meet her burden of demonstrating a substantial likelihood of success on the merits on her habeas petition. *Delgado*, 643 F.3d at 55; *see Mapp*, 241 F.3d at 226; 8 U.S.C. §§ 1201(i), 1252(a)(2)(A), 1252(a)(5), 1252(b)(9), 1252(e)(4)-(5). Ms. Petrova's inability to demonstrate a substantial likelihood of success is clear because Congress unequivocally provided that "[n]otwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28, or any other habeas corpus provision*," 8 U.S.C. § 1252(a)(5) (emphasis added), the only way to obtain judicial review of removal orders (and all legal and factual issues arising in those proceedings) is through a petition for review. *See* 8 U.S.C. §1252(b)(9) (similar). Tellingly, Ms. Petrova has not identified a single case where a district court after the REAL ID Act conducted a removability inquiry for a detained arriving alien in parallel to ongoing removal proceedings before an immigration judge. *See* ECF No. 61 at 1-15. Release on bail is intended to "make the habeas remedy effective[.]" *Mapp*, 241 F.3d at 230. It does not afford Ms. Petrova the ability to secure release based on arguments that Congress expressly barred this Court from addressing through a habeas petition. 8 U.S.C. §§ 1201(i), 1252(a)(2)(A), 1252(a)(5), 1252(b)(9), 1252(e)(4)-(5).

Finally, Ms. Petrova asserts (ECF No. 61 at 7-8) that because a CBP officer determined that she was inadmissible under 8 U.S.C. § 1182(a)(7), she can only be detained under 8 U.S.C. § 1225(b)(1), and that the authority to detain her somehow expired once she was placed in removal proceedings before an immigration judge under 8 U.S.C. § 1229a. But Ms. Petrova's attempt to distinguish between detention under § 1225(b)(1) and § 1225(b)(2) are legally irrelevant: As the Supreme Court held, "[w]hether an applicant who raises an asylum claim receives full or only

expedited review, the applicant is not entitled to immediate release." *Thuraissigiam*, 591 U.S. at 111.

Specifically, "[f]or those placed in expedited removal proceedings who are referred to an Immigration Judge for consideration of their asylum application . . . 8 U.S.C. § 1225(b)(1)(B)(ii) requires detention until the final adjudication of the asylum application." *Matter of Q. Li*, 29 I. & N. Dec. at 68; *see Jennings*, 583 U.S. at 287; *Matter of M-S-*, 27 I. & N. Dec. 509, 515-16 (A.G. 2019). Conversely, if a noncitizen fails to establish that they are "clearly and beyond a doubt entitled to be admitted" she "shall be detained for a [removal] proceeding under section 1229a." 8 U.S.C. § 1225(b)(2)(A); *see Jennings*, 583 U.S. at 287 (explaining that § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"); 8 C.F.R. § 235.3(b)(3). Moreover, the Supreme Court already rejected Ms. Petrova's implicit argument that the authority to detain an arriving alien under 8 U.S.C. § 1225 expires if she establishes a credible fear of persecution and is placed into removal proceedings. *Jennings*, 583 U.S. at 302 ("If respondents' interpretation of § 1225(b) were correct, then the Government could detain an alien without a warrant at the border, but once removal proceedings began, the Attorney General would have to issue an arrest warrant in order to continue detaining the alien. To put it lightly, that makes little sense."). Consequently, Ms. Petrova's attempts to distinguish between detention under § 1225(b)(1) and § 1225(b)(2) are unavailing. Regardless of which subsection applies, she is subject to mandatory detention during the pendency of her removal proceedings.[5]

---

[5] Because this Court lacks habeas jurisdiction to consider whether Ms. Petrova is actually inadmissible under 8 U.S.C. § 1182(a)(7), her request (ECF No. 61 at 9) for this Court to adjudicate her inadmissibility in an effort to evade § 1225 is unavailing. 8 U.S.C. § 1252(a)(2)(A), 1252(a)(5), 1252(b)(9), 1252(e)(4)-(5); *see Delgado*, 643 F.3d at 55 (holding that the INA bars direct and indirect challenges to removal proceedings). Notably, despite extensive discussion of that issue at the May 14, 2025, hearing, Ms. Petrova has identified no authority that would permit this Court to bypass those jurisdictional bars. ECF No. 61 at 8-9 (citing no caselaw).

*Thuraissigiam*, 591 U.S. at 111; *Jennings*, 583 U.S. at 287 ("Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens."); *Matter of Q. Li*, 29 I. & N. Dec. at 68; *Matter of M-S-*, 27 I. & N. Dec. at 515-16.

As demonstrated, Ms. Petrova has failed to meet her burden to establish that her immigration detention is contrary to law, foreclosing her bail request on that basis. *Mapp*, 241 F.3d at 226.

2.    Ms. Petrova's Detention is Constitutional

Ms. Petrova cannot establish that her detention under 8 U.S.C. § 1225(b) runs afoul of the constitution because, immigration detention is "a constitutionally valid aspect of the deportation process," *Demore v. Kim*, 538 U.S. 510, 523 (2003), and "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law[,]" for noncitizens seeking admission to the United States at the border. *Thuraissigiam*, 591 U.S. at 138 (cleaned up). That is so because "[t]he power to admit or exclude aliens is a sovereign prerogative"; "the Constitution gives the political departments of government plenary authority to decide which aliens to admit; and a concomitant of that power is the power to set the procedures to be followed in determining whether an alien should be admitted." *Id.* at 139 (cleaned up).

Commensurate with that sovereign prerogative, "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139; *see Leng May Ma v. Barber*, 357 U.S. 185, 188 (1958) ("For over a half century this Court has held that the detention of an alien in custody pending determination of his admissibility does not legally constitute an entry though the alien is physically within the United States."); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212-16 (1953) (holding that a noncitizen who previously resided in the

United States for over two decades was lawfully detained on Ellis Island indefinitely pursuant to an exclusion order because "an alien on the threshold of initial entry stands on a different footing: Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (citations and quotations omitted); *Nichimura Ekiu v. United States*, 142 U.S. 651, 660 (1892).

The Second Circuit has similarly emphasized the "sovereign state has a right to exclude aliens" and upheld the "authority to indefinitely detain excludable aliens." *Guzman v. Tippy*, 130 F.3d 64, 65 (2d Cir. 1997) (discussing the Mariel boatlift from Cuba); *see also United States v. Guzman*, 998 F.3d 562, 569 (4th Cir. 2021) (explaining that a noncitizen "apprehended at the border . . . was merely an applicant for admission, for whom the INA's admission procedures was the due process."). Likewise, district courts in this circuit have ruled that noncitizens detained at the border are not entitled to release or additional due process protections to justify detention beyond that provided by Congress through the INA. *See, e.g.*, *Rodriguez Figueroa v. Garland*, 535 F. Supp. 3d 122, 127 (W.D.N.Y. 2021) ("Petitioner, who is detained pursuant to 8 U.S.C. § 1225(b) and who was apprehended shortly after unlawfully crossing the border, is not entitled to an individualized bond hearing"); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 331, 334-36 (W.D.N.Y. 2021) ("the Court concludes that binding Supreme Court precedent requires a 'legal fiction' to be imposed on Petitioner so that he is treated as at the threshold of entry—as opposed to within this country's borders—and as a result, he is entitled to only those protections as afforded by statute, and not the procedural protections of the Due Process Clause."). In short, Congress empowered immigration officers to detain noncitizens at ports of entry for proceedings to determine whether to admit or remove them and, therefore, Ms. Petrova is only entitled to the process afforded by Congress. *See Thuraissigiam*, 591 U.S. at 138-39; *Mezei*, 345 U.S. at 212-16.

14

Here, Ms. Petrova is receiving the maximum level of process that Congress provided for arriving aliens seeking to demonstrate that they are "clearly and beyond a doubt entitled to be admitted" to the United States, 8 U.S.C. §§ 1225(b)(2)(A), 1229a(c)(2)(A): removal proceedings before an immigration judge under 8 U.S.C. § 1229a (where Ms. Petrova is represented by counsel) and, if necessary, a petition for review in the appropriate Court of Appeals. 8 U.S.C. § 1252(a)(1), (a)(5), (b)(9); *see, e.g.*, *Ibragimov*, 476 F.3d at 131-38 (addressing a motion to terminate challenging Ibragimov's removability under 8 U.S.C. § 1182(a)(7)). Because the government's (undisputed, *see* ECF No. 61 at 1-15) adherence to those procedures in Ms. Petrova's case is due process of law, *see Thuraissigiam*, 591 U.S. at 138; *Mezei*, 345 U.S. at 212-16; *Tippy*, 130 F.3d at 66, she cannot establish a substantial claim on her habeas petition and this Court must deny her bail request. *Mapp*, 241 F.3d at 226; *see* 28 U.S.C. § 2241(c)(3).

Indeed, Ms. Petrova's counseled brief forfeits any argument that her detention under 8 U.S.C. § 1225 is unconstitutional. *See* ECF No. 61 at 1-16 (raising no due process challenge and failing to articulate, much less establish, what additional process is necessary); *Mapp*, 241 F.3d at 226 (explaining that a habeas petitioner bears the burden of demonstrating that bail is warranted); *Klinker v. Furdiga*, 22 F. Supp. 3d 366, 367 n.1 (D. Vt. 2014) (arguments raised for the first time in a reply brief are waived); *Brown v. City of Barre, Vt.*, 878 F. Supp. 2d 469, 474 n.1 (D. Vt. 2012) (finding a procedural due process challenge waived where it was not raised in Plaintiffs' motion for summary judgment). Consequently, for purposes of the *Mapp* analysis, this Court should deem any due process challenge to Ms. Petrova's detention abandoned.[6]

---

[6] Without waiving that objection, Ms. Petrova's proposed amended petition fails to establish that her detention violates the due process clause. For example, she alleges that her detention "for over three months" violates her due process rights, Proposed Amend. Pet. at ¶ 117, but the Supreme Court has held that six months of detention is "presumptively reasonable," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and Courts have recognized that immigration detention serves a

3.    Summary

As demonstrated, this Court must reject Ms. Petrova's bail request because she cannot establish that her case presents a substantial likelihood of success on the merits, as she is detained pursuant to clear statutory authority, *see Jennings*, 583 U.S. at 297-301, and receiving all of the process that Congress afforded to noncitizens detained at a port of entry while seeking admission to the United States.  28 U.S.C. § 2241(c)(3) (requiring a habeas petitioner to demonstrate that their detention in unlawful or unconstitutional); *see Thuraissigiam*, 591 U.S. at 138; *Mapp*, 241 F.3d at 226.  Further, Ms. Petrova has failed to meet her burden to demonstrate that release on bail is necessary to make the habeas remedy effective because her efforts to challenge the revocation of her J-1 visa and the charge of inadmissibility against her indisputably fall outside of this Court's habeas jurisdiction.  8 U.S.C. §§ 1201(i), 1252(a)(2)(A), 1252(a)(5), 1252(b)(9), 1252(e)(4)-(5); *see, e.g.*, *Ibragimov*, 476 F.3d at 131-38.  Thus, because Ms. Petrova is not entitled to bail in the absence of a strong likelihood of success on the underlying habeas petition, this Court should deny bail without proceeding further.  *Mapp*, 241 F.3d at 226.

---

constitutionally valid purpose, even after identifying a legal error requiring remand for additional immigration proceedings. *See, e.g.*, *G.P. v. Garland*, 103 F.4th 898, 898-900, 905 (1st Cir. 2024) (rejecting prolonged detention habeas petition, where G.P. had been detained for over three years, and the First Circuit previously remanded his withholding-only proceedings to an immigration judge after identifying errors and those proceedings were still pending); *Castaneda v. Perry*, 95 F.4th 750, 761 (4th Cir. 2024) (rejecting similar challenge to ongoing withholding-only proceedings).  After all, contrary to Ms. Petrova's implicit assertion, "[t]he Due Process Clause simply does not mandate that all governmental decisionmaking comply with standards that assure perfect, error-free determinations." *Mackey v. Montrym*, 443 U.S. 1, 13 (1979).  Ms. Petrova also asserts that her criminal prosecution is "appalling" and "violates [her] right to . . . due process," Proposed Amend. Pet. at ¶ 118, but the Second Circuit has held that there is "no statutory conflict between the detention-and-release provisions of the BRA and the INA" and "the BRA does not preclude the government from exercising its independent detention authority under the INA." *Litt*, 944 F.3d at 470.  Finally, Ms. Petrova generally asserts that she is entitled to due process, Proposed Amend. Pet. at ¶ 118, but that assertion just begs the question:  What process is due to an arriving alien?  The Supreme Court has supplied the answer: only the process that Congress provided. *Thuraissigiam*, 591 U.S. at 138; *Mezei*, 345 U.S. at 212-16.

C.    MS.   PETROVA'S   CASE   DOES   NOT   INVOLVE   EXTRAORDINARY
       CIRCUMSTANCES THAT MAKE A GRANT OF BAIL NECESSARY TO MAKE
       THE HABEAS REMEDY EFFECTIVE

If the Court reaches the issue, it should also deny Ms. Petrova's bail request because she

has not demonstrated that "extraordinary circumstances exist" that make bail necessary to make

the habeas remedy effective.  *See Mapp*, 241 F.3d at 230.  Although Ms. Petrova understandably

prefers to be at liberty while her removal proceedings continue (ECF No. 61 at 11-12), Congress

made a different judgment, 8 U.S.C. § 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A), exercising

its "plenary power over immigration matters" to limit the authority of courts (and the Executive)

to release noncitizens on bail.  *Mapp*, 241 F.3d at 231; *see Jennings*, 583 U.S. at 297.  And the

Second Circuit has held that mere "convenience" is insufficient to secure bail under *Mapp*,

particularly in the absence of evidence that detention would affect the "ultimate consideration of

the legal issues presented in [a] petition for review."  *Elkimya*, 484 F.3d at 154.

Against that backdrop, Ms. Petrova cannot satisfy the extraordinary circumstances

requirement, *Mapp*, 241 F.3d at 230, because the extraordinary circumstances she identifies (ECF

No. 61 at 11-12) merely relate to her employment as a researcher, and she fails to establish that

her detention will affect the outcome of her removal proceedings, particularly where she is

represented by counsel in those proceedings, and the challenges she raises to the revocation to her

J-1 visa and removability can be addressed through a motion to terminate filed with an immigration

judge. *Elkimya*, 484 F.3d at 154; *see, e.g.*, *Medley v. Garland*, 71 F.4th 35, 39-50 (2d Cir. 2023)

(reviewing the denial of a motion to terminate); *Ibragimov*, 476 F.3d at 131-38 (same).

Ms. Petrova's attempt to analogize her case to *Avendano Hernandez v. Decker*, 450 F. Supp. 3d

443, 447 (S.D.N.Y. 2020), is misplaced because that habeas petition was predicated on "a claim

of deliberate indifference to Petitioner's medical needs while in detention[,]" despite his placement

"in a high-risk category for experiencing serious injury or death from COVID-19."[7]   In contrast, Ms. Petrova has not raised a deliberate indifference claim nor has she identified any serious medical conditions.  *See* ECF No. 61 at 1-16.  Finally, Ms. Petrova appears to assert (ECF No. 61 at 15-16) that her case is extraordinary because of the possibility that she could be detained while seeking to vindicate her statutory rights, but the Supreme Court has already rejected that claim in the mandatory immigration detention context, explaining that "the legal system . . . is replete with situations requiring the making of difficult judgments as to which course to follow, and, even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices."  *Demore*, 538 U.S. at 530 n.14 (cleaned up); *see, e.g.*, *G.P.*, 103 F.4th at 898-900, 905 (rejecting prolonged detention habeas petition).

Accordingly, Ms. Petrova has not met her burden to establish extraordinary circumstances, and the Court should deny her request for bail on that basis as well. *Elkimya*, 484 F.3d at 154 (holding that mere convenience cannot justify release on bail); *Mapp*, 241 F.3d at 230.

## D.    THIS COURT LACKS JURISDICTION OVER WHERE MS. PETROVA IS DETAINED DURING REMOVAL PROCEEDINGS

For all of the reasons articulated above, there is no basis to order Ms. Petrova released on bail and this Court should not proceed further.  To the extent that Ms. Petrova requests that, in the event she met her burden under *Mapp*, she be detained in specific states, her claim is unavailing because Congress provided that:

---

[7] In the other cases Ms. Petrova cites, district courts identified extraordinary circumstances not present here.  *See S.N.C. v. Sessions*, No. 18-cv-7680 (LGS), 2018 WL 6175902, at *1 (S.D.N.Y. Nov. 16, 2018) (18 year-old victim of human trafficking and sexual abuse); *Kiadii v. Decker*, 423 F. Supp. 3d 18, 20-21 (S.D.N.Y. 2018) (strong claim to United States citizenship and recurring medical issues that required a breast lump to be removed twice); *D'Allessandro v. Mukasey*, No. 08-cv-914(RJA) (VEB), 2009 WL 799957, at *3-4 (W.D.N.Y. Mar. 25, 2009) (serious medical conditions).

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (making discretionary determinations unreviewable).  In addition to barring challenges to *whether* and *when* to commence proceedings, § 1252(g) bars district courts from hearing challenges to the *method* by which the Secretary of Homeland Security chooses to commence removal proceedings.  *See Alvarez v. ICE*, 818 F.3d 1194, 1203 (11th Cir. 2016).  Under the same reasoning, § 1252(g) bars review of *where* to commence proceedings.  *Tercero v. Holder*, 510 F. App'x 761, 766 (10th Cir. 2013) ("Accordingly, the Attorney General's discretionary decision to detain Mr. Tercero and others in New Mexico is not reviewable by way of a habeas petition."); *Adejola v. Barr*, 408 F. Supp. 3d 284, 288 (W.D.N.Y. 2019) (compiling cases and holding that a district court lacked jurisdiction to prevent the transfer of an immigration detainee); *but see Ozturk v. Hyde*, — F.4th —, 2025 WL 1318154, at *8-9 (2d Cir. May 7, 2025) (motions panel order concluding that the government failed to establish a likelihood of success on the merits of its claims that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(g) bar review of where to detain a noncitizen).  Accordingly, this Court lacks jurisdiction to order DHS to detain Ms. Petrova at a particular facility.  *See Tercero*, 510 F. App'x at 766; *but see Ozturk*, 2025 WL 1318154 at *8-9 (holding the opposite; government appeal pending).

Moreover, although this district has previously ordered the government to transfer a noncitizen to Vermont to facilitate their participation in a bail hearing, *see Oztruk v. Trump*, — F. Supp. 3d —, 2025 WL 1145250, *23 (D. Vt. Apr. 18, 2025), Ms. Petrova opposed the government's motion to postpone (ECF No. 50) her May 28 bail hearing, even after being informed that she would still be in U.S. Marshals custody on that date.  To the extent that Ms. Petrova alleges

that possible future immigration detention may affect her criminal proceedings (ECF No. 61 at 12), her claim is unripe and must be directed to the District of Massachusetts. *Cf. Litt*, 944 F.3d at 470. Finally, Ms. Petrova (ECF No. 61 at 12) has not established any prejudice from her detention in Louisiana, where removal proceedings can be conducted by video-teleconference, 8 U.S.C. § 1229a(b)(2)(A)(iii); *see Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) (rejecting due process challenge), pleadings are electronically filed, 8 C.F.R. § 1003.31(a), and she seeks to raise the same arguments raised before this Court in written pleadings. Thus, even if the Court had jurisdiction to order Ms. Petrova's transfer—a supposition that Federal Respondents are contesting in the Second Circuit—there is no basis to do so here. *Cf. Elkimya*, 484 F.3d at 154 (holding that mere convenience cannot justify release on bail).

//

//

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should reject Ms. Petrova's request for bail under

*Mapp*. If the Court rules that Ms. Petrova met her burden under *Mapp* and that bail is warranted,

Federal Respondents respectfully request leave to file a brief identifying the conditions of release

necessary to address Ms. Petrova's risk of non-appearance in her ongoing removal proceedings.

Dated: May 25, 2025

Respectfully submitted,
YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

LINDSAY M. VICK
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

MICHAEL P. DRESCHER
Acting United States Attorney

MATTHEW J. GREER
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Matthew.Greer@usdoj.gov

*Attorneys for Federal Respondents*