UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **KSENIIA PETROVA,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF HOMELAND**<br>**SECURITY**, *et al.*, )<br>)<br>Respondents. )<br>) | Case No. 2:25-cv-00240-CR |

**PETITIONER'S OPPOSITION TO**
**RESPONDENTS' REQUEST FOR CONDITIONS OF RELEASE**

Petitioner Kseniia Petrova respectfully opposes the government's proposed conditions of release. Dkt. 73.

At the May 28, 2025 bail hearing, this Court found "by clear and convincing evidence that Ms. Petrova is neither a danger to the safety of the community or a risk of nonappearance that cannot be addressed through appropriate conditions of release," and granted her release from ICE custody under *Mapp v. Reno,* 241 F.3d 221 (2d Cir. 2001). Dkt. 68 at 64:21-25. Because the government has provided no justification for any of the conditions it proposes, the Court should reject all of the proposed conditions, including the government's attempt to enforce these conditions through threats of criminal prosecution and re-detention. *See* Dkt. No. 73-2 at 3.

Petitioner's responses to each proposed condition follow:

1. ***Petitioner must report to Boston Enforcement and Removal Operations (ERO) within twenty-four hours of release.***

This condition should be rejected. There is no general requirement that noncitizens in removal proceedings report to ICE, and there is no reason to impose it here. Ms. Petrova

was already in ICE ERO custody for three months. This Court has found that Petitioner has "raised a substantial question regarding whether her… detention is the product of a process that has nothing to do with the merits of her case." Dkt. 68 at 63:24-64:1. There is no need to require reporting to ICE to ensure Ms. Petrova's appearance at future immigration court hearings. Should the Court nevertheless impose this condition, Petitioner respectfully requests that the Court take into account that ICE ERO does not scheduled appointments on Saturdays, Sundays, and holidays, and extend the reporting window to forty-eight business hours.

2. ***Petitioner must comply with ATD-ISAP, including GPS monitoring.***

This condition is unnecessary and unduly burdensome. Ms. Petrova presented extensive documentation and testimonial evidence of strong community ties and her reliability in appearing for hearings. *See, e.g.,* Dkt. 68 at 19-28. The government has presented no evidence of flight risk. After unlawfully detaining her for three months, the government should not be allowed to subject her to GPS surveillance—particularly given the uncertain duration of her removal proceedings. Moreover, if and when Ms. Petrova is released from criminal custody, her release will be governed by whatever conditions the U.S. District Court for the District of Massachusetts imposes to ensure her appearance at future hearings.

3. ***Petitioner must report for any hearing or interview as directed by U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR).***

Ms. Petrova will attend any scheduled immigration court hearings. However, the government's vague request for ICE interviews serves no clear purpose and appears aimed at enabling future re-detention. This condition is unwarranted.

4. *Petitioner must surrender for removal if so ordered under a final removal order.*

This condition is both unnecessary and vague. It is unnecessary because the record contains no evidence suggesting that Ms. Petrova would fail to comply with a final order of removal. The condition is vague because it could be read to preclude the pursuit of legal remedies, such as appeals.

5. *Petitioner must not change her place of residence without first securing written permission from her assigned ERO officer.*

This condition is arbitrary. ICE lacks statutory basis to grant or deny permission for Ms. Petrova to change her place of residence. *See* 8 U.S.C. § 1305(a) (regarding notice of—not permission for—address changes). This proposed condition should be rejected.

6. *Petitioner must advise her assigned ERO officer in advance of any overnight travel outside Massachusetts.*

This condition is overly broad and would unreasonably interfere with Ms. Petrova's professional obligations, including travel to scientific conferences. If any notification requirement is imposed, Petitioner respectfully requests that it be limited to travel outside of New England, rather than outside of Massachusetts.

7. *Petitioner must not violate any local, State or Federal laws or ordinances, including, but not limited to:*
   - *18 U.S.C. § 922(g)(5) (relating to possession of firearms by aliens);*
   - *8 U.S.C. § 1302 (relating to registration as an alien);*
   - *8 U.S.C. § 1304(e) (relating to the need to carry proof of registration); and*
   - *8 U.S.C. § 1305(a) (relating to timely updating address changes).*

Because the government has advanced no justification for this provision or any specific concern about Ms. Petrova compliance with laws, this condition should be rejected. Aside from the pending criminal charge—filed as a tactical move to gain advantage in the immigration case—there is no indication that Court intervention is needed to enforce statutory obligations. The government is aware that Ms. Petrova has already

3

complied with the registration requirements under 8 U.S.C. § 1302, and that ICE is in possession of her passport with a J-1 nonimmigrant visa stamp, which satisfies 8 U.S.C. § 1304(e) (relating to proof of registration). If ICE wishes to enforce Ms. Petrova's compliance with 8 U.S.C. § 1304(e), it should return her passport to her.

8. ***Petitioner must assist ICE in obtaining any necessary travel documents.***

This condition is vague and unnecessary. The government has not explained what documents are "necessary" or how Ms. Petrova's assistance is required. ICE is already in possession of her valid passport. Instead of seeking a court order requiring Ms. Petrova to provide unspecified assistance with "any necessary travel documents," ICE should return Ms. Petrova's passport to her so that she can use it for identification and domestic travel purposes.

9. ***Petitioner must not associate with known gang members, criminal associates, or be associated with any such activity.***

This condition is unfounded. As this Court found at the May 28, 2025 bail hearing:

> Ms. Petrova is a researcher at Harvard University with no prior criminal history who has ample ties to the District of Massachusetts, where she has been living and working for several years prior to these proceedings. Her activities in the United States did nothing to threaten public safety. To the contrary, she has furthered this country's interest in finding a cure and treatment for cancer in the area of biological and regenerative research. Her work is described as excellent, exceptional, and of national importance by people qualified to render those opinions.

Dkt. 68 at 57:11-20.

The Court also observed that "the government has made a representation to the Western District of Louisiana court that 'Considering the lack of criminal history, Ms. Petrova does not pose a danger to the community.'" *Id*. at 37:8-11. Therefore, the proposed condition serves no purpose.

10. *Petitioner must report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.*

This condition is unduly vague, though it appears to be an attempt to follow any release on bail from custody imposed in Ms. Petrova's pending criminal case. This condition is also improper. ICE has no role in monitoring compliance with the terms of release imposed in a separate criminal proceeding.

11. *Petitioner must continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.*

This condition is unnecessary. Having unlawfully detained Ms. Petrova for three months, ICE is well aware that she does not take any prescribed medication. The condition serves no purpose.

12. *Petitioner must provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.*

This condition is unnecessary. As explained above, ICE is in possession of Ms. Petrova's valid passport. If Ms. Petrova is ordered removed, the government will have the travel document it needs to effectuate Ms. Petrova's removal.

13. *Petitioner must provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.*

See response to Condition #12.

## CONCLUSION

For the reasons stated, Petitioner respectfully requests that the Court decline to impose any additional conditions of release beyond those set by the U.S. District Court for the District of Massachusetts in her criminal case.

| | |
|---|---|
| Dated: June 3, 2025 | Respectfully submitted, |
| /s/ *Brian Scott Green* <br> Brian Scott Green <br> Law Office of Brian Green <br> 9609 S University Boulevard #630084 <br> Highlands Ranch, CO 80130 <br> (443) 799-4225 <br> briangreen@greenusimmigration.com | /s/ *Gregory Romanovsky (pro hac vice)* <br> Gregory Romanovsky <br> Romanovsky Law Offices <br> 12 Marshall Street <br> Boston, MA 02108 <br> (617) 787-0000 <br> gr@romanovskylaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Request for Conditions of Release filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  June 3, 2025                    By:            / s /  Gregory Romanovsky
                                                                    Gregory Romanovsky