UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| KSENIIA PETROVA,<br><br>    Petitioner-Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; THERESA MESSIER, Superintendent, Chittenden Regional Correctional Facility, in her official capacity; PETE R. FLORES, Acting Commissioner, U.S. Customs and Border Protection; JULIO CARAVIA, Director, U.S. Customs and Border Protection; PAMELA J. BONDI, U.S. Attorney General; PAUL CAMBELL, Warden, Ouachita Correctional Center; KEITH DEVILLE, Warden, Richwood Correctional Center,<br><br>    Respondents-Defendants. | Case No. 2:25-cv-00240-CR |

**FEDERAL RESPONDENTS' REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT,
AND MEMORANDUM OF LAW IN SUPPORT**

Federal Defendants, through undersigned counsel, answered and moved (ECF No. 91) the Court to dismiss Plaintiff Jane Doe's ("Petrova") amended habeas petition and complaint, (ECF No. 72) which raises Administrative Procedure Act ("APA") and Freedom of Information Act ("FOIA") challenges. Petrova filed a response on July 11, 2025. ECF No. 92. Federal Defendants respectfully file this reply in support of dismissal.

1

**ARGUMENT**

I.    **PETROVA'S AMENDED HABEAS PEITION SHOULD BE DENIED.**

Petrova's response (ECF No. 92 at 3-4) confirms that she cannot meet her burden to establish that her detention is unlawful, and this Court should deny her habeas petition and rescind its bail order. ECF No. 70; *see Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); 28 U.S.C. § 2241(c)(3); *cf. Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001) (bail is only warranted where a habeas petition raises "substantial claims"). Petrova's argument is straightforward: because she was initially processed for expedited removal under 8 U.S.C. § 1225(b)(1) at Boston Logal Airport, that is the only possible basis of her detention. ECF No. 92 at 4-5. But her assertion is legally irrelevant: noncitizens under either 8 U.S.C. § 1225(b)(1) or 1225(b)(2) are subject to mandatory detention until the completion of proceedings before an immigration judge. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018); 8 U.S.C. § 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A). As, the Supreme Court held, "[w]hether an applicant who raises an asylum claim receives full or only expedited review, the applicant is not entitled to immediate release." *DHS v. Thuraissigiam*, 591 U.S. 103, 111 (2020). Petrova's concession that she is subject to a mandatory detention statute provides no basis to grant her habeas petition. *Skaftouros*, 667 F.3d at 158; 28 U.S.C. § 2241(c)(3).

Petrova's assertion is also factually incorrect: once the Department of Homeland Security issued a Notice to Appear commencing full removal proceedings under 8 U.S.C. § 1229a, the basis of Petrova's detention shifted to 8 U.S.C. § 1225(b)(2)(A), because she was an arriving alien who had not establish her admissibility to the United States and never actually established a credible fear of persecution.[1] *See Jennings*, 583 U.S. at 287 (explaining that § 1225(b)(2) "serves as a

---

[1] Petrova's reliance (ECF No. 92 at 4) on the government's expedited response (ECF No. 24) to the Court's order to show cause misconstrues the government's representation that "DHS is statutorily authorized to detain noncitizens seeking admission to the United States, such as

catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"). Relatedly, Petrova fails to dispute the factual predicate for detention under 8 U.S.C. § 1225(b)(1) or (b)(2): that she is an arriving alien who was detained at a port of entry who was not admitted into the United States by an immigration officer. ECF No. 92 at 3-5.

Petrova additionally asserts (ECF No. 92 at 5) that CBP's inadmissibility determination under 8 U.S.C. § 1182(a)(7) was arbitrary and capricious, precluding her detention under 8 U.S.C. § 1225(b)(1). But her argument runs headlong into (unacknowledged) jurisdictional bars established by Congress that bar any review of whether an arriving alien in expedited removal proceedings under 8 U.S.C. § 1225 is "actually inadmissible," 8 U.S.C. § 1252(e)(5), and preclude this Court from exercising jurisdiction over a determination made pursuant to the procedures in 8 U.S.C. § 1225 under "any other provision of law (statutory or nonstatutory), including 2241 of title 28" "except as provided in subsection (e)[.]" 8 U.S.C. § 1252(a)(2)(A), (a)(2)(A)(iii); *see Singh v. USCIS*, 878 F.3d 441, 445-46 (2d Cir. 2017). Given that clear jurisdiction stripping language, it is unsurprising that Petrova cites no authority to support her contention that this Court can review CBP's inadmissibility determination under the APA. ECF No. 92 at 5. Moreover, the resolution of Petrova's removability rests squarely with the immigration judge conducting her removal proceedings, who "shall decide whether an alien is removable from the United States." 8 U.S.C. § 1229a(c)(1)(A), (e)(2).

Petrova's due process argument (ECF No. 92 at 6) also fails. As an arriving alien, Petrova is only entitled to the process afforded by Congress. *Thuraissigiam*, 591 U.S. at 138-39. Here,

---

Ms. Doe, during the pendency of their removal proceedings." ECF No. 24 at 6 (citing, *inter alia*, 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)). In any event, Petrova cannot establish that her detention is unlawful by contending that she is subject to one mandatory detention statute rather than another.

Petrova is receiving the maximum level of process that Congress provided for arriving aliens seeking to demonstrate that they are "clearly and beyond a doubt entitled to be admitted" to the United States, 8 U.S.C. §§ 1225(b)(2)(A), 1229a(c)(2)(A): removal proceedings before an immigration judge under 8 U.S.C. § 1229a (where Petrova is represented by counsel) and, if necessary, a petition for review in the appropriate Court of Appeals. 8 U.S.C. § 1252(a)(1), (a)(5), (b)(9). Contrary to Petrova's implicit assertion, "[t]he Due Process Clause simply does not mandate that all governmental decisionmaking comply with standards that assure perfect, error-free determinations." *Mackey v. Montrym*, 443 U.S. 1, 13 (1979). Because the government's adherence to the procedures establish by Congress in Petrova's case is due process of law, *see Thuraissigiam*, 591 U.S. at 138; *Guzman v. Tippy*, 130 F.2d 64, 66 (2d Cir. 1997), this Court must reject any due process challenge to Petrova's detention and deny her habeas petition. 28 U.S.C. § 2241(c)(3); *see Skaftouros*, 667 F.3d at 158.

## II. PETROVA'S APA CHALLENGES MUST BE DISMISSED

### A. The Court lacks jurisdiction to review the revocation of a noncitizen's visa

Petrova contends (ECF No. 94 at 7-10) that this Court has jurisdiction to review the revocation of her J-1 visa, notwithstanding 8 U.S.C. § 1201(i), because CBP officers have authority to revoke visas in more limited circumstances than consular officers.[2] But Congress made *every* visa revocation unreviewable, regardless of which official made them, unequivocally providing that "[t]here shall be no means of judicial review (including review pursuant to section 2241 of title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title) of

---

[2] Confusingly, Petrova also contends (ECF No. 92 at 8) that 8 U.S.C. § 1201(i) does not extend to CBP officers because it only covers consular officers and the Secretary of State. But the Secretary of State expressly delegated his authority over visa revocations as explicitly authorized by Congress. 8 U.S.C. § 1104(a); 22 C.F.R. § 41.122(e).

4

a revocation under this subsection, *except in the context of a removal proceeding* if such revocation provides the sole ground for removal under section 1227(a)(1)(B)[.]" 8 U.S.C. § 1201(i) (emphasis added). Critically, Congress channeled all judicial review of removal proceedings—again, the only forum where a noncitizen can challenge their visa revocation, 8 U.S.C. § 1201(i)—to the "appropriate court of appeals" and specified that "a petition for review . . . shall be the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5), (b)(9); *see Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that 8 U.S.C. § 1252(a)(5)'s jurisdictional bar precludes direct and indirect challenges to a request for permission to reenter the United States). Those statutes eliminate this Court's jurisdiction and require dismissal.

Tellingly, Petrova's response fails to identify any jurisdictional hook to enable this Court to review the revocation of her J-1 visa. ECF No. 92 at 7-10. Relegating *Delgado* to a footnote, Petrova contends that 8 U.S.C. § 1252(a)(5) and (b)(9) are inapplicable because her removal order is not yet final. ECF No. 92 at 12-13. But the Second Circuit held that the INA forces an "alien in removal proceedings to save all of his or her challenges to an unlawful decision or action until *after* a final removal order is issued." *Calcano-Martinez v. INS*, 232 F.3d 328, 340 (2d Cir. 2000) (emphasis added); *see, e.g.*, *Taal v. Trump*, No. 3:25-cv-335, 2025 WL 926207, *2 (N.D.N.Y. Mar. 27, 2025) ("The law in the Second Circuit is clear that all such questions should be channeled into a single petition after the review of a final order of removal; until such an order is issued, the federal courts have no jurisdiction over the claims.") (cleaned up). Petrova's attempt to distinguish *Delgado* is particularly unpersuasive because this Court must "look to the substance of the relief that a plaintiff is seeking in order to determine whether a claim seeks review of a removal order." *Singh*, 878 F.3d at 445 (citing *Delgado*, 643 F.3d at 55); *see Oztruk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (concluding that § 1252(b)(9) did not bar an unlawful detention challenge, where it

5

did not challenge "the process by which removability will be determined.") (cleaned up). Because Petrova expressly challenges the revocation of her visa, which directly affects her removability in ongoing proceedings, this Court cannot reach her claim. *See Delgado*, 643 F.3d at 55.

Petrova's continued reliance on *Atanacovkic v. Duke*, 399 F. Supp. 3d 79, 92 (W.D.N.Y. 2019), and *Gill v. Mayorkas*, 20-cv-939-MJP, 2021 WL 3367246 (W.D. Wash. Aug. 3, 2021), is misplaced because neither addressed 8 U.S.C. § 1252(a)(5) and (b)(9) or the Second Circuit's holding in *Delgado*, 643 F.3d at 55, that this Court lacks jurisdiction to review direct or indirect challenges to removal proceedings through an APA action. ECF No. 92 at 8-9; *see Antanacovkic*, 399 F. Supp. 3d at 84-94; *Gill*, 2021 WL 3367246 at *7-8. Petrova also relies on *Gill*'s conclusion that the doctrine of consular nonreviewability does not extend to immigration officers, but *Gill* failed to recognize that 8 U.S.C. § 1201(i)'s judicial review bar operates independently from the judicially created doctrine of consular nonreviewability, which concerns the *issuance* of visas by consular officers overseas, *see Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978). *Gill*, 2021 WL 3367246 at *8. To the extent that Petrova contends (ECF No. 92 at 8) that she is merely asking the Court to confirm that CBP was "acting within the scope" of its delegated authority, her claim is a transparent attempt to review the legal or factual correctness of that determination and one that § 1201(i) forbids.

Moreover, this Court cannot reach Petrova's challenge because she has not exhausted it before an immigration judge and the Board of Immigration Appeals as required by 8 U.S.C. § 1252(d)(1)'s mandatory claims-processing rule. *See* 5 U.S.C. § 704; *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding that 8 U.S.C. § 1252(d)(1) is a mandatory claims processing rule); *Howell v. INS*, 72 F.3d 288, 293 (2d Cir. 1995). Petrova feigns that the INA does not contain

an exhaustion requirement. ECF No. 92 at 12. But she is plainly wrong.[3] 8 U.S.C. § 1252(d)(1); *see Santos-Zacaria*, 598 U.S. at 419; *see, e.g.*, *Silva v. Mukasey*, 303 F. App'x 22, 24-25 (2d Cir. 2008) (same). Petrova also attempts (ECF No. 92 at 11-12) to evade § 1252(d)(1)'s exhaustion requirement by asserting that she cannot do so because she was not charged with removability under 8 U.S.C. § 1227(a)(1)(B). But her assertion suggests that her claim is unripe, as her visa may be revoked if she becomes subject to "[a] final order of deportation or removal" for any reason. 22 C.F.R § 41.122(e)(4); *see Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may never occur as anticipated, or indeed may not occur at all.").

Moreover, Petrova's argument does not restore this Court's jurisdiction. In removal proceedings, Petrova bears the burden of demonstrating that she is clearly and beyond a doubt entitled to admission to the United States. 8 U.S.C. §§ 1225(b)(2)(A), 1229a(c)(2)(A). If she does so (say by persuading an immigration judge that she is not actually inadmissible under 8 U.S.C. § 1182(a)(7) in a motion to terminate removal proceedings) then the burden shifts to DHS to establish by clear and convincing evidence that she is removable under a ground in 8 U.S.C. § 1227. *See* 8 U.S.C. § 1229a(c)(3)(A). If DHS then charges Petrova with removability under 8 U.S.C. § 1227(a)(1)(B), she could then petition for review in the appropriate Court of Appeals. Although that is not the process Petrova prefers, it is the one that Congress mandated. Petrova cannot challenge the revocation of her J-1 visa without exhausting her claim in removal proceedings and this Court cannot reach her unexhausted challenge under the APA. 5 U.S.C. § 704; 8 U.S.C. § 1201(i); *see Howell*, 72 F.2d at 293.

---

[3] Petrova's reliance (ECF No. 92 at 11) on the *concurring* opinion in *Matter of Leon-Ruiz*, 21 I. & N. Dec. 154, 165 (BIA 1996), which agreed that the Board could not review the adequacy of rulemaking, is completely irrelevant to this case.

**B.     This Court lacks jurisdiction to determine whether Petrova is inadmissible.**

Petrova's challenge to CBP's inadmissibility determination is moot because she is in ongoing removal proceedings. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (cleaned up); *Castillo Lachapel v. Joyce*, — F. Supp. 3d —, 2025 WL 1685576 (S.D.N.Y. June 16, 2025) (concluding that where the government cancelled an expedited removal order, claims regarding expedited removal proceedings are moot). Petrova's assertion (ECF No. 92 at 14) that she is not seeking an advisory opinion—because a ruling from this Court "will have a concrete legal effect on . . . her removability"—is unavailing because it concedes that her challenge is independently barred by 8 U.S.C. § 1252(a)(5), (b)(9). *See Delgado*, 643 F.3d at 55 (direct and indirect challenges on removal proceedings are barred). Petrova also attempts to evade 8 U.S.C. § 1252(e)'s jurisdictional bar by asserting that she is not yet subject to a final expedited removal order. ECF No. 92 at 14-15. But that just confirms that Petrova's challenge to her prior expedited removal proceedings *is* moot. *See Church of Scientology of Cal.*, 506 U.S. at 12. And, in all events, she cannot have it both ways: if Petrova wants to challenge CBP's moot inadmissibility determination under 8 U.S.C. § 1225, she must do within the jurisdictional framework established by Congress, which bars review of whether an alien is "actually inadmissible," 8 U.S.C. § 1252(e)(5), and precludes causes of action under "any other provision of law (statutory or nonstatutory)[.]" 8 U.S.C. § 1252(a)(2)(A). Finally, Petrova identifies no authority that enables her to circumvent 8 U.S.C. § 1252(d)(1)'s mandatory exhaustion requirement. *See* 5 U.S.C. § 704; *Howell*, 72 F.2d at 293. Thus, Petrova's challenge to CBP's moot inadmissibility determination must be dismissed.

### C. Petrova's challenge to the cancellation of her admission records fails to state a claim and falls outside the Court's jurisdiction.

Petrova's response concedes that the same jurisdictional bars discussed above apply to her challenge to the cancellation of her admission stamp and Form I-94 and waives any challenge to Federal Respondent's argument that she fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); ECF No. 92 at 17. Accordingly, her claim should be dismissed for the reasons Federal Respondents previously articulated. ECF No. 91 at 16-18.

### D. Petrova's customs claim should be dismissed for failure to state a claim and want of jurisdiction.

Petrova maintains that CBP officers have absolutely no discretion to enforce the customs laws and appears to ask this Court to order CBP to fine her. ECF No. 92 at 18-19. But Petrova still fails to state a claim and, in all events, CBP's prosecutorial discretion decisions fall outside of this Court's jurisdiction. ECF No. 91 at 19-20. Petrova's attempt to distinguish *United States v. Von Neumann*, 47 U.S. 242, 244 (1986), is unavailing because in that case the customs officer seized an undeclared vehicle and Von Nuemann sought the return of that seized property under 19 U.S.C. § 1618 by claiming that he did not intend to violate the law. Petrova has not presented evidence that she followed that remission process here. And this Court cannot force CBP to fine Petrova where she has not pursued that remission process on her own.

### III. THIS COURT SHOULD DISMISS PETROVA'S APA AND FOIA CLAIMS FOR IMPROPER VENUE.

Petrova's response confirms that her APA and FOIA claims are not proper in this venue. ECF No. 92 at 21-23. Petrova bears the burden of "showing that venue is proper in that forum[.]" *Country Home Products, Inc. v. Schiller-Pfeiffer, Inc.*, 350 F. Supp. 2d 561, 568 (D. Vt. 2002). But she does not dispute that *all* of the relevant APA venue factors, 28 U.S.C. §1391(e), weigh against venue in Vermont. Nor does she dispute that this district is an improper venue for her

FOIA claim under 5 U.S.C. § 552(a)(4)(B). Instead, Petrova contends that venue is proper because her APA and FOIA claims are related to the facts of her habeas petition. ECF No. 92 at 21-23. But Petrova amended her habeas petition and complaint *after* she knew that she was being returned to Massachusetts and *after* Federal Defendants moved (ECF No. 37 at 20-21) to dismiss her original complaint on venue grounds. Petrova's reliance on this Court's habeas jurisdiction is unavailing because *Ex Parte Endo*, 323 U.S. 283 (1944), is a habeas-specific doctrine that applies where a habeas petitioner is moved. In contrast, none of Petrova's FOIA or APA claims have ever been properly venued, a habeas petition cannot be used by an arriving alien to bootstrap claims unrelated to detention, *see Thuraissigiam*, 591 U.S. at 127, 139-40, and she offers no support for the notion that it will be more economical or efficient to litigate issues that occurred in Boston Logan International Airport (or about records stored elsewhere) in Vermont.

## CONCLUSION

The Court should dismiss Petrova's petition.

| | |
|---|---|
| Respectfully submitted, | Dated: July 23, 2025 |
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | MICHAEL P. DRESCHER<br>Acting United States Attorney |
| LINDSAY M. VICK<br>Senior Litigation Counsel<br>Office of Immigration Litigation | MATTHEW J. GREER<br>Assistant United States Attorney<br>P.O. Box 570<br>Burlington, VT 05402-0570 |
| /s/ *Jeffrey M. Hartman*<br>JEFFREY M. HARTMAN<br>Trial Attorney<br>Office of Immigration Litigation<br>U.S. Department of Justice<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 532-4404<br>Jeffrey.M.Hartman@usdoj.gov | (802) 951-6725<br>Matthew.Greer@usdoj.gov<br><br><br><br><br><br>*Attorneys for Federal Respondents* |