# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

|  |  |
|---|---|
| **KSENIIA PETROVA**, | ) |
|  | ) |
| Petitioner-Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 2:25-cv-00240-CR |
|  | ) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security, in her official capacity; **THERESA MESSIER**, Superintendent, Chittenden Regional Correctional Facility, in her official capacity; **PETE R. FLORES**, Acting Commissioner, U.S. Customs and Border Protection; **JULIO CARAVIA**, Director, U.S. Customs and Border Protection; **PAMELA J. BONDI**, U.S. Attorney General; **PAUL CAMBELL**, Warden, Ouachita Correctional Center; **KEITH DEVILLE**, Warden, Richwood Correctional Center, | ) ) ) ) ) ) ) ) ) ) ) ) **RULING REQUESTED BY FEBRUARY 10, 2026** |
|  | ) |
| Respondents-Defendants. | ) |
|  | ) |

**FEDERAL RESPONDENTS' MOTION TO RECONSIDER THE COURT'S DISCOVERY MINUTE ORDER (ECF No. 101), MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY AND QUASH DEPOSITION OF CBP OFFICER ANGULO, AND MOTION TO EXTEND DISCOVERY PERIOD**

*Background.* At the December 16, 2025 status conference, Kseniia Petrova ("Plaintiff") indicated that she would move to supplement the record with extra-record evidence. Plaintiff sought to include a video-recording of her February 16, 2025 sworn statement taken as part of her expedited removal proceedings under 8 U.S.C. § 1225 (apparently in her possession from her ongoing criminal case). The government opposed extra-record discovery here and noted that if the Court ordered discovery, the government could complete it within sixty days. This Court

subsequently ordered that any discovery in this matter be complete by February 17, 2026. ECF
No. 101 (minute order).

On January 9 and 12, 2026, Plaintiff served 10 interrogatories, 18 requests for production,
23 requests for admission, and a deposition notice for CBP Officer Angulo on Federal
Respondents. Federal Respondents are reviewing Plaintiff's discovery demands, for which
responses and objections are due on February 9 and February 12, 2026, respectively.

***Federal Respondents' Discovery Motion.***

1. Federal Respondents maintain their objection to extra-record discovery in this APA case
   and respectfully request that the Court reconsider its discovery order.

2. Pursuant to Federal Rule of Civil Procedure 26(b)-(c), Federal Respondents respectfully
   move to quash the deposition of CBP Officer Angulo or, at minimum, delay any deposition
   until after Plaintiff's criminal proceedings conclude.

3. Should the Court Order the parties to proceed with depositions, Federal Respondents
   respectfully request a sixty-day (60) extension of discovery, from February 16, 2026, until
   April 17, 2026, to depose the Plaintiff, serve written discovery requests based on her
   testimony, if applicable, and complete any other written discovery. This is Federal
   Respondents' first request to extend discovery.

In compliance with Local Rule 7(a)(7) and 26(b), the parties conferred over video-
teleconference on February 3, 2026, and Plaintiff opposes this motion. Plaintiff's counsel was
unable to provide a position sooner because of counsel's pre-planned leave. Counsel graciously
indicated that he would file a response in time for the Court to rule on this motion before the
scheduled deposition of Officer Angulo on February 12, 2026.

**ARGUMENT**

## I.   THIS COURT SHOULD RECONSIDER ITS DISCOVERY ORDER

As an initial matter, this Court should exercise its authority to reconsider its order providing extra-record discovery in this APA case.[1]  Local Rule 7.0(c); *see Richman v. W.L. Gore & Associates, Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997) ("The Court has authority under FED. R. CIV. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment.") (citing *Dictograph Products Co. v. Sonotone Corp.*, 230 F.2d 131, 134-35 (2d Cir. 1956)).  Critically, Plaintiff has not attempted to demonstrate, much less actually demonstrated, bad faith or improper behavior by the agency in compiling the administrative record.  *See Dep't of Comm. v. New York*, 588 U.S. 752, 780 (2019) (observing that extra-record discovery is premature where the propounding party failed to make a "strong showing of bad faith or improper behavior").  Consequently, Federal Respondent's maintain that Plaintiff is not entitled to any extra-record evidence at this juncture.  *See* 5 U.S.C. § 706; *Dep't of Comm.*, 588 U.S. at 780.

## II.   THIS COURT SHOULD QUASH OR LIMIT THE DEPOSITION OF CBP OFFICER ANGULO

This Court should quash the February 12, 2026, deposition of CBP Officer Angulo.  FED. R. CIV. P. 26(c)(1).  This Court has authority to issue a protective order to limit discovery upon a showing of good cause by the moving party.  FED. R. CIV. P. 26(c)(1)(D); *see EM Ltd. v. Republic*

---

[1] Local Rule 7(c) provides, "[a] motion to reconsider a court order, other than one governed by Fed. R. Civ. P. 59 or 60, must be filed within 14 days from the date of the order." That means that the deadline to move for reconsideration was on December 30, 2025. However, Federal Respondents were unable to move for reconsideration within the 14 days provided by Local Rule 7(c) because Plaintiff indicated that she would no longer file a motion for extra-record discovery on December 31, 2025, after the reconsideration deadline.  Plaintiff's discovery requests were served on January 9, 2026 and on January 12, 2026, respectively, also after the reconsideration deadline.

*of Argentia*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process."). For the reasons below, the Court should exercise its authority to limit discovery and issue an order either quashing or postponing the February 12, 2026 deposition of CBP Officer Angulo.

**A.      Plaintiff Is Not Entitled To Extra-Record Evidence.**

To begin, this Court should quash Plaintiff's deposition request because it improperly expands the scope of review that Congress authorized. The APA authorizes this Court to review whether a particular agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance of law." 5 U.S.C. § 706(2)(A). Congress limited that review to "the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Consequently, review of agency action under 5 U.S.C. § 706 is generally limited to the administrative record and "in such review, the standard tools of civil litigation—including depositions, interrogatories, and … wide-ranging production of materials that may potentially lead to admissible evidence—do not apply." *Comprehensive Comm. Dev. Corp. v. Sebelius*, 890 F. Supp.2d 305, 312 (S.D.N.Y. 2012) (citation omitted).

Here, the government produced two certified administrative records containing the materials considered by CBP on February 16, 2025 when they cancelled Plaintiff's visa in exchange for the opportunity to withdraw her application for admission to the United States under 8 U.S.C. §1225(a)(4). ECF No. 100 (administrative records). "Once an agency presents a certified copy of the complete administrative record to the court, the court presumes that the record is properly designated." *Almaklani v. Trump*, 444 F. Supp. 3d 425, 431 (E.D.N.Y. 2020) (quotation

and citations omitted). And, "absent clear evidence to the contrary, [the] agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id*. (citing, *inter alia*, *U.S.P.S. v. Gregory*, 534 U.S. 1, 10 (2001)). To overcome that presumption, Plaintiff must make "a strong preliminary showing of bad faith or improper behavior by the agency." *Id*. (cleaned up). That is a significant hurdle: "a party must make a significant showing—variously described as strong, substantial, or prima facie showing that it will find material in the agency's possession indicative of bad faith." *Id*. Because Plaintiff has not attempted (much less made) that showing at this juncture, this Court should quash the deposition of Officer Angulo for that reason alone. 5 U.S.C. § 706; FED. R. CIV. P. 26(b); *see Dep't of Comm.*, 588 U.S. at 780 (observing that extra-record discovery is premature where the propounding party failed to make a "strong showing of bad faith or improper behavior"); *Comprehensive Comm. Dev. Corp.*, 890 F. Supp.2d at 312; *see* Argument § I, *supra*.

**B.    Plaintiff's Deposition of CBP Officer Angulo Is Not Proportionate To The Needs Of This APA Case**

Moreover, even if Plaintiff could meet that burden, her request to depose CBP Officer Angulo on February 12, 2026—nearly a year after the challenged agency action to cancel Plaintiff's J-1 visa—is not proportionate or relevant to resolving this APA case. FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim"). To decide whether a discovery request is proportionate to any disputed issues, this Court must consider:

> the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Jenkins v. Miller*, 2:12-cv-184, 2019 WL 5558601, at \*1 (D. Vt. Oct. 29, 2019) (quoting FED. R. CIV. P. 26(b)(1)); *see Bertolini-Mier v. Upper Valley Neurology Neurosurgery, P.C.*, 5:16-cv-35, 2019 WL 5691884, at \*3 (D. Vt. Nov. 4, 2019) (similar).

Straightforward APA principles demonstrate that Plaintiff's deposition request cannot satisfy that standard.  It is axiomatic that in reviewing agency action, this Court "is ordinarily limited to evaluating the agency's *contemporaneous* explanation in light of the existing administrative record." *Dep't of Comm.*, 588 U.S. at 780 (emphasis added) (citing *Vermont Yankee Nuclear Power Corp. v. N.R.D.C.*, 435 U.S. 519, 549 (1978)); *see Think Food Group v. Jaddou*, 762 F. Supp. 3d 377, 391 (D. Vt. 2025) ("a court must rely on the reasoning of an agency proffered *at the time it made its decision*, not its backward looking explanations during litigation.") (emphasis added).  Plaintiff's proposed deposition will not reveal "contemporaneous" information. *Dep't of Comm.*, 588 U.S. at 780.  It is also unlikely to yield information "relevant to any party's claim or defense" and it is not proportional to the needs of this Administrative Procedure Act case. FED. R. CIV. P. 26(b)(1); *see Conservation Law Foundation, Inc.*, *v. All-Star Transp., LLC*, 2022 WL 16901999, at \*1 (D. Conn. Nov. 21, 2022) ("The proportionality analysis focuses on the marginal utility of the requested discovery.").  To the contrary, Plaintiff's proposed deposition of Officer Angulo will needlessly duplicate evidence already in the administrative record (and docket)—without the requisite showing of bad faith or improper behavior, *see Dep't of Comm.*, 588 U.S. at 780—and will require the government to expend significant resources to prepare for and appear at a deposition in Boston.  FED. R. CIV. P. 26(b)(1); *see Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990) ("The affidavit in this case added nothing— it either duplicated the record and was thus unnecessary or it added to the record and was thus

beyond the record and of no use to the Court's consideration of the APA claims, which must be based on the record, even in review of an informal proceeding such as this.").

The existing administrative record already reveals the undisputed basis of the revocation of Plaintiff's visa, which is plainly written on her visa: "22 CFR 41.122(e)(3)." ECF 100 at 23. Plaintiff has been in possession of that record since at least May 2025. ECF No. 61-4; *see* FED. R. CIV. P. 26(b) (requiring this Court to consider the "parties' relative access to relevant information."). And, critically, Plaintiff has not identified any disputed facts relevant to the cancellation of her J-1 visa that warrant a deposition. Officer Angulo's deposition is the epitome of trying to elicit evidence that is ultimately just "backward looking explanations during litigation." *Think Food Group*, 762 F. Supp. 3d at 391. Indeed, Plaintiff's counsel opposes Federal Respondent's taking of *Plaintiff's* deposition for, among other reasons, that APA cases are generally limited to the administrative record. But Plaintiff cannot use the record rule to shield herself from the very discovery that she opened the door to.

To the extent that Plaintiff may seek to develop a claim that her criminal proceedings are retaliatory or a violation of due process, ECF No. 72 at ¶ 118, the deposition of Officer Angulo would fall outside the scope of permissible discovery because this Court lacks subject matter jurisdiction to review that claim under the APA. Fed. R. Civ. P. 26(b)(1). This Court only has jurisdiction under the APA if "there is *no other adequate remedy in a court*[.]" 5 U.S.C. § 704 (emphasis added); *see N.R.D.C. v. Johnson*, 461 F.3d 164, 171-72 (2d Cir. 2006) (affirming the dismissal of challenge for lack of subject matter jurisdiction and explaining that the APA only provides jurisdiction if there is "no other adequate remedy in a court."). Plaintiff cannot clear that threshold jurisdictional hurdle because she is actively challenging her criminal prosecution for the same reasons raised in her amended civil complaint. ECF No. 47, Gov't Opp'n to Mot. to Compel

Discovery at 1 (Jan. 19, 2026), *United States v. Kseniia Petrova*, 1:25-cv-10272-LTS (D. Mass);

ECF No. 45, Pet'r Mot. to Compel Discovery (Dec. 19, 2025), *United States v. Kseniia Petrova*,

1:25-cv-10272-LTS (D. Mass.). Critically, the result of those criminal proceedings—including

Plaintiff's claim that her prosecution is improper—is subject to additional judicial review in the

U.S. Court of Appeals for the First Circuit. 28 U.S.C. § 1291. Because Plaintiff can (and actually

is, *see* ECF No. 45, Pet'r Mot. to Compel Discovery at 10-12) raising an improper prosecution

claim in the United States District Court for Massachusetts, this Court lacks jurisdiction to review

the same parallel claim under the APA, and it would be improper to depose Officer Angulo on that

basis. 5 U.S.C. §§ 703, 704; FED. R. CIV. P. 12(b)(1); *cf. Sharkey v. Quarantillo*, 541 F.3d 75, 93

(2d Cir. 2008) ("[B]ecause Sharkey's claims for mandamus duplicate her claims under the APA,

and because we hold that Sharkey's APA claims survive the Director's 12(b)(1) and 12(b)(6)

motions to dismiss, we affirm the district court's dismissal of the mandamus claims on the

alternative ground that there is another adequate remedy available."). In short, the Court should

quash the deposition of Officer Angulo because it would not yield information relevant or

proportional to the needs or claims raised in this APA case. FED. R. CIV. P. 26(b)(1); *see Think*

*Food Group*, 762 F. Supp. 3d at 391.

**C.**  **Plaintiff's Deposition Of Officer Angulo Appears Designed To Supplement Criminal Discovery in *United States v. Plaintiff***

Finally, at minimum, this Court should postpone any deposition of CBP Officer Angulo

until after Plaintiff's criminal proceedings conclude in *United States v. Kseniia Petrova*, 1:25-cv-

10272-LTS (D. Mass.).

There is good cause to delay the deposition of Officer Angulo. If Plaintiff intends to rely

on extra-record depositions, such as Officer Angulo's testimony the government is entitled to

reciprocal discovery from Plaintiff, including Plaintiff's deposition. *See Rodriguez v. Clark*, 3:16-

cv-390-CSH, 2017 WL 2369367, *5 (D. Conn. May 31, 2017) ("Regarding an opportunity to depose Plaintiff, the Defendants are entitled to discovery of all relevant evidence, Fed. R. Civ. P. 26(b)(1). In particular, discovery of the Plaintiff's version of the relevant events will be useful, if not crucial, in defending this action.").  But her counsel indicated that Plaintiff would move for a protective order against any such notice of deposition and/or that Plaintiff would invoke the Fifth Amendment in response to any questions regarding her interactions with CBP. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation.").

Extra-record discovery is a two-way street. If Plaintiff intends to go beyond the certified record and depose Officer Angulo about the circumstances surrounding the cancellation of her visa, then the government is also entitled to depose Plaintiff regarding the same events. *See* Fed. R. Civ. P. 26(b); *Gabriel v. Albany College Pharmacy and Health Services*, 2014 WL 3378629, *3 (D. Vt. July 10, 2014) ("As a general rule, especially where factual issues remain in dispute, the defendant is entitled to depose the plaintiff face-to-face in order to adequately prepare for trial.") (citation omitted). The parties agree they will move forward to summary judgment, which the Court can only grant if there is no material dispute of fact. FED. R. CIV. P. 56. Defendants are entitled to make their record to defend their case in preparation for summary judgment motion practice, including taking Plaintiff's deposition. Taking that opportunity away from Defendants would surely prejudice them. *Gabriel*, 2014 WL 3378629 at *3 ("As a general rule, especially where factual issues remain in dispute, the defendant is entitled to depose the plaintiff face-to-face in order to adequately prepare for trial.") (citation omitted).

Consequently, Federal Respondents would be prejudiced at this juncture if they were hamstrung from taking reciprocal discovery, and respectfully request that the Court grant Federal Respondents a protective order to either quash Officer Angulo's deposition, or to postpone the deposition until after Plaintiff's criminal proceedings conclude. *See Gabriel*, 2014 WL 3378629 at *3.

If the Court requires all parties to move forward with depositions, Federal Respondents respectfully request a sixty-day (60) extension of discovery, from February 16, 2026, until April 17, 2026, to depose the Plaintiff, serve written discovery requests based on her testimony, if applicable, and complete any other written discovery. Due to competing case obligations in multiple ongoing Ninth Circuit appeals primarily involving Temporary Protected Status litigation,[2] and pursuant to Federal Rule of Civil Procedure 33(b)(2), Federal Respondents are unable to take Plaintiff's deposition and relay written discovery to follow up on Plaintiff's responses (for which she has 30 days to respond) by the current discovery deadline.

---

[2] Among other litigation responsibilities, undersigned counsel is (or was) responsible for: an emergency motion and reply in support of a stay pending appeal in *National TPS Alliance v. Noem*, 26-199 (9th Cir), filed January 12 and 23, 2026; a petition for rehearing en banc in *National TPS Alliance v. Noem* (9th Cir. No. 25-5724), filed February 3, 2026; an answering brief in *Dominguez Parra v. Bondi* (9th Cir. 21-423), filed February 2, 2026; answering brief in *Davalos-Hurtado v. Bondi* (9th Cir. 24-6025), due February 20, 2026; opening brief in *National TPS Alliance v. Noem* (9th Cir. 26-187), due April 2, 2026; and, opening brief in *National TPS Alliance v. Noem* (9th Cir. 26-199), due April 2, 2026.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court reconsider its discovery order (ECF No. 101). In the alternative and/or additionally, Defendants respectfully request that the Court quash the deposition of CBP Officer Angulo until after Plaintiff's criminal proceedings conclude. Should the Court order the parties to proceed with depositions, Federal Respondents respectfully move for a sixty-day extension of discovery, from February 16, 2026, until April 17, 2026, to depose the Plaintiff, serve written discovery requests based on her testimony, if applicable, and complete any other written discovery.

Dated: February 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney (WSBA No. 49810)
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

MATTHEW J. GREER
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Matthew.Greer@usdoj.gov

*Attorneys for Federal Respondent*

**EXHIBIT A**

Deposition Notice for CBP Officer Sarah Angulo (Feb. 12, 2026)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **KSENIIA PETROVA**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:25-cv-00240-CR |
| | ) | |
| v. | ) | |
| | ) | |
| **U.S. DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY**, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### PETITIONER'S NOTICE OF DEPOSITION OF SARAH ANGULO

To:    Jeffrey M. Hartman, Esq.
       Office of Immigration Litigation
       U.S. Department of Justice
       P.O. Box 868, Ben Franklin Station
       Washington, D.C. 20044
       Jeffrey.M.Hartman@usdoj.gov

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30**,** Petitioner will take the deposition upon oral examination of **CBP Officer Sarah Angulo**.

|  |  |
|---|---|
| **Date:** | Thursday, February 12, 2026 |
| **Time:** | 10:00 a.m. |
| **Location:** | Romanovsky Law Offices |
| | 12 Marshall Street |
| | Boston, Massachusetts 02108 |

The deposition will be recorded stenographically and may also be recorded by audio and/or video means. The deposition is expected to be completed in one day.

Counsel for Respondent has confirmed that CBP Officer Sarah Angulo will appear voluntarily for deposition on the date and at the time and location set forth herein. Based on that representation, Petitioner will not issue a subpoena. Petitioner expressly reserves the right to issue a subpoena should Officer Angulo's appearance not be produced as agreed.

Dated: January 20, 2026

/s/ *Brian Scott Green*
Brian Scott Green
Law Office of Brian Green
9609 S University Boulevard #630084
Highlands Ranch, CO 80130
(443) 799-4225
briangreen@greenusimmigration.com

Respectfully submitted,

/s/ *Gregory Romanovsky\**
Gregory Romanovsky
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
(617) 787-0000
gr@romanovskylaw.com

*\*Admitted pro hac vice*

2