UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| KSENIIA PETROVA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 2:25-cv-00240-CR |

### STIPULATED CLAWBACK AGREEMENT

Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the procedures set forth herein for the clawback of privileged and/ or protected information and material. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d), Fed. R. Civ. P. 26(c), and any other applicable law.

This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, and any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed here is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

1

1. This Stipulation and Order shall apply to all documents and information, including electronically stored information, produced or disclosed by the parties in response to discovery requests and demands; affidavits and declarations; and all other information or material otherwise disclosed, produced, made available for inspection, or submitted by the parties in this litigation **(collectively, "Discovery Material")** from the date signed until the end of litigation.

2. Any party's production or disclosure in this proceeding of information or material that is protected by any privilege or protection recognized by law **(collectively, "Protected Material")**, whether inadvertent or otherwise, shall not waive any claim of privilege and/or protection applicable to that material or its subject matter in this Action or any other federal or state proceeding and shall be governed by the procedures set forth herein.

*Clawback Demand by Producing Party*

3. Any party that produces or discloses Protected Material **(the "Producing Party")**, may (i) notify in writing the party receiving Protected Material **(the "Receiving Party")** that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege, or protection; and (ii) demand that the Receiving Party return or destroy the Protected Material **(the "Clawback Demand")**. Such demand shall identify the Protected Material to be returned or destroyed (including by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document or information) and the basis for the claim of privilege and/or protection.

***Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use, and/or Disclosure of Protected Material***

4. If the Receiving Party identifies a document or information produced or disclosed by the Producing Party that appears to contain Protected Material, the Receiving Party shall immediately (i) notify the Producing Party in writing that it has received the potentially Protected Material and identify the Protected Material by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the Producing Party can make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

5. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege and/or protection, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

6. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced or disclosed by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party shall not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the Receiving Party notifies the Producing Party of the apparent Protected Material in accordance with paragraph 4 and the Producing Party confirms in writing that they will not claw back the document or information.

*Receiving Party to Destroy or Return Protected Material & Related Material*

7. Upon receiving the Clawback Demand, the Receiving Party must promptly return the Protected Material and any copies or destroy the Protected Material and copies and certify to the Producing Party that the Document(s) and copies have been destroyed. The Receiving Party must sequester and destroy any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

*Seeking An Order to Produce Protected Material*

8. Upon receiving the Clawback Demand, if a Receiving Party wishes to dispute a Producing Party's Clawback Demand, the Receiving Party shall promptly meet and confer with the Producing Party. If the Parties are unable to resolve informally any dispute about the privilege assertions made in the Privilege Notice, the Receiving Party may make a sealed motion to compel for a judicial determination of the privilege claim. However, nothing in this paragraph relieves the Receiving Party from the obligations imposed Paragraph 7 of this agreement.

9. Pending resolution of the judicial determination, the Producing Party shall preserve the challenged information and both Parties shall refrain from using the challenged information for any purpose not permitted by this Order, and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

10. The Court's decision resolving the Receiving Party's motion shall govern the treatment of the disputed documents and/or information. Until the Court enters such decision, (i) the directives set forth in paragraph 7 shall not apply; and (ii) except as this paragraph permits, the Receiving Party shall not use the disputed Protected Material or any work product, analysis, memoranda, or notes reflecting or based upon such Protected Material.

*Rights and Limitations Related to This Stipulated Order*

11. Nothing in this Stipulation and Order shall operate as an admission by the parties that any particular document or information is or is not responsive, privileged, reflective of personally identifiable information as previously defined in this agreement, subject to any other protection under applicable law, and/or admissible in this Action.

12. Nothing in this Stipulation and Order shall prevent, limit, or restrict the parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

13. This Stipulation and Order may be changed only by further agreement of the parties in writing or by Order of the Court and shall not prejudice the right of any party, in good faith, to seek modification of this Stipulation and Order by application to the Court on notice to all undersigned parties.

**[SIGNATURE BLOCK ON NEXT PAGE]**

**STIPULATED TO:**

s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Stat.
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorney for Federal Respondents*

/s/ Gregory Romanovsky
GREGORY ROMANOVSKY
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
(617) 787-0000
Gr@romanovskylaw.com

/s/ Brian S. Green
BRIAN S. GREEN
Law Office of Brian Green
9609 S. University Blvd., #630084
Littleton, CO 80130
(443) 779-4225
Briangreen@greenusimmigration.com

*Attorneys for Kseniia Petrova*


**SO ORDERED:**

_____
Chief District Judge Christina Reiss

Dated: 2/9/26

6