U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 FEB -9 A 11: 36

CLERK

BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

KSENIIA PETROVA,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

No. 2:25-cv-00240-CR

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, pursuant to Rules 26(c) and 34 of the Federal Rules of Civil Procedure, the parties may seek and disclose certain documents and information from and to each other;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS,** the parties deem this information and these documents confidential, private, not accessible to the public, when disclosed it is usually subject to a protective order, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant(s) that documents and information shall be produced in accordance with the terms set forth below:

***Defined Terms***

1. "Confidential Information" and/or "Confidential Material" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good-faith belief that the information:

   a. is not in the public domain, or if in the public domain, is improperly in the public domain; and

b. is a trade secret or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G);

c. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2;

d. is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

e. is information protected by 8 U.S.C. § 1202(f);

f. any information compiled for law enforcement purposes, including, but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security, and investigative referrals;

g. any sensitive, but unclassified, information to include limited-official-use or for official use only information;

h. names, email addresses, and phone numbers of federal employees;

i. is information that could, if disclosed, be used to interfere with the official duties of Government employees; or

j. is information that a party reasonably and in good faith believes should be protected from public disclosure, but is not otherwise provided for under this paragraph, for good cause shown. Any party who invokes clause (j) of this paragraph shall furnish the basis of their belief that the underlying document should be treated as confidential.

2. Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for

access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, so that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

3. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

4. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

5. "Producing Party" shall mean the person or party producing in discovery in the Action.

6. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

7. "Personally Identifiable Information" or "PII" includes, without limitation thereto, the information listed in Fed. R. Civ. P. 5.2(a).

***Purpose, Scope, and Limitations of Protective Order***

8. This Protective Order applies to the Plaintiff, Defendants, any third party plaintiffs or defendants, their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons, entities, or organizations over which they control. This Protective Order also applies to any parties and/or individuals who are added to the case after the issuance of this order. Anyone falling under this definition shall be referred to as "parties" in this Order.

9. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, maintained, or transmitted.

10. Nothing in this Protective Order supersedes or limits lawful exercise of authority granted by existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

11. Nothing in this Confidentiality Stipulation and Protective Order shall limit the parties' right to redact personal, confidential, or privileged information before producing any document.

12. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

13. The protections conferred by this Protective Order do not cover any information:

    a. properly in the public domain;

    b. becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record here through trial or otherwise; or

    c. known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

14. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order.

15. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorney(s).

***Method for Designating Confidential Information***

18. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

19. The Designation of Confidential Information should be limited only to those Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(2) of this Protective Order.

20. Documents produced in discovery shall be designated as containing "Confidential Information." For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of **"CONFIDENTIAL"** on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with

**"CONFIDENTIAL."**[1] The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with **"CONFIDENTIAL"** unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

**21.** For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: **"CONFIDENTIAL."**

22. For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as **Exhibit A**. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information:

[1] The original meta data of these files should be retained.

**"CONFIDENTIAL."** If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled **"CONFIDENTIAL."**

23. For any other Document or item produced in discovery not falling within paragraphs 20, 21, and 22 above, designation of Confidential Information shall be made by labeling the item or the item's container with **"CONFIDENTIAL."** If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

24. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

25. When it comes to Personally Identifiable Information (PII), the Parties agree that PII shall be assumed to be Designated as Confidential Information by default, without the need for specific **"CONFIDENTIAL"** markings or redactions on documents where PII may be found. The Parties may follow the procedures outlined in Section D of this Order to challenge an assumed assertion of Confidentiality over PII as any other Confidentiality Designation.

***Challenging Confidentiality Designations***

26. If the Challenging Party objects to the designation of any particular document or information as Confidential Material, they shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, plaintiff, within 30 days of the conclusion of the meet and confer, the Challenging Party may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court. Failure to comply with the

deadline in this paragraph shall constitute abandonment of the Challenging Party's right to object or move.

***Disclosure, Use, and Handling of Confidential Information***

27. A Receiving Party may use Confidential Information, in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

28. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

29. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    b. Current employees of the Parties who are assisting with respect to this Action;

    c. Any person with prior authorized access to the Confidential Information;

    d. Current employees of the Producing Party;

    e. Witnesses, potential witnesses, and deponents, including their counsel;

    f. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

    g. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

h. Retained expert witnesses and consultants;

i. Mediators or arbitrators; and

j. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

30. Disclosure to the persons referenced in paragraphs (29)(a)-(i) above may only occur after the may person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as **"Exhibit A."**

31. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformity with this Protective Order.

32. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be

    a. filed under seal or in camera in accordance with the Court's Local Rules and procedures, and/or

    b. redacted from any filing that is publicly available.

33. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven days' notice to the producing party who, after a good-faith effort to meet-and-confer, may seek additional relief from the Court.

***Inadvertent Production of Confidential Information***

34. Nothing here shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

35. The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

36. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

   a. promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

   b. promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

   c. within five calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the

circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

***Disposition of Confidential Materials***

37. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to Producing Party's attorneys or, upon the Producing Party's attorneys' consent, destroyed; except that the Receiving Party's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing Receiving Party's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the Receiving Party's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by Receiving Party's attorney in the same manner as described in this paragraph.

**STIPULATED TO:**

/s/ Jeffrey M. Hartman
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Stat.
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

*Attorney for Federal Respondents*

/s/ Gregory Romanovsky
GREGORY ROMANOVSKY
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
(617) 787-0000
Gr@romanovskylaw.com

/s/ BRIAN S. GREEN
BRIAN S. GREEN
Law Office of Brian Green
9609 S. University Blvd., #630084
Littleton, CO 80130
(443) 779-4225
Briangreen@greenusimmigration.com

*Attorneys for Kseniia Petrova*

**SO ORDERED:**

Chief District Judge Christina Reiss

Dated: 2/9/26