

Portfolio Media. Inc. | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Judge Questions Of Case Against Harvard Researcher

By **Julie Manganis**

Law360, Boston (February 10, 2026, 4:50 PM EST) -- A Massachusetts federal judge on Tuesday ordered the U.S. Attorney's Office to turn over materials related to its decision to prosecute a Harvard Medical School researcher and Russian national found with inert frog embryo specimens last year at Logan Airport, suggesting the charges were designed to bolster deportation proceedings.

During a hearing, U.S. Magistrate Judge Judith Dein called the timing of the smuggling case against Kseniia Petrova "a red flag," noting the complaint was filed three months after her arrest and shortly after she was granted a bond hearing in her immigration case.

The judge said there is a "clear, strong implication" that the charge was intended to thwart Petrova's efforts to avoid deportation to Russia, where, as a critic of the war in Ukraine, she believes she will face persecution, or to avoid scrutiny of the actions of U.S. Customs and Border Protection officers.

Judge Dein also pointed to evidence of two offers by the government to drop the criminal charges if Petrova "self deports."

"It's hard to ignore the fact there's a connection between her criminal proceedings and her status as an immigrant," Judge Dein said.

Petrova, 31, believes the materials she is seeking — including any emails, texts or other messages among Homeland Security Investigations officials, Homeland Security Secretary Kristi Noem and the White House — will help her show that the smuggling case against her was a case of selective or vindictive prosecution.

Petrova's attorney, William Fick of Fick & Marx, on Tuesday compared her case to that of Kilmar Abrego Garcia, who was deported in error to El Salvador, then after being returned to the U.S. was charged with human trafficking based on a 3-year-old traffic stop in Tennessee.

"There you have a judicial action that resulted in traction for the defendant, then the sudden institution of a criminal charge," Fick told the judge.

"That comes from the current world we're living in," Fick added, saying it is reasonable to infer that the White House, DHS and the U.S. Department of Justice are involved, and that the timeline in Petrova's case supports that.

"It certainly suggests a purpose of doing this at this time, in this way, was to thwart the habeas process," Fick said — an assessment Judge Dein appeared to share.

The judge said she also shared the concerns of her colleague in Vermont, where U.S. District Judge Christina Reiss **found** in May in a separate case challenging her detention that the CBP officers had no factual or legal basis or authority to revoke Petrova's visa and place her in detention after finding the materials in her bags.

Assistant U.S. Attorney David Holcomb argued that Petrova's conduct, taken as a whole, supported the charges, citing text messages found on her phone where she discusses bringing the samples to the U.S. with colleagues, and her alleged initial denials that she was in possession of any biological materials.

"The U.S. Attorney's Office has its own separate interest in prosecuting this case," Holcomb said. "Just because there was also a habeas petition at the same time does not mean that the U.S. attorney's prosecutorial decisions are per se related to what is happening in that case."

Petrova, Holcomb told the judge, "can't rely on suspicious timing" to support the request, pointing to the fact that the criminal charges were filed a day before an op-ed written by Petrova about her situation appeared in the New York Times.

The judge appeared to reject that argument.

"I have to say I found it frustrating," Judge Dein told Holcomb of her reaction to that argument in his brief. "The validity of CBP's conduct was at issue from day one."

Despite the attention on the case, the judge said, prosecutors took no action for months.

"It seems to me that April 22 is your key date," Judge Dein said. "That's the date the [Vermont] court says, 'I'm uncomfortable with what happened, and I'm giving you a hearing.'"

It was only at that point, Judge Dein said, that a Homeland Security Investigations official referred the case for criminal prosecution.

The government first revealed the criminal case against Petrova during a bail hearing in the Vermont case, using it to argue — unsuccessfully — that the case there was moot.

Petrova is also seeking additional material, including the instructions given to grand jurors who later indicted her on the charge.

The judge said she will issue a written order on the request as soon as possible.

Petrova is represented by William W. Fick and Daniel N. Marx of Fick & Marx LLP.

The government is represented by Nadine Pellegrini and David M. Holcomb of the U.S. Attorney's Office for the District of Massachusetts.

The case is U.S. v. Petrova, case number 1:25-cr-10272, in the U.S. District Court for the District of Massachusetts.

--Editing by Linda Voorhis.

All Content © 2003-2026, Portfolio Media, Inc.