UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **KSENIIA PETROVA**, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF HOMELAND** )<br>**SECURITY,** *et al.*, )<br>)<br>Respondents. )<br>) | Case No. 2:25-cv-00240-CR |

**PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56, Petitioner Kseniia Petrova respectfully moves for partial summary judgment on a narrow, purely legal issue: whether CBP had lawful authority to cancel Ms. Petrova's visa under 22 C.F.R. § 41.122(e)(3). That regulation applies only when an applicant for admission "requests and is granted permission to withdraw" the application for admission. The Form I-275, produced by the government on March 3, 2026, has the "Application for Admission Withdrawn" box unchecked. Dkt. 115 at 4–7. Although this document directly addresses a critical issue in this case – whether Ms. Petrova withdrew her application for admission – it was not included in the administrative record previously filed by Respondents on December 12, 2025. *See* Dkts. 100, 100-1. Now, the administrative record conclusively demonstrates that Ms. Petrova was never granted permission to withdraw her application for admission at the port of entry. Because the Government's own administrative record disproves the factual predicate underlying the visa cancellation, no genuine dispute of

material fact remains and the cancellation must be set aside under the Administrative Procedure Act.

During the February 19, 2026 hearing in this case, the government confirmed that no material issue of fact exists as to the specific issue of visa cancellation:

> MR. HARTMAN [Attorney for Federal Respondents]: … Vermont Yankee's very clear that the government can't come up with an ex post rationalization for the visa cancellation. It kind of is what it is. In the government's view, **this case really has no disputed facts that are relevant to the visa cancellation at this juncture**, and so I understand that Ms. Petrova, through her criminal proceedings, has access to a lot of additional materials that are germane to the issues in that case, **but they're not germane to resolving this Administrative Procedure Act case where the basis of the agency's decision is literally written on her visa folio** and the sworn statement reflects that Ms. Petrova was given this opportunity to withdraw her application for admission and accepted it.

Dkt. 114 at 9:20-10:7 (emphasis added).

Ms. Petrova has additional APA and due process claims that have survived the government's motion to dismiss. *See* Dkt. 95 at 47 (denying "dismissal of Petrova's APA and Due Process claims to the extent they challenge the lawfulness of the CBP officer's revocation of her visa, cancellation of her admission stamp, and the admissibility determination based thereon.").

Her remaining claims, however, stand on a different footing. The Court has recognized that what happened in Ms. Petrova's case "was extraordinary and novel." Dkt. 68 at 63:15. In its ruling on the government's motion to dismiss, the Court stated that it "awaits the development of a factual record to adjudicate [Petrova's] claim… that the CBP officer acted contrary to applicable law…, that her criminal proceedings were initiated for an improper purpose, and that she was thereby deprived of the limited due process afforded by Congress to arriving aliens to

the United States." Dkt. 95 at 43. It has already authorized limited discovery concerning those matters. Dkt. 101. Because that discovery remains ongoing, Petitioner does not seek summary judgment on those claims at this time.

## II. THE NEED FOR PARTIAL SUMMARY JUDGMENT AND EXPEDITED BRIEFING ON THE VISA CANCELLATION ISSUE

Following the February 19 hearing, the Boston Immigration Court issued a decision on Ms. Petrova's request to be admitted in J-1 status. *See* Exhibit 1. The immigration judge denied admission solely because Ms. Petrova's visa remains canceled.

> The Respondent argues that the Customs and Border Protection ("CBP") Officer's revocation of her J-1 visa at the border was unlawful… The Court acknowledges the Respondent's argument. However, neither the [Immigration] Court nor the parties have been able to identify any authority for the proposition that an Immigration Judge can find that a CBP Officer's revocation of a nonimmigrant visa was unlawful. Indeed, the District Court of Vermont, in which the Respondent is a party in a parallel proceeding, reasoned that an Immigration Judge lacks the authority to make a finding on the legality of CBP Officer's actions. See Petrova v. U.S. Dep't of Homeland Sec., No. 2:25-CV-00240, 2025 WL 2772764 (D. Vt. Sept. 26, 2025) (*13 reasoning that a determination on the legality of the CBP Officer's revocation or cancellation of the visa would "not be decided in an immigration proceeding"). Therefore, the Court makes its removability decision under the premise that the Respondent's visa was properly cancelled…

Exhibit 1 at 3-4.

The immigration court therefore denied admission solely because the visa remains canceled and expressly recognized that the legality of that cancellation must be determined by this Court.

If and when this Court declares unlawful and sets aside the visa cancellation, Ms. Petrova can ask the immigration judge to reconsider his decision to deny admission, but the window of opportunity for her to seek admission in J-1 status is limited. Ms. Petrova's J-1 visa

will expire on April 26, 2026 (*see* AR 019), leaving limited time for the immigration court to reconsider its decision. Therefore, Ms. Petrova is filing a motion for expedited briefing contemporaneously with this motion for partial summary judgment.

III.    STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 320-23 (1986); *Natural Resources Defense Council v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In determining whether a genuine issue of material fact exists, a court is required to "resolve all record ambiguities and draw all factual inferences in favor of the non-moving party." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 145 (2d Cir. 2007) (cleaned up).

Rule 56 does not require the moving party to seek summary judgment on all claims, and courts have long used partial summary judgment as a tool to narrow the issues for trial. *See, e.g., Vt. Yankee Nuclear Power Corp. v. United States*, 84 Fed. Cl. 339, *343; 2008 U.S. Claims LEXIS 341, **10 ("Partial summary judgment is appropriate when, as to a particular issue, there are no genuine issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law."); *Hernandez v. Kibler*, 2025 U.S. Dist. LEXIS 168622 (E.D.Ca. Dec. 3, 2025) ("Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of

that claim… The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.")

The Administrative Procedure Act directs the reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law…"

5 U.S.C. § 706(2)(A)-(D).

Agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat. Res. Def Council v. U.S. E.P.A.*, 658 F.3d 200, 215 (2d Cir. 2011) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

IV.   STATEMENT OF UNDISPUTED FACTS[1]

1. Petrova was initially admitted to the United States in J-1 status on May 11, 2023. Dkt. 104 at 9, ¶44.

2. On February 16, 2025, after a brief trip abroad, Petrova presented her J-1 visa to a CBP officer at Logan Airport in Boston, Massachusetts. *Id.* at 10, ¶53

---

[1] The L.R. 56(a) requirement to file a separate statement of undisputed facts "does not apply to claims brought under the Administrative Procedure Act."

3. The primary inspection officer placed an admission stamp in her passport and generated an I-94 Record of Admission. *Id*.

4. Following secondary inspection, a CBP officer canceled Petrova's visa and placed the following notations on the visa stamp: "CANCELLED-BOS" and "22 CFR 41.122(e)(3)." *Id*. at 11, ¶59-60.

5. The Form I-275 produced by the government on March 3, 2026, has the "Visa/BCC Canceled" box checked and the "Application for Admission Withdrawn" box unchecked. Dkt. 115 at 4.

6. Since February 16, 2025, Petrova has not left the United States.

V.   ARGUMENT

   A. <u>The Government Confirms that the Visa Cancellation Was Based on 22 C.F.R. § 41.122(e)(3).</u>

Throughout this litigation, the government has offered shifting explanations for CBP's decision to cancel Ms. Petrova's visa. At various points, it has attributed the action to an alleged customs violation involving undeclared research samples[2], to an inadmissibility determination under INA § 212(a)(7)(A)(i)(I)[3], and finally, to an alleged withdrawal of Ms. Petrova's application for admission. *See* 22 C.F.R. § 41.122(e)(3).

---

[2] *See, e.g.*, U.S. Attorney's Office, District of Massachusetts (May 14, 2025). *Russian National Charged with Smuggling Biological Material Into Boston* [Post]. https://x.com/DMAnews1/status/1922765637815849015 (last visited on March 6, 2026).

[3] *See, e.g.*, Dkt. 104 at 11, ¶59 ("Federal Defendants admit that, following the secondary inspection, Plaintiff was found inadmissible to the United States and her J-1 admission stamp was cancelled).

The government has now confirmed that the visa cancellation was, in fact, based on 22 C.F.R. § 41.122(e)(3), as handwritten on Ms. Petrova's canceled visa (AR 19):

> MR. HARTMAN: I mean, fundamentally the case now is about the cancellation of her visa, and in the government's view, the basis of the cancellation is in the record at [AR]19. It's written in Sharpie on her passport…
>
> In the government's view, this case really has no disputed facts that are relevant to the visa cancellation at this juncture…

Dkt. 114 at 9:15-19, 22-24

### B. 22 C.F.R. § 41.122(e)(3) Permits Visa Cancellation Only If Withdrawal of Application for Admission is Granted.

Immigration officers in the United States have limited authority "to revoke a valid visa by physically canceling it" in nine distinct instances described in 22 C.F.R. § 41.122(e). Relevant here, an immigration officer is authorized to revoke a visa when the noncitizen "requests and *is granted* permission to withdraw the application for admission." 22 C.F.R. § 41.122(e)(3) (emphasis added). A request – or an offer by CBP – to withdraw the application for admission does not by itself authorize cancellation of the visa; withdrawal must actually be granted. *See id*.

### C. Withdrawal of Application for Admission Was Never Granted in This Case.

Respondents have now filed Form I-275, the document used to record a withdrawal of an application for admission that clearly indicates that Ms. Petrova's application for admission was never withdrawn. *See* Dkt. 115 at 4-7. On Page 1 of Form I-275, the "Visa/BCC Canceled" box is checked, while the "Application for Admission Withdrawn" box is unchecked. *Id*. at 4.

The newly produced Form I-275 confirms what the Court had already recognized earlier in these proceedings. As this Court stated during the May 14, 2025 hearing, "I'm confident the

government does not claim that she was granted permission to withdraw her application because she wouldn't be here... She'd be in France." Dkt. 64 at 37:8-14.

The immigration judge in Ms. Petrova's removal proceedings has also recently confirmed that her application for admission was never withdrawn:

> At the hearing convened on November 12, 2025, DHS conceded that, while the Respondent was offered an opportunity to withdraw her application for admission, she did not accept the offer. Thus, the Court finds that allegation number five (5), that the Respondent withdrew her application for admission on February 16, 2025, is not true.

Exhibit 1 at 4.

Respondents continue to insist that Ms. Petrova's J-1 visa was canceled based on 22 C.F.R. § 41.122(e)(3), whereas the Administrative Record, Respondents' own statements, this Court's prior findings, and the immigration judge's finding all make clear that Ms. Petrova's application for admission was not withdrawn. Where an agency "offer[s] an explanation for its decision that runs counter to the evidence before the agency," the agency action must be set aside as arbitrary and capricious. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983).

Here, the government not only acted arbitrarily and capriciously, its actions were also "not in accordance with law," were "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and were "without observance of procedure required by law" (5 U.S.C. § 706(2)(A), (C), and (D), respectively) because none of the nine distinct bases for cancellation of a visa described in 22 C.F.R. § 41.122(e) apply.

VI. CONCLUSION

Because the basis for the cancellation of Ms. Petrova's visa was 22 C.F.R. § 41.122(e)(3), and the administrative record now conclusively establishes that no grant of withdrawal occurred, the visa cancellation was:

- arbitrary and capricious, and must be set aside under 5 U.S.C. § 706(2)(A);
- not in accordance with law, and must be set aside under 5 U.S.C. § 706(2)(A);
- in excess of CBP's statutory and regulatory authority, and must be set aside under 5 U.S.C. § 706(2)(C);
- without observance of procedure required by law, and must be set aside under 5 U.S.C. § 706(2)(D);

For the foregoing reasons, Petitioner respectfully requests that the Court declare unlawful and set aside the cancellation of her J-1 visa.

Dated: March 6, 2026                              Respectfully submitted,

/s/ *Brian Scott Green*                           /s/ *Gregory Romanovsky**
Brian Scott Green                                 Gregory Romanovsky
Law Office of Brian Green                         Romanovsky Law Offices
9609 S University Boulevard #630084               12 Marshall Street
Highlands Ranch, CO 80130                         Boston, MA 02108
(443) 799-4225                                    (617) 787-0000
                                                  gr@romanovskylaw.com

                                                  **Admitted pro hac vice*

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Motion for Partial Summary Judgment filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  March 6, 2026    By:    /s/ Gregory Romanovsky
                                                                                   Gregory Romanovsky