UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

| | |
|---|---|
| IN THE MATTERS OF: ) | |
| ) | |
| PETROVA, Kseniia ) | IN REMOVAL PROCEEDINGS |
| A 240-485-724 ) | NON-DETAINED |
| ) | |
| ) | |
| **Respondent** ) | |

**CHARGE:** Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA" or "Act"): An immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

**ON BEHALF OF RESPONDENT**
Gregory Romanovsky, Esq.
Romanovsky Law Offices
12 Marshall Street
Cambridge, Massachusetts 02108

**ON BEHALF OF DHS**
Katherine Leney, Esq. Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
15 New Sudbury Street, Room 425
Boston, Massachusetts 02203

**Decision of the Immigration Court**

I.   PROCEDURAL HISTORY

On March 7, 2025, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings against the Respondent, Kseniia Petrova, through the filing of a Notice to Appear ("NTA") with the Boston Immigration Court ("Court"). Exh. 1. On May 7, 2025, DHS filed Form I-261, Additional Charges of Inadmissibility/Deportability. Exh. 6. Therein, DHS alleged that the Respondent: (1) is not a citizen or national of the United States; (2) is a native and citizen of Russia; (3) arrived at Boston Logan International Airport on February 16, 2025, seeking admission on a J-1 nonimmigrant visa; (4) At the time of admission, an immigration officer found you to be

1

inadmissible to the United States due to having undeclared biological material, to wit, frog embryos, in your possession without the proper permits and supporting materials for such material; (5) withdrew her application for admission on February 16, 2025; (6) had her J-1 visa cancelled on February 16, 2025, under 22 C.F.R. § 41.122(e)(3); (7) was not then admitted or paroled after inspection by an Immigration Officer; and (8) is an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; and/or is an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality. *Id*. Based on these allegations, the NTA charged the Respondent as an arriving alien who is removable pursuant to section 212(a)(7)(A)(i)(I) of the Act.

The Respondent filed written pleadings with the Court on April 20, 2025. Exh. 3. Subsequently, the Respondent filed updated written pleadings with the Court on October 14, 2025. Exh. 15. She denied allegations four through eight and the charge of removability and admitted the remaining allegations. *Id*.

## II. DOCUMENTARY EVIDENCE

**Exhibit 1**: Notice to Appear (Mar. 7, 2025)

**Exhibit 2**: Respondent's I-589 Application for Asylum and Supporting Documentation (Apr. 4, 2025)

**Exhibit 3**: Written Pleadings (Apr. 20, 2025)

**Exhibit 4**: Form I-213, Record of Deportable/Inadmissible Alien (Apr. 21, 2025)

**Exhibit 5**: Form I-867A, Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (Apr. 21, 2025)

**Exhibit 6**: DHS' Submission of Documents (May 7, 2025)

**Exhibit 7**: Respondent's Brief on Removability (May 7, 2025)

**Exhibit 8**: DHS' Brief in Support of Removability (May 12, 2025)

**Exhibit 9**: DHS' Submission of Documents (May 12, 2025)

**Exhibit 10**: DHS' Reply to Respondent's Argument Regarding the Filing of the Form I-261 (May 13, 2025)

**Exhibit 11**: DHS' Motion to Accept Substitution Submission of Documents in Support of Removability (May 14, 2025)

**Exhibit 12**: Respondent's Motion to Change Venue (May 16, 2025)

**Exhibit 13**: DHS' Motion for Extension of Deadline to File Response to Respondent's Motion for Change Venue (May 23, 2025)

**Exhibit 14**: Respondent's Opposition to Department of Homeland Security's Motion for Extension of Time to File Response to Motion to Change Venue (May 23, 2025)

**Exhibit 15**: Written Pleadings (Oct. 14, 2025)

**Exhibit 16**: Respondent's Motion to Issue Subpoena (Oct. 31, 2025)

**Exhibit 17**: Respondent's Brief on Removability (Nov. 3, 2025)

**Exhibit 18**: DHS' Opposition to Motion to Subpoena (Nov. 7, 2025)

**Exhibit 19**: Respondent's Supplemental Brief on Removability (Dec. 5, 2025)

**Exhibit 20**: Respondent's Supplemental Evidence in Advance of Removability Hearing (Jan. 7, 2026)

### III. STANDARDS OF LAW

An Immigration Judge has the authority to decide whether a respondent in removal proceedings is removable from the United States. INA § 240(c)(1)(A). A respondent designated an arriving alien bears the burden of proving that he or she is clearly and beyond a doubt entitled to be admitted or is not inadmissible under section 212. *Id*. § 240(c)(2)(A).

### IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds that the Respondent has not met her burden of showing that she is clearly and beyond a doubt entitled to be admitted to the United States. *See* INA § 240(c)(2)(A). The Respondent argues that the Customs and Border Protection ("CBP") Officer's revocation of her J-1 visa at the border was unlawful. Exh. 7 at 4. The Court acknowledges the Respondent's argument. However, neither the Court nor the parties have been able to identify any authority for

the proposition that an Immigration Judge can find that a CBP Officer's revocation of a nonimmigrant visa was unlawful. Indeed, the District Court of Vermont, in which the Respondent is a party in a parallel proceeding, reasoned that an Immigration Judge lacks the authority to make a finding on the legality of CBP Officer's actions. *See Petrova v. U.S. Dep't of Homeland Sec.*, No. 2:25-CV-00240, 2025 WL 2772764 (D. Vt. Sept. 26, 2025) (*13 reasoning that a determination on the legality of the CBP Officer's revocation or cancellation of the visa would "not be decided in an immigration proceeding"). Therefore, the Court makes its removability decision under the premise that the Respondent's visa was properly cancelled. *See Matter of P-N-*, 8 I&N Dec. 456, 457 (BIA 1959).

Considering that the CBP Officer cancelled the Respondent's J-1 visa, the Court finds that the record establishes that the following allegations are true: (4) the Respondent was found, by an immigration officer, to be inadmissible at the time of admission due to having undeclared biological material, to wit, frog embryos, in her possession without the proper permits and supporting material for such material; (6) the Respondent's J-1 visa was cancelled on February 16, 2025, under 22 C.F.R. § 41.122(e)(3); (7) the Respondent was not then admitted or paroled after inspection by an Immigration Officer; and (8) the Respondent is an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. *See* Exh. 6. At the hearing convened on November 12, 2025, DHS conceded that, while the Respondent was offered an opportunity to withdraw her application for admission, she did not accept the offer. Thus, the Court finds that allegation number five (5), that the Respondent withdrew her application for admission on February 16, 2025, is not true.

Since "admissibility is determined on the basis of the law and the facts existing at the time the application is finally considered", the Court makes a determination on the Respondent's removability based on her application before the Court. *Matter of Kazemi*, 19 I&N Dec. 49, 51 (BIA 1984). Considering the record in its entirety, the Court finds that the Respondent's visa was cancelled by the CBP Officer. Thus, the Respondent is an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act and was therefore removable as charged. INA § 212(a)(7)(A)(i)(I). Accordingly, the Court sustains the corresponding charge of removability. Exh. 1.

The Respondent argues that even if the CBP Officer's actions were lawful, the Court should still admit the Respondent as a nonimmigrant through the grant of a 212(d)(4) waiver. *See* Exh. 19 at 4; INA § 212(a)(7)(B). The Respondent relies on the Board of Immigration Appeals' ("BIA" or "Board") decision in *Matter of Kazemi,* 19 I&N Dec. at 52-53.[1] In *Kazemi*, the Board held that

---

[1] The Court notes that in *Matter of Kazemi*, the respondent's visa was never cancelled, unlike that of the Respondent's J-1 visa in the present case. *See Matter of Kazemi*, 19 I&N Dec. at 51.

the Court has the authority to "entertain an application for a waiver of inadmissibility under section 212(d)(4) of the Act where an alien renews such application before an immigration judge in exclusion proceedings following its initial denial by the District Director." *Id*. at 52. The Respondent argues that, even though she is in removal proceedings and the respondent in *Matter of Kazemi* was in exclusion proceedings, the same logic should apply. Assuming arguendo that the Court applies the same logic, it remains unpersuaded that the Respondent meets the requirements for the Court to grant a 212(d)(4) waiver.

As contemplated in *Matter of Kazemi*, the Respondent's waiver application must first be denied by the District Director before the Court can address a waiver under 212(d)(4).[2] 19 I&N Dec. at 52. The Respondent attempted to file her Form I-193, Application for Waiver of Passport and/or Visa, with both the CBP Boston Port Director's Office and the regional CBP Office located inside Logan International Airport in Boston, Massachusetts. Exh. 19 at 7. The Respondent's application was refused at both locations. *Id*. During the removability hearing convened on January 22, 2026, the Respondent argued that the refusal to accept her application constitutes a constructive denial of her application, thereby giving the Immigration Judge jurisdiction to review the waiver. Resp't's Supp. Brief Addressing Issues Raised at the January 22, 2026, Hearing 1, 3-4 (Jan. 23, 2026).[3]

The Court disagrees. When the Respondent attempted to file her Form I-193 with CBP at Logan International Airport in Boston, Massachusetts, she was told that the form can only be accepted during the initial inspection process. Exh. 19 at 7. Thus, the Respondent's application was rejected and not denied. Moreover, *Matter of Kazemi* is clear that the waiver application must first be denied by the District Director before the Immigration Judge has the jurisdiction to review the 212(d)(4) wavier. 19 I&N Dec. at 52. Furthermore, although the regulations provide the Immigration Judge with authority to grant a 212(d)(4) waiver, such authority is limited to renewed applications. *See id.* Accordingly, the Court finds that it does not have the authority to grant a waiver under 212(d)(4) because the Respondent's application was not denied by the District Director.

---

[2] Both DHS and the Respondent agree that the District Director described in *Matter of Kazemi* is the CBP Port Director in the present day.

[3] The Respondent also cites to a case arising out of the Third Circuit Court of Appeals. *See* Resp't's Supp. Brief Addressing Issues Raised at the January 22, 2026, Hearing 1 (Jan. 23, 2026). Even if the Court were to find the Third Circuit Court of Appeals decision persuasive, that case is distinguishable from the Respondent's case because the central issue in *Sunday v. Attorney General of the United States* is whether a waiver is available to a U Visa applicant who is lawfully present in the United States rather than seeking admission. *See* 832 F.3d 211, 217 (3d. Cir. 2026)

Based on the foregoing, the following order shall enter:

## ORDER

**IT IS HEREBY ORDERED** that the Respondent's charge of removability pursuant to section 212(a)(7)(A)(i)(I) of the Act be **SUSTAINED.**

2/20/26
_____
Date

*Todd A. Masters*
_____
Todd A. Masters
Immigration Judge