UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **KSENIIA PETROVA**, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF HOMELAND** )<br>**SECURITY**, *et al.*, )<br>)<br>Respondents. )<br>) | Case No. 2:25-cv-00240-CR |

**PETITIONER'S MOTION TO EXPEDITE BRIEFING
ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Petitioner Kseniia Petrova respectfully moves for an expedited briefing schedule on her Motion for Partial Summary Judgment.

I.   BACKGROUND

As explained in Petitioner's Motion for Partial Summary Judgment, the motion presents a narrow legal issue concerning whether a Customs and Border Protection ("CBP") officer had the authority to cancel Ms. Petrova's J-1 visa under 22 C.F.R. § 41.122(e)(3). The issue is discrete and turns on undisputed documentary evidence. The government has now produced Form I-275 confirming that CBP never granted withdrawal of Ms. Petrova's application for admission.[1] Because 22 C.F.R. § 41.122(e)(3) applies only when an applicant for admission "requests and *is granted* permission to withdraw the application for admission," the administrative record now

---

[1] The Form I-275, produced by the government on March 3, 2026, has the "Application for Admission Withdrawn" box unchecked. Dkt. 115 at 4–7. Although this document directly addresses a critical issue in this case – whether Ms. Petrova was granted withdrawal of her application for admission – it was not included in the administrative record previously filed by Respondents on December 12, 2025. *See* Dkts. 100, 100-1.

conclusively establishes that the factual predicate for the cancellation was absent in Ms. Petrova's case.

The need for prompt resolution of this issue arises from proceedings involving Ms. Petrova currently pending with the Boston Immigration Court. Following the February 19, 2026 hearing in this Court, the Boston Immigration Court denied Ms. Petrova's request to be admitted in J-1 status solely because her visa remains canceled. The immigration judge expressly recognized that the legality of the visa cancellation must be determined by this Court:

> The Respondent argues that the Customs and Border Protection ("CBP") Officer's revocation of her J-1 visa at the border was unlawful… The Court acknowledges the Respondent's argument. However, neither the [Immigration] Court nor the parties have been able to identify any authority for the proposition that an Immigration Judge can find that a CBP Officer's revocation of a nonimmigrant visa was unlawful. Indeed, the District Court of Vermont, in which the Respondent is a party in a parallel proceeding, reasoned that an Immigration Judge lacks the authority to make a finding on the legality of CBP Officer's actions. See Petrova v. U.S. Dep't of Homeland Sec., No. 2:25-CV-00240, 2025 WL 2772764 (D. Vt. Sept. 26, 2025) (*13 reasoning that a determination on the legality of the CBP Officer's revocation or cancellation of the visa would "not be decided in an immigration proceeding"). Therefore, the Court makes its removability decision under the premise that the Respondent's visa was properly cancelled…

Dkt. 117-1 at 3-4.

If the visa cancellation is set aside, Ms. Petrova may seek reconsideration of that ruling in immigration court. However, her J-1 visa expires on April 26, 2026. Without an expedited briefing schedule, this Court may not resolve the Motion for Partial Summary Judgment in time for Petitioner to seek reconsideration in immigration court. If Respondents take the full 30 days to file their opposition, as permitted by L.R. 7(a)(3)(A), and even if Petitioner files her reply within one day and the Court resolves the motion within one week, a decision would not issue until April 16, 2026. That would leave only ten days for the immigration judge to consider a

motion for reconsideration and revisit the admission ruling. Such a timeline is not realistic, particularly because the Immigration Court Practice Manual allows DHS ten days to respond to a motion. *See* U.S. Dep't of Justice, Exec. Office for Immigration Review, *Immigration Court Practice Manual* § 3.1(b)(ii)(A).

Petitioner therefore seeks expedited briefing on the discrete, purely legal issue of the visa cancellation while discovery continues on her remaining claims.

## II. PROPOSED EXPEDITED BRIEFING SCHEDULE

Petitioner respectfully proposes the following briefing schedule:

- **Respondents' opposition:** Friday, March 20, 2026
- **Petitioner's reply:** Monday, March 23, 2026

This schedule provides Respondents with two weeks to respond to the motion. Respondents have conceded that "this case really has no disputed facts that are relevant to the visa cancellation." Dkt. 114 at 9:23–24. Because the motion presents a narrow legal issue that has now crystallized following the government's March 3, 2026 production of Form I-275, the proposed schedule will not prejudice Respondents and will allow the Court to resolve the issue in time for Petitioner to potentially seek reconsideration of the immigration judge's denial of her admission.

## III. DEFENDANTS OPPOSE EXPEDITED BRIEFING

In compliance with **Local Rule 7(a)(7)**, Petitioner's counsel conferred with counsel for Federal Respondents regarding the requested expedited briefing schedule. Respondents oppose the motion. Respondents' counsel stated that:

> the government's position is that the parties can engage in full summary judgment motion briefing now, under a briefing schedule consistent with the deadlines established by Local Rule 7, provided that Petrova withdraws her discovery requests. Alternatively, if Petrova wishes to continue with discovery, the government's position is that the parties should engage in full summary judgment briefing once discovery concludes, consistent with Local Rule 7.

Exhibit 1 at 3-4. The government also asserted that it is Petitioner's pursuit of discovery that has delayed summary judgment briefing. *Id.* at 3.

Petitioner respectfully disagrees. As explained in Petitioner's Motion for Partial Summary Judgment, courts routinely address discrete legal issues through partial summary judgment when there is no genuine issue of material fact in dispute with regard to that issue. Petitioner should not be required to abandon discovery on all issues in order to obtain a partial summary judgment ruling on one issue where there is no disputed fact, especially where only the timely resolution of the issue will allow her to secure lawful admission in J-1 status in her removal proceedings. The request for expedited briefing is driven by the immigration court's recent ruling and the approaching expiration of Ms. Petrova's visa, and is particularly justified because the legal issue is narrow and the relevant facts are now clear in light of the government's production of Form I-275 three days ago.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court establish the expedited briefing schedule described above for Petitioner's Motion for Partial Summary Judgment.

Dated: March 6, 2026                                    Respectfully submitted,

/s/ *Brian Scott Green*                                  /s/ *Gregory Romanovsky**
Brian Scott Green                                        Gregory Romanovsky
Law Office of Brian Green                                Romanovsky Law Offices
9609 S University Boulevard #630084                      12 Marshall Street
Highlands Ranch, CO 80130                                Boston, MA 02108
(443) 799-4225                                           (617) 787-0000
                                                         gr@romanovskylaw.com

                                                         **Admitted pro hac vice*

*Attorneys for Petitioner*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Expedite Briefing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  March 6, 2026                                    By:    /s/ Gregory Romanovsky
                                                                Gregory Romanovsky