UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| KSENIIA PETROVA,<br><br>    Petitioner-Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; **KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security, in her official capacity; **THERESA MESSIER**, Superintendent, Chittenden Regional Correctional Facility, in her official capacity; **PETE R. FLORES**, Acting Commissioner, U.S. Customs and Border Protection; **JULIO CARAVIA**, Director, U.S. Customs and Border Protection; **PAMELA J. BONDI**, U.S. Attorney General; **PAUL CAMBELL**, Warden, Ouachita Correctional Center; **KEITH DEVILLE**, Warden, Richwood Correctional Center,<br><br>    Respondents-Defendants. | Case No. 2:25-cv-00240-CR |

**FEDERAL RESPONDENTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED PARTIAL SUMMARY JUDGMENT BRIEFING**

**INTRODUCTION**

This Court should deny Kseniia Petrova's ("Plaintiff") motion for expedited partial summary judgment briefing under Federal Rule of Civil Procedure 56 in this Administrative Procedure Act ("APA") case. ECF No. 118. Defendants likewise object to proceeding on summary judgment motion practice in the piecemeal fashion that Plaintiff proposes. Defendants respectfully request that the Court deny Plaintiff's request for expedited partial summary judgment motion practice at this juncture because it is improper, and inconsistent with Federal Rule of Civil Procedure 56(b). Instead, summary judgment briefing should proceed in full, in accordance with

1

the deadlines enumerated in Local Rule 7 and Federal Rule of Procedure 56(b), either after the close of discovery or upon Plaintiff withdrawing her current discovery requests.

Plaintiff's request for expedition rests on an immigration judge's ("IJ") decision finding that she is inadmissible to the United States. ECF No. 118 at 2-3. Specifically, Plaintiff wishes to resolve the validity of her visa cancellation in this case, so that she can move the IJ to reconsider his admissibility finding in hopes that the IJ would enter a ruling before April 26, 2026. But the IJ's admissibility decision was eminently foreseeable, as admissibility is resolved in *every* removal proceeding and Plaintiff participated in *both* her civil and immigration proceedings. 8 U.S.C. §§ 1229a(c)(1)(A), 1252(b)(4)(C) (making an IJ "decision that an alien is not eligible for admission to the United States conclusive unless manifestly contrary to law," as determined by the appropriate Court of Appeals); *see Petrova v. DHS*, 807 F. Supp. 3d 313, 333 (D. Vt. 2025) (granting the government's motion to dismiss "Petrova's request for a declaratory judgment that on February 16, 2025, she was admissible"). Likewise, Plaintiff has been aware that her J-1 visa expires on April 26, 2026—even before she commenced this litigation in February 2025. *See* ECF Nos. 1 at 1 (complaint), 100 at 23 (visa foil).

Despite the foreseeability of those events, for the first time at a meet-and-confer on February 26, 2026, Plaintiff indicated that expedited partial summary judgment motion practice was necessary so that she could move the IJ to reconsider her inadmissibility finding before April 26, 2026, *and* that she would continue to propound extra-record discovery on her APA claims. ECF No. 118-1 (email exchanges). As demonstrated below, Plaintiff is not entitled to expedited partial summary judgment briefing, much less expedited briefing in conjunction with simultaneous extra-record discovery.

## ARGUMENT

**1. The government is prejudiced by an expedited partial summary judgment briefing schedule.** "While a party may request expedited consideration of a motion, 'the filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them.'" *Paradise v. State*, No. CV 25-02358-MRA (DFM), 2025 WL 1423844, at *1 (C.D. Cal. Apr. 9, 2025), *reconsideration denied*, 2025 WL 1421379 (C.D. Cal. Apr. 15, 2025) (quoting *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)). That is because "[t]he adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the arguments presented." *Id.* "To establish that the Court should bypass its default procedures, *the movant* most show that it will be irreparably prejudiced unless its motion is heard on an expedited basis." *Cardoza*, 141 F. Supp. 3d at 1142 (emphasis added) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). "When such prejudice is absent, sufficient justification for bypassing the default briefing schedule does not exist and the request may be properly decided on a non-expedited basis." *Id.*

Here, the Court should deny Plaintiff's motion for expedited partial summary judgment briefing. Expedited briefing prejudices the government because discovery remains ongoing and Plaintiff has failed to satisfy her burden that expedition is warranted. Notably, if the Court were to grant Plaintiff's motion, the government must simultaneously: (1) respond to Plaintiff's extra-record discovery requests in this APA case *and* (2) respond to Plaintiff's premature expedited partial motion for summary judgment. *Cf. Hispanics for Fair & Equitable Reapportionment (H-FERA) v. Griffin*, 958 F.2d 24, 25 (2d Cir. 1992) ("We cannot in good conscience affirm a summary judgment if we are not satisfied that the appellant had been given an opportunity upon

notice to oppose the grant below."); Local Rule 7(a)(3) (providing a non-moving party "30 days" to file a memorandum opposing dispositive motions). These parallel proceedings are an inefficient use of the government's and the Court's resources. And notwithstanding prejudice to the government, Plaintiff has failed to offer any reasons why she would be "irreparably prejudiced unless [her] motion is heard on an expedited basis." *Cardoza*, 141 F. Supp. 3d at 1142; *see* ECF No. 118 at 2 (merely asserting that Plaintiff "may seek reconsideration of" the IJ's inadmissibility determination). In contrast, prejudice to the government is apparent because the circumstances Plaintiff faces now were entirely foreseeable when the government proposed that the parties establish a summary judgment briefing schedule on December 16, 2025. *See Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, No. 2:23-CV-01007-APG-NJK, 2025 WL 1118386, at *3 (D. Nev. Apr. 14, 2025) ("Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown … that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect.); *see also* Local Rule 7(a)(3)(A) (providing that unless a "judge *extends* the deadline" a response to a motion for summary disposition is due 30 days after the motion is served) (emphasis added). Thus, the government should not be forced through expedited partial summary judgment briefing.

**2.** None of the reasons Plaintiff proffers for an expedited briefing schedule warrants deviating from the Federal or Local Rules. Federal Rule of Civil Procedure 56(a)-(b) authorizes summary judgment where "there is no genuine dispute as to any material fact" and provides that unless another time is established, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Notably, although a summary judgment motion may be filed at any time, "if discovery is currently ongoing in a case, the bar for summary judgment is high." *Griffin v. Johnson*, 2:21-cv-134, 2025 WL 3023535, at *2 (D. Vt. Aug. 21, 2025)

(addressing circumstances where the non-movant seeks discovery). Indeed, this Court ordinarily permits summary judgment pleadings to be filed only "according to the schedule specified by [Local Rule 26]." Local Rule 56(e). And, in all circumstances, the non-moving party is entitled to "notice and a reasonable time to respond[.]" FED. R. CIV. P. 56(f); *see* FED. R. CIV. P. 56(b); Local Rule 7(a)(3); *cf. Griffin*, 958 F.2d at 25 (addressing a sua sponte judgment and explaining that "[w]e cannot in good conscience affirm a summary judgment if we are not satisfied that the appellant had been given an opportunity upon notice to oppose the grant below.").

Here, the Court should deny Plaintiff's motion for expedited partial summary judgment briefing because the alleged exigencies underlying her motion are not exigencies at all—they were entirely foreseeable. On September 26, 2025, this Court granted the government's motion to dismiss Plaintiff's challenge to CBP's inadmissibility determination. *See Petrova*, 807 F. Supp. 3d at 333 ("the court has no authority to determine whether Ms. Petrova was admissible."). Consistent with the statute, Plaintiff then briefed and litigated her inadmissibility before an IJ with the assistance of her same attorney. 8 U.S.C. §§ 1229a(c)(1)(A), 1252(b)(4)(C). The IJ's determination that Plaintiff did not meet her burden to establish "clearly and beyond doubt" that she was entitled to admission when her J-1 visa remained cancelled at the time of the IJ's decision was both foreseeable and unremarkable—admissibility findings are a preliminary step in *every* removal proceeding. 8 U.S.C. § 1229a(c)(2)(A); ECF No. 116 at 3, Status Conference Tr. at 3 (Dec. 16, 2026) (Plaintiff's counsel explaining, "We don't have an exact time frame for the [IJ's] decision. Most likely we'll get a decision on that motion in the next month or two, but I cannot speak for the Boston immigration court.").

If Plaintiff believed that resolution of her APA claims before the IJ's decision, or the expiration of her J-1 visa on April 26, 2026, had practical or procedural benefits, then she could

5

have factored those competing considerations into her litigation strategy. *See generally Strickland v. Washington*, 466 U.S. 668, 681 (1984) (recognizing that counsel's strategic decisions rest upon professional judgment and that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Instead, Plaintiff pursued extra-record discovery in this APA case, which has significantly delayed its resolution. The government maintains that extra-record discovery in this APA case is inappropriate because "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see* ECF No. 105, Gov't Discovery Mot. at 4-5 (Feb. 3, 2026). Given that foundational tenant of administrative law, the government proposed to establish a summary judgment briefing schedule at the December 16, 2026, status conference to resolve this litigation expeditiously. *See* ECF No. 116 at 5 (explaining that the government's "view is that in light of the Court's prior opinion, the issues are really quite narrow in this case and that summary judgment does seem appropriate to the government and would be the most expeditious way to resolve this case and reach a merits determination, Your Honor."). Notwithstanding, on January 9 and 12, 2026, Plaintiff elected to serve ten interrogatories, eighteen requests for production, twenty-three requests for admission, which substantially undermines this belated request for expedition.[1] Indeed, the parties could have completed summary judgment briefing by the date of this filing had Plaintiff not taken a litigation detour by serving discovery in this APA case. *See Batley v. Homeseekers.com, Inc.*, No. 01- cv-

---

[1] This Court subsequently quashed Plaintiff's proposed deposition of CBP Officer Angulo, ECF No. 122, and extended the deadline for the government to respond to Plaintiff's extra-record discovery requests until April 6, 2026. At the Court's direction, the government also filed additional certified agency records requested by Plaintiff. ECF No. 115; *see* ECF No. 111 at 5 (Plaintiff's document request).

5642-NM (JWJX), 2003 WL 27384462, at *4 (C.D. Cal. May 13, 2003) (collecting cases) (citing *Tough Traveler. Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995) ("[A plaintiff's] failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.")). The government should not now have to participate in fire drill briefing for Plaintiff's lack of careful planning.

Nor is Plaintiff entitled to expedited partial summary judgment briefing because she wishes to avoid a consular interview—the reason she articulated at the parties' February 26, 2026 meet-and-confer but forfeits in her motion. Consular processing is a generally applicable requirement for all nonimmigrants seeking reissuance of a visa. *See* 8 U.S.C. § 1184. And, notably, the IJ's removability finding does not become a final order of removal until *after* Plaintiff has exhausted her right to appeal to the Board of Immigration Appeals or that time elapses—a process that will likely take many months if not many years. *See* 8 U.S.C. § 1101(a)(47)(B). Plaintiff offers no reason why she would be unable to seek reconsideration of the IJ's inadmissibility finding in the event that this Court enters judgment in her favor with respect to the cancellation of her J-1 visa after April 26, 2026. ECF No. 118 at 1-4. At bottom then, Plaintiff seeks expedited, piecemeal litigation solely for her convenience and not because of any actual exigency.[2]

Indeed, Plaintiff now asserts that "the material facts relating to the [visa] cancellation appear undisputed and the issue is purely legal," implicitly conceding that extra-record discovery was always unnecessary to resolving this APA case. ECF No. 118-1 at 2. To be sure, Plaintiff contends that the production of the Form I-275 she first requested on February 18, 2026, ECF

---

[2] Plaintiff's request for expedition also presupposes that this Court will issue judgment prior to April 3, 2026, in order for her to move for immediate reconsideration before the IJ, and that the IJ will adjudicate her motion, which will be filed on a non-detained docket (that is, a non-expedited docket) before April 26, 2026.

7

No. 111 at 5, "crystalized" that summary judgment was appropriate, but her attorney was already in possession of the document from prior criminal discovery. ECF No. 118 at 3; ECF No. 118-1 at 3 (email by Plaintiff's counsel asking "whether the attached Form I-275," which was bates stamped by the U.S. Attorney's Office in Massachusetts, "is the version in [the government's] file"). Nevertheless, and perplexingly, Plaintiff maintains that she remains entitled to extra-record discovery, with parallel with expedited partial briefing. ECF No. 118 at 3; *but see* FED. R. CIV. P. 26(b)(1) (prohibiting discovery that is not "relevant to any party's claim or defense and proportional to the needs of the case"). But Plaintiff's proposed briefing schedule ensures that this briefing would conclude *before* Defendants' April 6, 2026 discovery deadline. *Compare* ECF No. 106 (ordering Defendants to respond to Plaintiff's discovery requests by April 6, 2026), *with* ECF No. 118 at 3 (requesting that partial summary judgment briefing conclude on March 23, 2026, and that the Court rule by an unspecified date thereafter). Moreover, although Plaintiff vaguely asserts that discovery into the initiation of her criminal proceedings is warranted, ECF No. 117 at 2, this Court lacks subject matter jurisdiction to review that claim for the reasons in the government's motion to reconsider extra-record discovery. ECF No. 105 at 7-8. Thus, Plaintiff's extra-record discovery requests are ultimately a hollow enterprise because Plaintiff will not get the benefit of it in her proposed briefing schedule.

In sum, the government will be significantly prejudiced if it is required to proceed in the way Plaintiff proposes. That is, to simultaneously: (1) respond to Plaintiff's extra-record discovery requests in this APA case *and* (2) respond to Plaintiff's premature expedited partial motion for summary judgment. *Cf. Griffin*, 958 F.2d at 25; Local Rule 7(a)(3). Plaintiff's proposal will result in duplicative, piecemeal briefing, creating inefficiencies for the government and the Court. Likewise, Plaintiff has not satisfied her burden to demonstrate why proceeding in this emergent

8

fashion is appropriate—particularly where her proposed briefing schedule gives more time to the *moving* party than the non-moving party.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for expedited partial summary judgment briefing. Full summary judgment briefing in this case should proceed with the default deadlines provided by Federal Rule of Civil Procedure 56(b) and Local Rule 7, either after the close of discovery or upon Plaintiff withdrawing her extra record discovery requests.

Dated: March 8, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

ALANNA T. DUONG
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov