UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **KSENIIA PETROVA**, | ) |
| | ) |
| Petitioner, | )  Case No. 2:25-cv-00240-CR |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**PETITIONER'S REPLY TO**
**RESPONDENTS' OPPOSITION TO MOTION FOR EXPEDITED BRIEFING**

I.  INTRODUCTION

In their opposition to Petitioner's motion to expedite briefing on the partial summary judgment motion, Respondents do not dispute that there are no remaining factual issues with respect to the visa cancellation – something they have previously conceded. *See* Dkt. 114 at 9:20-10:7. They do not dispute that the Form I-275 was omitted from the administrative record filed by the government on December 12, 2025.[1] *See* Dkts. 100, 100-1. Nor do they dispute that the government did not file the document with the Court until March 3, 2026 – nearly three months after the administrative record was submitted.

Instead, Respondents argue that "[e]xpedited briefing prejudices the government because discovery remains ongoing and Plaintiff has failed to satisfy her burden that expedition is

---

[1] The absence of this document from the administrative record is notable because Form I-275 is the standard CBP record used to document whether withdrawal of an application for admission was granted – an issue that lies at the heart of the visa cancellation in this case. *See* 22 C.F.R. § 41.122(e)(3).

warranted." Dkt. 119 at 3. Respondents effectively argue that Petitioner should now choose between giving up her right to discovery on her remaining APA and due process claims, and foregoing her opportunity to seek admission in immigration court. But Respondents cite no authority requiring such an all-or-nothing approach. Courts routinely resolve narrow legal issues through partial summary judgment while discovery continues on other claims. *See* Dkt. 117 at 4. Nothing about Petitioner's request for expedited briefing on a narrow legal issue requires the Court to halt discovery on the remaining claims or alter the existing discovery schedule.

## II. PREJUDICE TO THE GOVERNMENT

The government argues that if Petitioner's motion is granted, it "must simultaneously: (1) respond to Plaintiff's extra-record discovery requests in this APA case *and* (2) respond to Plaintiff's premature expedited partial motion for summary judgment." Dkt. 119 at 3.

Petitioner respectfully notes that the government has already had two months to respond to Petitioner's discovery requests and, after its request for extension of the discovery period was granted by this Court, still has until April 6, 2026 to submit those responses. Petitioner also notes that it was the government's failure to include the Form I-275 (an official CBP record directly addressing whether Ms. Petrova's application for admission was withdrawn) in the administrative record – not "Plaintiff's lack of careful planning" (Dkt. 119 at 7) – that caused the delay. Had the government included the Form I-275 in the administrative record when it was filed in December, the issue presented here could have been resolved months ago, and this request for expedited briefing would not have been necessary.

Moreover, if Petitioner's expedited briefing request is granted, it pertains only to a single, narrowly framed issue of law for which the facts are undisputed. It will have no impact on the time Respondents will have to address and brief other issues.

III.     PREJUDICE TO PETITIONER

The record demonstrates that Petitioner (a) "will be irreparably prejudiced unless [her] motion is heard on an expedited basis;" and (b) "is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule." *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142, 1144 (D. Nev. 2015).

(a) <u>Irreparable Harm</u>

In its opposition, the government fails to recognize the irreparable harm to Ms. Petrova if expedited briefing is denied: "Plaintiff offers no reason why she would be unable to seek reconsideration of the IJ's inadmissibility finding in the event that this Court enters judgment in her favor with respect to the cancellation of her J-1 visa after April 26, 2026." Dkt. 119 at 7. This is not true. As Petitioner explained in her motion, the immigration judge has issued a decision denying Petitioner's admission in J-1 status *on the sole basis* that she does not possess a valid J-1 visa. *See* Dkt. 117-1 at 3-4. If Ms. Petrova's visa is reinstated by this Court *after* April 26, 2026, she will once again fail to meet the requirement for admission before the immigration judge because her visa stamp will have expired and "admissibility is determined on the basis of the law and the facts existing at the time the application is finally considered." *Id*. at 4. If the Court reinstates Ms. Petrova's visa, this will be her only opportunity to be admitted in J-1 status as she should have been on February 16, 2025.

(b) <u>Lack of Fault</u>

By seeking expedited briefing on the visa cancellation issue, Petitioner is not "attempting to game the system by providing itself proper time to present its positions to the Court but depriving the opposing party of a reasonable opportunity to respond." *Cardoza*, 141 F. Supp. 3d at 1141. As explained above and in Petitioner's motion for expedited briefing, the narrow legal

issue presented by Petitioner's motion for partial summary judgment crystallized only after the government produced the Form I-275 on March 3, 2026.

Petitioner would have had to be clairvoyant to foresee the current situation. She would have had to foresee that the immigration judge would find her inadmissible, that the judge would do so *solely* because of the visa cancellation, and that the decision would arrive precisely when it did – leaving just enough time to seek relief from this Court and reconsideration by the immigration judge, but only if the briefing schedule here were expedited.

## IV. DISCOVERY ON REMAINING CLAIMS

Respondents overlook a key aspect of this Court's decision on the motion to dismiss. Dkt. 95. In its opposition, the government states: "On September 26, 2025, this Court granted the government's motion to dismiss Plaintiff's challenge to CBP's inadmissibility determination." Dkt. 119 at 5. This is incorrect. To be sure, the Court did hold that it "has no authority to determine whether Ms. Petrova was admissible" and granted Respondents' motion to dismiss "insofar as it pertains to Ms. Petrova's request for a declaratory judgment that on February 16, 2025, she was admissible as an arriving alien to the United States." Dkt. 95 at 23.

But the Court explicitly declined to dismiss Petitioner's APA and due process challenges stemming from the unlawful *inadmissibility determination*.

> In *Atanackovic*, the CBP officer found the plaintiff inadmissible based on the same statutory provision at issue in this case. The district court concluded it had subject matter jurisdiction to review the CBP officer's inadmissibility determination notwithstanding the limitations placed by § 1252(a) on judicial review. The court finds that approach persuasive and adopts it here.

*Id*. at 27-28.

The Court held that Ms. Petrova's APA and due process claims – including her claim that the inadmissibility finding was unlawful – "do not require the court to determine whether she is admissible" and therefore may be reviewed. *Id*. at 28.

In contrast to the narrow legal issue presented by the partial summary judgment motion – whether 22 C.F.R. § 41.122(e)(3) authorized the cancellation of Ms. Petrova's J-1 visa – the remaining claims still contain genuine issues of material fact and are not ripe for summary judgment. It is still unclear what the basis for CBP's inadmissibility determination was, as the record contains at least two conflicting justifications. *Compare, e.g.*, Dkt. 117-1 at 4 ("the Respondent was found, by an immigration officer, to be inadmissible at the time of admission due to having undeclared biological material...") with *Declaration of Sarah Angulo*, Dkt. 38-2 at 4, ¶13 ("I found Doe to be inadmissible to the United States pursuant to INA § 212(a)(7)(A)(i)(I) as an immigrant without a valid and unexpired immigration document because her true intentions for entering the United States could not be determined during the inspection.") Discovery is therefore necessary to determine whether the CBP officer's actions in finding Petitioner inadmissible, and subsequently cancelling her admission stamp and her I-94 Record of Admission, were:

- arbitrary, capricious, and not otherwise in accordance with law under 5 U.S.C. § 706(2)(A);
- in excess of CBP's statutory and regulatory authority under 5 U.S.C. § 706(2)(C); and
- without observance of procedure required by law under 5 U.S.C. § 706(2)(D).

In addition, this Court has found that Petitioner has plausibly alleged that her due process rights were violated when the CBP officer canceled her visa, found her inadmissible, and canceled Petitioner's admission stamp and I-94 admission record. Similarly, this Court declined to dismiss her due process claim that the government has tried to gain leverage in her

immigration case by initiating criminal proceedings against her. This concern was shared by the judge overseeing Petitioner's criminal proceedings. During a motion hearing in *United States v. Kseniia Petrova*, 1:25-cv-10272-LTS (D. Mass.) on February 10, 2026, Magistrate Judge Judith Dein observed that "there's clearly a connection between the proceedings in the habeas court and the proceedings in [the criminal] court":

> I think there's been a strong enough showing that the government brought criminal charges to thwart or retaliate against Ms. Petrova's exercise of her rights to challenge her immigration -- her treatment as it -- as someone in the United States with a visa.
>
> Dkt. 111-4 at 43:11-15.

Discovery on these separate claims has no bearing on the purely legal question of whether Ms. Petrova's visa cancellation was lawful under 22 C.F.R. § 41.122(e)(3).

V.   CONCLUSION

For the foregoing reasons, the Court should grant Petitioner's motion for expedited partial summary judgment briefing.

Dated: March 8, 2026                                    Respectfully submitted,

/s/ *Brian Scott Green*                                 /s/ *Gregory Romanovsky**
Brian Scott Green                                       Gregory Romanovsky
Law Office of Brian Green                               Romanovsky Law Offices
9609 S University Boulevard #630084                     12 Marshall Street
Highlands Ranch, CO 80130                               Boston, MA 02108
(443) 799-4225                                          (617) 787-0000
                                                        gr@romanovskylaw.com

                                                        **Admitted pro hac vice*

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Reply to Opposition to Motion for Expedited Briefing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

| | |
|---|---|
| Dated: March 8, 2026 | By: /s/ Gregory Romanovsky |
| | Gregory Romanovsky |