**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| **KSENIIA PETROVA**, ) | |
| ) | |
| Petitioner-Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-00240-CR |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND** ) | |
| **SECURITY; KRISTI NOEM**, Secretary of the ) | |
| U.S. Department of Homeland Security, in her ) | |
| official capacity; **THERESA MESSIER**, ) | |
| Superintendent, Chittenden Regional Correctional ) | |
| Facility, in her official capacity; **PETE R. FLORES**, ) | |
| Acting Commissioner, U.S. Customs and Border ) | |
| Protection; **JULIO CARAVIA**, Director, U.S. ) | |
| Customs and Border Protection; **PAMELA J.** ) | |
| **BONDI**, U.S. Attorney General; **PAUL** ) | |
| **CAMBELL**, Warden, Ouachita Correctional Center; ) | |
| **KEITH DEVILLE**, Warden, Richwood Correctional ) | |
| Center, ) | |
| ) | |
| Respondents-Defendants. ) | |
| ) | |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION**
**FOR PARTIAL SUMMARY JUDGMENT, AND RENEWED MOTION TO DISMISS**

# TABLE OF CONTENTS

APPLICABLE LEGAL STANDARDS ...................................................................... 3

I.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) ......................................... 3

II.    SUMMARY JUDGMENT UNDER THE APA ............................................................. 4

III.    SCOPE OF REVIEW UNDER THE APA ................................................................. 5

ARGUMENT ...................................................................................................... 7

I.    THE COURT SHOULD DENY PETROVA'S PARTIAL SUMMARY JUDGMENT MOTION CHALLENGING HER VISA CANCELLATION CLAIM ...................... 7

    A.    Petrova's J-1 Visa Was Properly Cancelled After She Accepted An Offer To Withdraw Her Application For Admission To The United States .......................... 7

    B.    Petrova's Arguments Provide No Basis For This Court To Grant Her Partial Summary Judgment Motion ...................................................................... 10

II.    THE COURT SHOULD DISMISS PETROVA'S CHALLENGE TO HER CRIMINAL PROSECUTION BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW IT ............................................................ 14

CONCLUSION ................................................................................................ 19

i

# TABLE OF AUTHORITIES

**Cases**

*Aleutian Capital Partners, LLC v. Scalia*,
  975 F.3d 220 (2d Cir. 2020)....................................................................................... 5

*Allen v. United States*,
  No. 18-1654, 2018 WL 11671145 (D.C. Cir. Aug. 8, 2018)..................................... 17

*Allianz Ins. Co. v. Lerner*,
  416 F.3d 109 (2d Cir. 2005)....................................................................................... 6

*Arar v. Ashcroft*,
  532 F.3d 157 (2d Cir. 2008)....................................................................................... 3

*Bowen v. Massachusetts*,
  487 U.S. 879 (1988).................................................................................................. 16

*Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*,
  419 U.S. 281 (1974).................................................................................................... 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................................... 5

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971).................................................................................................... 6

*Clarry v. United States*,
  85 F.3d 1041 (2d Cir. 1996).......................................................................... 8, 9, 10, 11

*Dep't of Commerce v. New York*,
  588 U.S. 752 (2019)................................................................................................. 5, 6

*DHS v. Thurasissigiam*,
  591 U.S. 103 (2020).................................................................................................... 3

*Dudt v. Driscoll*,
  No. 24-5084, 2026 WL 206917 (D.C. Cir. Jan. 27, 2026) ...................................... 12

*Facebook, Inc. v. Duguid*,
  592 U.S. 395 (2021).................................................................................................. 14

*Federal Defenders of N.Y., Inc. v. Federal Bureau of Prisons*,
  954 F.3d 118 (2d Cir. 2020)....................................................................................... 4

*Garland v. Ming Dai*,
   593 U.S. 357 (2021)................................................................................................ 4

*Heckler v. Chaney*,
   470 U.S. 821 (1985)........................................................................................... 15, 18

*Kahar v. USCIS*,
   29 F.4th 129 (2d Cir. 2022) .............................................................................. 4, 5, 6

*Kirk v. U.S. Dep't of Justice*,
   842 F.3d 1063 (7th Cir. 2016) ................................................................................ 17

*Larson v. United States*,
   888 F.3d 578 (2d Cir. 2018)............................................................................... 16, 17

*Liranzo v. United States*,
   690 F.3d 78 (2d Cir. 2012)........................................................................................ 3

*Little Sisters of the Poor v. Pennsylvania*,
   591 U.S. 657 (2020)............................................................................................... 11

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000).................................................................................... 4

*Manafort v. U.S. Dep't of Justice*,
   311 F. Supp.3d 22 (D.D.C. 2018) .......................................................................... 17

*Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*,
   435 F.3d 127 (2d Cir. 2006).................................................................................... 4

*Moses v. U.S. Forfieture Div.*,
   8-cv-19, 2009 WL 736222 (D. Vt. Mar. 17, 2009).................................................... 17

*Motor Vehicles Manf. Ass'n v. State Farm*,
   463 U.S. 29 (1983)......................................................................................... 8, 10, 14

*N.R.D.C. v. Johnson*,
   461 F.3d 164 (2d Cir. 2006)................................................................................ 16, 18

*N.Y.C. Employees' Ret. Sys. v. SEC*,
   45 F.3d 7 (2d Cir. 1995)........................................................................................ 16

*Petrova v. U.S. Dep't of Homeland Security*,
   807 F. Supp. 3d 313 (D. Vt. 2025)............................................................... 2, passim

*Safe Haven Home Care, Inc. v. U.S.D.H.H.S.*,
130 F.4th 305 (2d Cir. 2025) ................................................................ 6

*Sharkey v. Quarantillo*,
541 F.3d 75 (2d Cir. 2008)................................................................. 18

*Shipping Fin. Servs. Corp. v. Drakos*,
140 F.3d 129 (2d Cir. 1998)................................................................. 3

*United States ex rel. Accardi v. Shaughnessy*,
347 U.S. 260 (1954)................................................................. 4

*United States v. Bucci*,
582 F.3d 108 (1st Cir. 2009)................................................................. 17

*United States v. Sanders*,
211 F.3d 711 (2d Cir. 2000)................................................................. 17

*United Therapeutics Corp. v. Liquidia Technologies, Inc.*,
No. 2022-2133, 2024 WL 3199314 (Fed. Cir. June 27, 2024) ................................................ 12

*Vermont Yankee Nuclear Power Corp. v. N.R.D.C.*,
435 U.S. 519 (1978) ................................................................. 6, 13

**Statutes**

5 U.S.C. § 701(a)(2)................................................................. 18

5 U.S.C. § 703................................................................. 18

5 U.S.C. § 704................................................................. 16, 17, 18

5 U.S.C. § 706................................................................. 5

5 U.S.C. § 706(2) ................................................................. 5, passim

5 U.S.C. § 706(2)(A)................................................................. 4, 7, 10, 14

5 U.S.C. § 706(2)(B)................................................................. 10, 14

5 U.S.C. § 706(2)(C)................................................................. 4, 10, 14

5 U.S.C. § 706(2)(D)................................................................. 4

8 U.S.C. § 1104(a) ................................................................. 7

8 U.S.C. § 1182(a)(9)(A)(i) ................................................................. 10

8 U.S.C. § 1201 ................................................................................................ 8, 10

8 U.S.C. § 1201(i) ............................................................................................. 7, 10

8 U.S.C. § 1225 ................................................................................................ 8, 10

8 U.S.C. § 1225(a)(4) ........................................................................................... 9

8 U.S.C. § 1225(a)(5) ....................................................................................... 7, 8

8 U.S.C. § 1225(b)(1)(A)(ii) ............................................................................... 13

8 U.S.C. § 1225(b)(1)(B) .................................................................................... 13

8 U.S.C. § 1252(b)(9) ........................................................................................... 7

8 U.S.C. § 1252(e) ........................................................................................... 7, 8

28 U.S.C. § 1291 ................................................................................................. 17

28 U.S.C. § 1346 ................................................................................................. 16

**Federal Rules**

FED. R. APP. P. 56(a) ........................................................................................ 6, 10

FED. R. CIV. P. 12(b)(1) ........................................................................... 3, 4, 15, 18

FED. R. CIV. P. 12(h)(3) ......................................................................................... 4

FED. R. CIV. P. 56(a) .............................................................................. 1, 5, 10, 12

FED. R. CIV. P. 56(c) ............................................................................................. 5

FED. R. CIV. P. 56(c)(2) ...................................................................................... 5, 6

FED. R. CRIM. P. 12(b)(3)(iv) .............................................................................. 17

**Regulations**

8 C.F.R. § 100.4(b) ............................................................................................... 8

8 C.F.R. § 208.30 ................................................................................................. 13

8 C.F.R. § 287.5(b)(4) ........................................................................................... 8

8 C.F.R. § 287.5(c)(1)(v) ....................................................................................... 8

v

8 C.F.R. § 1208.30 ................................................................................................ 13

22 C.F.R. § 21.122(d) ........................................................................................... 14

22 C.F.R. § 41.122 ................................................................................................ 11

22 C.F.R. § 41.122(d) ........................................................................................... 14

22 C.F.R. § 41.122(e)........................................................................................ 3, 7, 14

22 C.F.R. § 41.122(e)(3)................................................................................ 8, passim

22 C.F.R. § 46.1(i) ................................................................................................. 8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| KSENIIA PETROVA, | ) |
| | ) |
| Petitioner-Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-00240-CR |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY; KRISTI NOEM, Secretary of the | ) |
| U.S. Department of Homeland Security, in her | ) |
| official capacity; THERESA MESSIER, | ) |
| Superintendent, Chittenden Regional Correctional | ) |
| Facility, in her official capacity; PETE R. FLORES, | ) |
| Acting Commissioner, U.S. Customs and Border | ) |
| Protection; JULIO CARAVIA, Director, U.S. | ) |
| Customs and Border Protection; PAMELA J. | ) |
| BONDI, U.S. Attorney General; PAUL | ) |
| CAMBELL, Warden, Ouachita Correctional Center; | ) |
| KEITH DEVILLE, Warden, Richwood Correctional | ) |
| Center, | ) |
| | ) |
| Respondents-Defendants. | ) |
| | ) |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION**
**FOR PARTIAL SUMMARY JUDGMENT, AND RENEWED MOTION TO DISMISS**

This Court should deny Kseniia Petrova's ("Petrova") expedited motion for partial summary judgment briefing under Federal Rule of Civil Procedure 56 and enter judgment for Federal Defendants ("the government") on Petrova's Administrative Procedures Act ("APA") challenge to the cancellation of her J-1 visa. *See* ECF No. 72 at 21 at ¶¶97-99 (Petrova's amended complaint); ECF No. 117 (Petrova's motion for partial summary judgment). Additionally, the Court should dismiss Petrova's APA challenge to her criminal prosecution. *See* ECF No. 72 at 23 ¶118.

1

Petrova initiated this case by filing a habeas corpus petition challenging her immigration detention after Customs and Border Protection ("CBP") officers detected undeclared biologicals in her luggage at Boston Logan Airport. ECF No. 1; ECF No. 100 at 18 ("The inspection of Petrova's checked bags resulted in the discovery of a Styrofoam container with petri dishes containing unknown biological materials" and "several loose vials of biologicals packed in Ziplock bags."). The Court subsequently granted Petrova leave to amend her habeas petition to add APA and Freedom of Information Act ("FOIA") claims and ordered Petrova's release on bail. ECF Nos. 68, 70, 72, 89.

The government moved to dismiss Petrova's amended complaint. ECF Nos. 91, 93. The Court subsequently issued an opinion: (1) dismissing Petrova's habeas petition as moot; (2) dismissing Petrova's request that the Court "determine whether [she] was admissible;" and (3) dismissing Petrova's three FOIA claims. *Petrova v. U.S. Dep't of Homeland Security*, 807 F. Supp. 3d 313, 331, 333, 346 (D. Vt. 2025). The government also moved to dismiss Petrova's customs claim (under the Tarriff Act of 1930) and criminal prosecution challenge to *United States v. Petrova*, 1:25-cv-10272 (D. Mass.), but this Court denied that portion of the motion as moot. *Petrova*, 807 F.3d at 346-47. The Court reasoned that "Petrova does not assert a separate customs violation claim independent of her APA and Due Process claims" and "does not ask this court to review her criminal prosecution." *Id.* Thus, Petrova's remaining claim is her APA (and fully subsumed) due process "challenge [to] the lawfulness of the CBP's officer's revocation of her visa" and cancellation of her admission stamp.[1] *Petrova*, 807 F.3d at 349. Petrova now seeks expedited summary judgment on that claim. ECF No. 117.

---

[1] Although Petrova claims that an "immigration officer placed an admission stamp in her passport," the record reveals no stamp. *Compare* ECF No. 117 at 6, *with* ECF No. 100 at 20-25. Moreover, as this Court has already explained, "a physical admission stamp does not render an entry lawful

For the reasons below, this Court should deny Petrova's partial summary judgment motion challenging her visa-cancellation claim. The government also renews its motion to dismiss Petrova's challenge to her criminal prosecution for lack of jurisdiction.

## APPLICABLE LEGAL STANDARDS

**I.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)**

On a Rule 12(b)(1) motion, "[d]etermining the existence of subject matter jurisdiction is a threshold inquiry . . . and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (citation and internal quotation marks omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (citation omitted). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). This Court "may refer to evidence outside the pleadings" to assess its subject matter

---

within the meaning of the INA," because aliens remain subject to inspection within the secure customs zone. *Petrova*, 807 F. Supp. 3d at 332. In all events, the fact that Petrova proceeded through primary inspection is immaterial to the resolution of her visa-cancellation claim. *See* 22 C.F.R. § 41.122(e). It is also immaterial because this Court dismissed Petrova's challenge to CBP's inadmissibility determination. *Petrova*, 807 F.3d at 333 ("Even were this court to declare unlawful the visa revocation and the CBP officer's inadmissibility determination, [because] the court has no authority to determine whether Ms. Petrova was admissible. 'The power to admit or exclude aliens is a sovereign prerogative,' and 'the Constitution gives the political department of the government plenary authority to decide which aliens to admit[.]'") (quoting *DHS v. Thurasissigiam*, 591 U.S. 103, 139 (2020)), *id*. at 349 ("The Court GRANTS dismissal of Ms. Petrova's claims to the extent they seek… a determination of Ms. Petrova's admissibility or removability.").

jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (discussing the resolution of a motion to dismiss under FED. R. CIV. P. 12(b)(1)).

A motion to dismiss based on a lack of jurisdiction may be raised at any time because "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (discussing the "well-settled doctrine that a court must satisfy itself that it has subject matter jurisdiction and may at any time in the court of litigation consider whether such jurisdiction exists").

## II.    SUMMARY JUDGMENT UNDER THE APA

Where it applies, the APA authorizes this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be" "arbitrary, capricious, an abuse of discretion," "in excess of statutory jurisdiction, authority, or limitations" or "without observance of procedure required by law." 5 U.S.C. §§ 706(2)(A), (C)-(D). Under the *Accardi* principle, this Court may also review agency action to ensure it conforms "with existing valid regulations[.]" *Federal Defenders of N.Y., Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020) (discussing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).

APA review is "narrow and deferential" and "limited to examining the administrative record to determine whether the agency decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Kahar v. USCIS*, 29 F.4th 129, 132 (2d Cir. 2022) (internal citations and quotations omitted). Thus, a court must "uphold 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.* 419 U.S. 281, 286 (1974)). The Court reviews legal questions de novo. *Aleutian Capital Partners, LLC v. Scalia*, 975 F.3d 220, 229 (2d Cir. 2020) (discussing 5 U.S.C. § 706).

4

Summary judgment is appropriate in an APA action where there are no genuine issues of material fact. FED. R. CIV. P. 56(a), (c). The moving party shoulders the burden to demonstrate the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III.    SCOPE OF REVIEW UNDER THE APA

Under the APA, this Court "shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706(2). Consequently, Petrova's repeated reliance on extra-record statements and exhibits generated in litigation after the challenged February 16, 2025, visa cancellation is misplaced and cannot be relied upon to resolve this APA case. *See Dep't of Commerce v. New York*, 588 U.S. 752, 780 (2019) (discussing the record review rule); *Kahar*, 29 F.4th at 132 (explaining that APA review is limited to the administrative record); FED. R. CIV. P. 56(c)(2) (explaining that summary judgment motions must be supported by admissible evidence). For example, an exchange between the Court and her attorney during the May 14, 2025 hearing on her now-dismissed habeas petition is not admissible evidence in this APA case. ECF No. 117 at 7-8 (citing ECF No. 64 at 37); *see* 5 U.S.C. § 706(2); FED. R. CIV. P. 56(c)(2). Likewise, a May 2025 press-release discussing Petrova's alleged criminal conduct is not part of the record and cannot be relied upon. ECF No. 117 at 6 n.2; *see* 5 U.S.C. § 706(2); FED. R. CIV. P. 56(c)(2). Similarly, this Court cannot rely on the Immigration Judge's February 20, 2026, removability finding. ECF No. 117 at 3, 8 (citing ECF No. 117-1); *see* 5 U.S.C. § 706(2); FED. R. CIV. P. 56(c)(2).

In short, this Court cannot consider any of that relied-upon evidence because it post-dates the challenged February 16, 2025 visa-cancellation, was not made by CBP and is outside of the record. *See Commerce*, 588 U.S. 780; *Vermont Yankee Nuclear Power Corp. v. N.R.D.C.*, 435 U.S. 519, 547 (1978) (explaining that APA review must be "on the basis of the information

5

available to the agency when it made the decision"); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (explaining that APA review is "to be based on the full administrative record that was before the Secretary at the time he made his decision."); *Kahar*, 29 F.4th at 132; 5 U.S.C. § 706(2). Moreover, Petrova waives any argument that the Court can rely on extra-record evidence to resolve this motion for summary judgment. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (explaining that issues are waived unless raised in the district court); Fed. R. App. P. 56(a); Local Rule 7(a)(2) (requiring parties to "concisely stat[e] the legal contentions and supporting authorities"); ECF No. 117 at 1-9. Specifically, Petrova fails to advance any meaningful argument that her relied-upon extra-record evidence is admissible. *See* ECF No. 117 at 1-9. Concomitantly, Petrova never makes the requisite "strong showing of bad faith or improper behavior," precluding this Court from considering her extra-record evidence. *Dep't of Comm. v. New York*, 588 U.S. 752, 780 (2019); *see* 5 U.S.C. § 706(2); *Safe Haven Home Care, Inc. v. U.S.D.H.H.S.*, 130 F.4th 305, 324 (2d Cir. 2025) (explaining that a district court properly denied a motion to consider extra-record evidence that did not fall within an applicable exception to the record-review rule); ECF No. 117 at 1-9.

Because this Court exempts "motions concerning claims challenging actions under the Administrative Procedure Act" from the requirement to provide "a separate and concise statement of undisputed material facts," Local Rule 56(a), the government does not provide one but responds to Plaintiff's purported list. ECF No. 117 at 5-6 ("Statement of Undisputed Facts") *but see* 5 U.S.C. § 706(2) (requiring review of agency action using the "whole record"). The undisputed facts material to the Court's resolution of this case are in the Certified Administrative Record.

6

## ARGUMENT

**I.  THE COURT SHOULD DENY PETROVA'S PARTIAL SUMMARY JUDGMENT MOTION CHALLENGING HER VISA CANCELLATION CLAIM**

### A.  Petrova's J-1 Visa Was Properly Cancelled After She Accepted An Offer To Withdraw Her Application For Admission To The United States

This Court should enter judgment for the government on Petrova's visa-cancellation claim because it is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" to cancel Petrova's J-1 visa. Indeed, she withdrew her application for admission to the United States.[2] 5 U.S.C. § 706(2)(A); ECF No. 100 at 23 (Petrova's cancelled visa). The INA provides that "[a]fter the issuance of a visa or other documentation to the alien, the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa or other documentation." 8 U.S.C. § 1201(i). Congress authorized the Secretary of State to delegate that authority upon "any employee of the United States[.]" 8 U.S.C. § 1104(a). And the Secretary has done so with respect to CBP officers, empowering them to "revoke a valid visa" for specified reasons. 22 C.F.R. § 41.122(e); *see* 8 C.F.R. §§ 287.5(b)(4), (c)(1)(v); 22 C.F.R. § 46.1(i) (defining "immigration officer" to include CBP officers).

Here, CBP properly cancelled Petrova's J-1 visa because the applicable regulatory prerequisites were met. 22 C.F.R. § 41.122(e)(3); *see* 5 U.S.C. § 706(2); *Clarry v. United States*, 85 F.3d 1041, 1047 (2d Cir. 1996) (explaining that "application of the *Accardi* doctrine is not warranted" where the agency "did not arbitrarily fail to comply with its own regulations."); ECF

---

[2] The government maintains that this Court lacks subject matter jurisdiction to review Petrova's visa-cancellation claim for the reasons previously raised in its motion to dismiss the amended complaint (ECF Nos. 91, 93) but recognizes this Court's contrary ruling. *See Petrova*, 807 F. Supp. 3d at 334-44; 8 U.S.C. §§ 1201(i), 1252(a)(5), (b)(9), (e).

No. 100 at 23. First, Petrova was "notified pursuant to INA 235 by an immigration officer at a port of entry that [she] appears to be inadmissible to the United States[.]" 22 C.F.R. § 41.122(e)(3). During Petrova's sworn statement at Logan International Airport, Boston, Massachusetts, the CBP officer notified Petrova that she was "inadmissible pursuant to INA § 212(a)(7)(A)(i)(I) as an immigrant without a valid and unexpired immigrant document" because her "true intentions cannot be determined." ECF No. 100 at 8; *Petrova*, 807 F. Supp. 3d at 333 (explaining that this Court "has no authority to determine whether Ms. Petrova was admissible."); *see* 8 U.S.C. § 1225(a)(5) (authority of CBP officers to take statement "under oath" "regarding the purposes and intentions of the applicant in seeking admission to the United States."); 8 C.F.R. § 100.4(b) (defining "Logan International Airport" as a Port of Entry "for aliens arriving by aircraft"). The CBP officer's inadmissibility determination was contemporaneously recorded on a Form I-860, Notice and Order of Expedited Removal and Form I-213, Record of Deportable/Inadmissible Alien. ECF No. 100 at 1, 13. Thus, that portion of the CBP officer's cancellation of Petrova's J-1 visa was "rational [and] based on consideration of the relevant factors and within the scope of the authority delegated to the [officer] by the statute" and regulation. *Motor Vehicles Manf. Ass'n v. State Farm*, 463 U.S. 29, 42 (1983); *Petrova*, 807 F. Supp. 3d at 333 (dismissing Petrova's challenge to CBP's inadmissibility determination); *see* 8 U.S.C. §§ 1201, 1225, 1252(e); 22 C.F.R. § 41.122(e)(3); *Clarry*, 85 F.3d at 1047 (explaining that the *Accardi* doctrine does not apply where the agency follows its regulations).

Second, Petrova "request[ed]" and was "granted permission to withdraw [her] application for admission" to the United States. 22 C.F.R. § 41.122(e)(3). Congress expressly authorized the Secretary of Homeland Security to allow an "[a]n alien applying for admission" to "be permitted to withdraw the application for admission and depart immediately from the United States."

8

8 U.S.C. § 1225(a)(4).    Consistent with that authority, the CBP officer began preparing a Form I-275, Withdrawal of Application for Admission/Consular Notification reflecting the discretionary decision to allow Petrova to withdraw her application for admission.  ECF No. 115 at 3-7.[3]  During her sworn statement, the CBP officer informed Petrova, "[y]ou are being afforded the opportunity to willingly withdraw your application for admission to the United States in lieu of being expeditiously removed which carries a bar of five years.  Would you like to willingly withdraw your application for admission at this time?"  ECF No. 100 at 9; *see* 22 C.F.R. § 41.122(e)(3).  Petrova responded, "Yes."  ECF No. 100 at 9; *see* 22 C.F.R. § 41.122(e)(3).  The CBP officer additionally advised Petrova "Your visa will be cancelled.  You must obtain a visa prior to future travel to the United States.  Do you understand?"  ECF No. 100 at 9.  Again, Petrova replied, "Yes."  ECF No. 100 at 9.  Consistent with that advisal, the CBP officer identified the basis of Petrova's inadmissibility on her visa as "212(a)(7)(A)(i)(I)," stamped "CANCELLED-BOS" on her J-1 visa folio, and wrote the basis for the cancellation as "22 CFR 41.122(e)(3)." ECF No. 100 at 19.  Thus, because CBP cancelled Petrova's J-1 visa after consideration of the relevant factors and acted within the scope of its authority, the Court should enter judgment for the government and reject Petrova's challenge to the cancellation of her J-1 visa.  5 U.S.C. § 706(2); *see State Farm*, 463 U.S. at 43; *Clarry*, 85 F.3d at 1047; 22 C.F.R. § 41.122(e)(3).

In short, CBP exercised its discretion and granted Petrova permission to withdraw her application for admission on February 16, 2025, and Petrova accepted that offer with full knowledge that her J-1 visa would be cancelled if she accepted.  22 C.F.R. § 41.122(e)(3); ECF No. 100 at 9.  At that juncture, the CBP officer appropriately cancelled Petrova's J-1 visa because

---

[3] The government produced additional agency records at the Court's direction.  ECF No. 113 (minute order).

9

she was inadmissible to the United States (and subject to expedited removal) and she affirmatively accepted an offer to withdraw her application for admission in lieu of an expedited removal order. 22 C.F.R. § 41.122(e)(3); *see* 8 U.S.C. § 1201(i); ECF 100 at 9, 19.  Cancelling Petrova's J-1 visa under those circumstances—where she would otherwise be removed expeditiously from the United States under 8 U.S.C. § 1225 and barred from seeking admission to the United States for five years, 8 U.S.C. § 1182(a)(9)(A)(i)—is consistent with the statutory scheme Congress designed and the CBP officer's delegated authority to revoke visas.    8 U.S.C. §§ 1201, 1225; 22 C.F.R. § 41.122(e)(3).  Because the CBP officer's determination was not "arbitrary, capricious, an abuse of discretion" or otherwise inconsistent with the law this Court should deny Petrova's motion for partial summary judgment and enter judgment for the government under FED. R. CIV. P. 56 on her APA and fully subsumed due process claim.  5 U.S.C. § 706(2)(A)-(C); *see State Farm*, 463 U.S. at 43; *Clarry*, 85 F.3d at 1047; FED. R. APP. P. 56(a).

### B.    Petrova's Arguments Provide No Basis For This Court To Grant Her Partial Summary Judgment Motion

None of the arguments in Petrova's motion demonstrate that she is entitled to summary judgment.  To begin, Petrova contends that this Court should set aside the cancellation of her visa because "withdrawal must actually be granted."  ECF No. 117 at 7 (citing 22 C.F.R. § 41.122(e)(3)).  But the record and Petrova's own complaint demonstrates that Petrova *was* granted permission to withdraw her application for admission and she accepted that offer under oath.  ECF No. 100 at 9 (Q: "You are being afforded the opportunity to willingly withdraw your application for admission to the United States in lieu of being expeditiously removed which carries a bar of five years.  Would you like to willingly withdraw your application for admission at this time?"  A: "Yes."); ECF No. 100 at 14, 19; ECF No. 115 at 7; *see also* ECF No. 72 at 15 ¶65

10

("Ms. Petrova requested that her admission be withdrawn and asked to return to Paris, France, from whence her journey originated.").

Petrova also contends that she was not allowed to withdraw her application for admission because the "Application for Admission" box in the Form I-275 is unchecked. ECF No. 117 at 1, 6-7. Although Petrova's decision to withdraw her application was not memorialized in a Form I-275, ECF No. 115 at 5, nothing in 22 C.F.R. § 41.122 requires the CBP officer to complete a Form I-275 before cancelling her visa. *See Clarry*, 85 F.3d at 1047 (explaining that the *Accardi* doctrine does not apply where the agency follows its regulations). In all events, any ministerial oversight from Petrova's incomplete Form I-275 was harmless, because Petrova's decision to withdraw her application for admission was taken under oath and memorialized in a sworn statement that she personally reviewed and signed. 5 U.S.C. § 706(2) (providing that "due account shall be taken of the rule of prejudicial error."); *see Little Sisters of the Poor v. Pennsylvania*, 591 U.S. 657, 684 (2020) (explaining that "the rule of prejudicial error is treated as an administrative law harmless error rule") (citation and quotation omitted); ECF No. 100 at 14 (Petrova's signature on her sworn statement affirming that "I have read (or have had read to me) this statement, consisting of 7 pages (including this page). I state that my answers are true and correct to the best of my knowledge and this statement is a full, true and correct record of my interrogation"). It was also memorialized on her visa. ECF No. 100 at 19. Courts have concluded that paperwork-related mistakes are harmless in similar circumstances. *See generally, e.g.*, *Dudt v. Driscoll*, No. 24-5084, 2026 WL 206917, *3 (D.C. Cir. Jan. 27, 2026) (rejecting challenge to military records and observing that although a reviewing officer "did not sign the Academic Evaluation Report," "the missing signature is, at worst, a harmless procedural error."); *United Therapeutics Corp. v. Liquidia Technologies, Inc.*, No. 2022-2133, 2024 WL 3199314, *3 (Fed. Cir. June 27, 2024)

11

(rejecting argument that the failure to sign a declaration under oath precluded an agency's reliance on it in a patent case and observing "[u]under the APA, we will not overturn an agency's decision unless it produced an error that was genuinely harmful or prejudicial.") (quotation and citation omitted). The same conclusion is warranted here: Petrova's acceptance of an offer to withdraw her application of admission under oath independently satisfies 22 C.F.R. § 41.122(e)(3). Any ministerial error associated with the incomplete Form I-275 was not prejudicial and provides no basis to grant Petrova partial summary judgment. 5 U.S.C. § 706(2); *see* 22 C.F.R. § 41.122(e)(3).

Petrova's related assertion that the cancellation of her J-1 visa must be set aside because she did not depart the United States after accepting the offer to withdraw her application for admission is unavailing because it overlooks material facts. ECF No. 117 at 7-8 (citing ECF No. 105 at 4-5); *see* FED. R. CIV. P. 56(a). Critically, CBP was unable to place Petrova on a departure flight after she was granted permission and accepted the offer to withdraw her application for admission because she asserted a fear of returning to Russia. ECF No. 100 at 10, 14; ECF No. 115 at 51-60 (M-444, Information About Credible Fear Interview); *see also* ECF No. 72 at 16 ¶68 ("Ms. Petrova requested that the Russian government not be contacted and indicated that she had a fear of returning to Russia, stating 'I am afraid the Russian Federation will kill me for protesting against them.'"). Petrova's fear claim *required* the officer to "refer the alien for an interview by an asylum officer,"[4] and detoured Petrova from the withdrawal process. 8 U.S.C. § 1225(b)(1)(A)(ii) (emphasis added); *see* 8 C.F.R. §§ 208.30, 1208.30. Specifically, CBP was required to comply with the United States' nonrefoulment obligations under the Immigration and Nationality Act and the regulations implementing the Convention Against

---

[4] On February 23, 2025, Petrova filed a habeas corpus petition demanding that the government "immediately schedule and promptly conduct a credible fear interview." ECF No. 1 at 18 ¶6.

Torture.  Particularly so, because the United States denied Petrova entry at Logan International Airport after undeclared biological materials were discovered in her luggage.  ECF No. 100 at 17. Given those facts, CBP could not guarantee that France would admit Petrova, which could result in her eventual return to Russia, given her Russian passport.  *See* 8 C.F.R. §§ 208.30, 1208.30; ECF No. 100 at 20 (Petrova's Russian passport).  Petrova's unanticipated decision to pursue asylum and related protection before an asylum officer *after* she accepted CBP's discretionary offer to withdraw her application for admission does not render the officer's prior cancellation of her visa arbitrary and capricious.  22 C.F.R. § 41.122(e)(3); *see Vermont Yankee*, 435 U.S. at 547 (explaining that a reviewing court must "review the agency's choice of procedures… on the basis of the information available to the agency when it made the decision to structure the proceedings in a certain way").  Although permissible, Petrova's articulation of fear adversely affected her ability to withdraw her application for admission. Indeed, CBP was unable to facilitate the withdrawal of her application for admission after she made a credible fear claim.  *See* 8 U.S.C. § 1225(b)(1)(A)(ii), (b)(1)(B).

Moreover, contrary to Petrova's argument (ECF No. 117 at 7-8), the regulation authorizing CBP officers to cancel visas does preclude the cancellation of her visa until after she successfully departed the United States.  22 C.F.R. § 41.122(e)(3).  To the contrary, the verbs "requests" and "granted" both modify the phrase "*permission* to withdraw the application for admission." 22 C.F.R. § 41.122(e)(3) (emphasis added); *see Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021) (explaining that "a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows.") (citations, alterations, and quotation omitted). "Permission" merely includes "[t]he act of permitting; the official act of allowing someone to do something" or "[a] license or liberty to do something; authorization."  *Permission*, BLACK'S LAW

13

DICTIONARY (12th ed. 2024).  Thus, the regulation makes "permission to withdraw the application for admission"—"granted" by the CBP officer and "request[ed]" by Petrova—the predicate for visa cancellation, rather than her actual departure from the United States.  22 C.F.R. § 41.122(e)(3).  Because Petrova received that permission, the CBP Officer satisfied the prerequisites of 22 C.F.R. § 41.122(e)(3).  ECF No. 100 at 12-13.

Practical considerations confirm the point.  It would be impossible for the CBP officer to "revoke a valid visa by physically cancelling it," 22 C.F.R. § 41.122(e), by "writing or stamping the word 'REVOKED' plainly across the fact of the visa," 22 C.F.R. § 41.122(d), if the officer could only do so *after* the alien's departure from the United States.  *But see* 22 C.F.R. § 21.122(d) (allowing a visa revocation to take effect regardless of whether the officer physically revokes the visa).

Ultimately, the CBP officer cancelled Petrova's visa precisely when the regulation authorized action: upon Petrova's acceptance of the officer's grant of permission for her to withdraw her application for admission.  ECF No. 100 at 9, 14, 19; *see* 22 C.F.R. § 41.122(e)(3).  Because that decision was taken in accordance with law, this Court should deny Petrova's expedited partial summary judgment motion. 5 U.S.C. § 706(2)(A)-(C); *see* Argument § I.A; *State Farm*, 463 U.S. at 43; 22 C.F.R. § 41.122(e)(3).

II.    **THE COURT SHOULD DISMISS PETROVA'S CHALLENGE TO HER CRIMINAL PROSECUTION BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW IT**

The government also renews its motion to dismiss Petrova's claim (ECF No. 72 at 23 ¶118) that her prosecution in *United States v. Petrova*, 1:25-cv-10272 (D. Mass.), was initiated for an

14

improper purpose because this Court lacks subject matter jurisdiction over it.[5]  FED. R. CIV. P. 12(b)(1).  The government previously moved to dismiss Petrova's claim on the grounds that: (1) she failed to state a claim on which relief could be granted; and (2) the Court lacked subject matter jurisdiction under the APA to review criminal prosecution decisions for aliens seeking entry into the United States.  ECF No. 91 at 19-20 (citing, *inter alia*, *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).  The Court denied the government's motion as moot, reasoning that "Petrova does not ask this court to review her criminal prosecution."  *Petrova*, 807 F. Supp. 3d at 346-47.  The Court indicated that it "awaits the development of a factual record to adjudicate" Petrova's novel claim that "her criminal proceedings were initiated for an improper purpose.  *Id*. at 346.  Further development confirms that this Court lacks subject matter jurisdiction over Petrova's retaliatory prosecution claim because it is actively being litigated in the District of Massachusetts.  Thus, the Court should dismiss this claim under FED. R. CIV. P. 12(b)(1).[6]

Final agency action is only "subject to judicial review" under the APA if "there is no other adequate remedy in a court[.]"  5 U.S.C. § 704.  "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  Thus, if Congress has "provided special and adequate review procedures… APA review is therefore inappropriate."  *Larson v. United States*, 888 F.3d

---

[5] The government recognizes that the deadlines provided for by Local Rule 7(a)(3)(A), (5)(A) apply to this motion to dismiss and that Petrova is entitled to 30 days to respond.

[6] The government renews its motion to dismiss because Petrova served numerous extra-record discovery requests—which the government maintains are improper in this APA case for the reasons in its motion to reconsider, ECF No. 105 at 4-5—that relate to her criminal prosecution and appear designed to supplement her criminal discovery.  For example, Request for Production No. 14 seeks, "All documents concerning the decision to refer Petrova for criminal investigation or prosecution, including communications with or among DHS, CBP, U.S. Immigration and Customs Enforcement, U.S. Department of Justice, the Federal Bureau of Investigation, or the U.S. Attorney's Office."

578, 588-89 (2d Cir. 2018) (affirming dismissal of APA challenge to tax penalty because Congress separately "provided for post-payment judicial review of assessed taxes in district court" using a tax-refund claim under 28 U.S.C. § 1346 and further observing "Larson has an adequate remedy; he simply doesn't like it."); *N.Y.C. Employees' Ret. Sys. v. SEC*, 45 F.3d 7, 14 (2d Cir. 1995) ("We may not even entertain the claim against the agency, however, if the plaintiffs have an adequate alternative legal remedy against someone else—a remedy that offers the same relief the plaintiffs seek from the agency.").

It follows that Petrova's due process challenge to her criminal prosecution, which she is actively litigating in the District of Massachusetts, must be dismissed in this case. 5 U.S.C. § 704. To earn review here, Petrova must demonstrate that there is no other adequate remedy to challenge her prosecution in a court. *N.R.D.C. v. Johnson*, 461 F.3d 164, 171-72 (2d Cir. 2006) (affirming the dismissal of challenge for lack of subject matter jurisdiction and explaining that the APA only provides jurisdiction if there is "no other adequate remedy in a court."). But Petrova cannot meet that burden because she is actively litigating her vindictive or selective prosecution claim in the District of Massachusetts as part of her ongoing criminal proceedings. 5 U.S.C. § 704; *see Johnson*, 461 F.3d at 171-72; ECF No. 45, Petrova's Mot. to Compel Discovery (Dec. 19, 2025), *United States v. Kseniia Petrova*, 1:25-cr-10272-LTS (D. Mass.); ECF No. 47, Gov't Opp. to Mot. to Compel Discovery, *United States v. Kseniia Petrova*, 1:25-cr-10272-LTS (D. Mass.). Indeed, Magistrate Judge Dein ordered "some discovery" into Petrova's claim that "the government brought criminal charges to thwart or retaliate against Ms. Petrova's exercise of her rights to challenge her" immigration proceedings. ECF No. 111-4 at 43:5, 43:12-15; *see* Fed. R. Crim. P. 12(b)(3)(iv) (providing a defense for "selective or vindictive prosecution"). Critically, the result of those ongoing criminal proceedings—including Petrova's improper prosecution claim—is

16

subject to additional judicial review in the U.S. Court of Appeals for the First Circuit. 28 U.S.C. § 1291; *see United States v. Bucci*, 582 F.3d 108, 114 (1st Cir. 2009) (explaining that a claim of retaliatory prosecution requires the defendant to do more than simply "identify a potential motive for prosecutorial animus.") (citing *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000)). Thus, Petrova indisputably has an adequate judicial remedy to challenge her criminal prosecution and she cannot jeopardize those proceedings through this APA action. 5 U.S.C. § 704; *see Larson*, 888 F.3d at 588-89; *cf. Kirk v. U.S. Dep't of Justice*, 842 F.3d 1063, 1066 (7th Cir. 2016) ("No matter what we make of § 2255 as an adequate remedy for the purpose of § 704, it would be an unhappy development to split a criminal case into fragments and have issues such as Rule 35(b) motions litigated in districts that did not host the criminal prosecution.").

Courts uniformly dismiss APA challenges to criminal prosecutions in such circumstances. *See, e.g.*, *Allen v. United States*, No. 18-1654, 2018 WL 11671145, *1 (D.C. Cir. Aug. 8, 2018) (explaining that an APA "complaint against the prosecutors fare no better because APA review is available only when 'there is no other adequate remedy in a court,' which is an implausible notion in the criminal context.") (citing 5 U.S.C. § 704); *Manafort v. U.S. Dep't of Justice*, 311 F. Supp.3d 22, 33-34 (D.D.C. 2018) (dismissing APA claim alleging unlawful prosecution by Special Counsel because "the Federal Rules of Criminal Procedure offer plaintiff precisely the kind of alternative relief that precludes duplicative APA review."); *Moses v. U.S. Forfieture Div.*, 8-cv-19, 2009 WL 736222, *2 (D. Vt. Mar. 17, 2009) (dismissing APA challenge to criminal forfeiture because "a remedy is available in the criminal case").

Because Petrova is actively litigating an improper prosecution claim in the United States District Court for Massachusetts, this Court lacks jurisdiction to review that parallel claim here under the APA. 5 U.S.C. §§ 703, 704; FED. R. CIV. P. 12(b)(1); *see Johnson*, 461 F.3d at 171-72;

17

*cf. Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008) ("we conclude that Sharkey's complaint states two APA claims upon which relief can be granted.  However, because Sharkey's claims for mandamus duplicate her claims under the APA, and because we hold that Sharkey's APA claims survive the Director's 12(b)(1) and 12(b)(6) motions to dismiss, we affirm the district court's dismissal of the mandamus claims on the alternative ground that there is another adequate remedy available."). The Court also lacks subject matter jurisdiction because criminal prosecution determinations are discretionary and unreviewable for the reasons stated in the government's prior motion to dismiss.  ECF No. 91 at 20 (citing *Chaney*, 470 U.S. at 831, and 5 U.S.C. § 701(a)(2)). Accordingly, this Court should dismiss Petrova's challenge to her criminal prosecution for lack of subject matter jurisdiction.  5 U.S.C. § 704; *see Johnson*, 461 F.3d at 171-72; FED. R. CIV. P. 12(b)(1); ECF 72 at 23 ¶118; ECF No. 91 at 20.

18

## CONCLUSION

For the foregoing reasons, the Court should deny Petrova's expedited motion for partial summary judgment and dismiss Petrova's challenge to her criminal prosecution for lack of jurisdiction.

Dated: March 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

CAROLINE MCGUIRE
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

19