# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

_____

**KSENIIA PETROVA**,

   Petitioner-Plaintiff,

     v.

**U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security, in her official capacity; **THERESA MESSIER**, Superintendent, Chittenden Regional Correctional Facility, in her official capacity; **PETE R. FLORES**, Acting Commissioner, U.S. Customs and Border Protection; **JULIO CARAVIA**, Director, U.S. Customs and Border Protection; **PAMELA J. BONDI**, U.S. Attorney General; **PAUL CAMBELL**, Warden, Ouachita Correctional Center; **KEITH DEVILLE**, Warden, Richwood Correctional Center,

   Respondents-Defendants.

_____

Case No. 2:25-cv-00240-CR

## FEDERAL DEFENDANTS' COUNTERSTATMENT OF FACTS IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This Court does not require a statement of undisputed facts for "claims brought under the Administrative Procedure Act[.]" Local Rule 56(a). Because Plaintiff provided a statement of facts in support of her expedited motion for summary judgment (ECF No. 117 at 5-6), the government provides this response:

1. Petrova was initially admitted to the United States in J-1 status on May 11, 2023. Dkt. 104 at 9, ¶44.

   **Response:** Not disputed.

2.  On February 16, 2025, after a brief trip abroad, Petrova presented her J-1 visa to a CBP officer at Logan Airport in Boston, Massachusetts. *Id*. at 10, ¶53

    **Response**: Not disputed.

3. The primary inspection officer placed an admission stamp in her passport and generated an I-94 Record of Admission. *Id.*

    **Response:** The government does not dispute that the primary inspection officer created a Form I-94, Arrival/Departure Record.  ECF No. 100 at 26.  The government disputes that the primary inspection officer physically stamped Petrova's passport.  ECF No. 100 at 20-25.  However, that disputed fact is immaterial to the resolution of Petrova's visa-cancellation claim because this Court "has no authority to determine whether Ms. Petrova is admissible" and dismissed her claim "insofar as it pertains to Ms. Petrova's request for a declaratory judgment that on February 16, 2025, she was admissible as an arriving alien to the United States."  *Petrova v. U.S. Dep't of Homeland Security*, 707 F. Supp. 3d 313, 333 (D. Vt. 2025).

4.  Following secondary inspection, a CBP officer canceled Petrova's visa and placed the following notations on the visa stamp: "CANCELLED-BOS" and "22 CFR 41.122(e)(3)." *Id*. at 11, ¶59-60.

    **Response:** Not disputed.

5.  The Form I-275 produced by the government on March 3, 2026, has the "Visa/BCC Canceled" box checked and the "Application for Admission Withdrawn" box unchecked. Dkt. 115 at 4.

    **Response:** Not disputed.

6.  Since February 16, 2025, Petrova has not left the United States.

**Response:** Not disputed.

Dated: March 23, 2026                        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

CAROLINE MCGUIRE
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov