**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| **KSENIIA PETROVA**, )<br><br>    Petitioner-Plaintiff, )<br><br>        v. )<br><br>**U.S. DEPARTMENT OF HOMELAND**<br>**SECURITY; KRISTI NOEM**, Secretary of the<br>U.S. Department of Homeland Security, in her<br>official capacity; **THERESA MESSIER**,<br>Superintendent, Chittenden Regional Correctional<br>Facility, in her official capacity; **PETE R. FLORES**,<br>Acting Commissioner, U.S. Customs and Border<br>Protection; **JULIO CARAVIA**, Director, U.S.<br>Customs and Border Protection; **PAMELA J.**<br>**BONDI**, U.S. Attorney General; **PAUL**<br>**CAMBELL**, Warden, Ouachita Correctional Center;<br>**KEITH DEVILLE**, Warden, Richwood Correctional<br>Center,<br><br>    Respondents-Defendants. | Case No. 2:25-cv-00240-CR |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF**
**RENEWED MOTION TO DISMISS (ECF No. 123)**

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................... 2

   I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CERTAIN
       CLAIMS. ................................................................................................................ 2

      A.  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
          PETROVA'S CHALLENGE TO HER CRIMINAL PROSECUTION. ..................... 2

      B.  THE COURT LACKS SUBJECT MATTER JURISDICTION TO
          DETERMINE PETROVA ADMISSIBILITY. ............................................................. 3

  II.  PETROVA'S DUE PROCESS CLAIM IS FULLY SUBSUMED INTO
     HER APA CLAIMS THAT THIS COURT ALREADY ADDRESSED. ........................... 5

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES
## CASES

*Califano v. Yamasaki,*
   442 U.S. 682 (1979)................................................................................................ 5

*Correa v. Thornburgh,*
   901 F.2d 1166 (2d Cir. 1990)............................................................................. 4, 6

*Delgado v. Quarantillo,*
   643 F.3d 52 (2d Cir. 2011).................................................................................... 8

*DHS v. Thurasissigiam,*
   591 U.S. 103 (2020)......................................................................................... 4, 6, 7

*Diamond Alternative Energy, LLC v. EPA,*
   606 U.S. 100 (2025).............................................................................................. 2

*Greene v. United States,*
   13 F.3d 577 (2d Cir. 1994).................................................................................... 3

*Guzman v. Tippy,*
   130 F.3d 64 (2d Cir. 1997)................................................................................. 6, 7

*Heckler v. Chaney,*
   470 U.S. 821 (1985)............................................................................................. 3

*Hollingsworth v. Perry,*
   570 U.S. 693 (2013).............................................................................................. 5

*Kearns v. Cuomo,*
   981 F.3d 200 (2d Cir. 2020)................................................................................. 5

*Medley v. Garland,*
   71 F.4th 35 (2d Cir. 2023) ................................................................................... 8

*N.R.D.C. v. Johnson,*
   461 F.3d 164 (2d Cir. 2006)............................................................................. 2, 9

*Petrova v. U.S. Dep't of Homeland Security,*
   2026 WL 936766 (D. Vt. 2026).......................................................................... 2, 5

*Petrova v. U.S. Dep't of Homeland Security,*
   807 F. Supp. 3d 313 (D. Vt. 2025)........................................................... 2, 3, 4, 7, 8

*Rajah v. Mukasey,*
   544 F.3d 427 (2d Cir. 2008)............................................................................. 8, 9

*Reno v. Am.-Arab Anti-Discrimination Committee*,
  525 U.S. 471 (1999).......................................................................................................... 7

*Sharkey v. Quarantillo*,
  541 F.3d 75 (2d Cir. 2008)............................................................................................... 4

*Shaughnessy v. U.S. ex. rel. Mezei*,
  345 U.S. 206 (1953)..................................................................................................... 6, 7

*U.S. ex. rel. Knauff v. Shaughnessy*,
  338 U.S. 537 (1950).......................................................................................................... 6

*United States v. Petrova*,
  1:25-cv-10272 (D. Mass.) .............................................................................................. 2, 3

## STATUTES

### The Immigration and Nationality Act of 1952, as amended:

5 U.S.C. § 704................................................................................................................. 8, 9

8 U.S.C. § 1201(h) .............................................................................................................. 7

8 U.S.C. § 1225(a)(1).......................................................................................................... 6

8 U.S.C. § 1225(b)(2)(A) .................................................................................................... 4

8 U.S.C. § 1229a................................................................................................................. 7

8 U.S.C. § 1229a(c)(1)(A) ................................................................................................... 7

8 U.S.C. § 1252(a)(1)........................................................................................................... 8

8 U.S.C. § 1252(a)(5)........................................................................................................... 8

8 U.S.C. § 1252(b)(9) .......................................................................................................... 8

8 U.S.C. § 1252(g) ............................................................................................................... 8

## RULES

FED. R. CIV. P. 12(b)(1) .................................................................................................. 2, 9

## REGULATIONS

8 C.F.R. § 1.4 .................................................................................................................... 4

8 C.F.R. § 235.1(h)(1) ....................................................................................................... 4

## OTHER AUTHORITIES

U.S. Customs and Border Protection, I-94 Fact Sheet…………………………………………….4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

_____

| | |
|---|---|
| **KSENIIA PETROVA**, | ) |
| | ) |
|   Petitioner-Plaintiff, | ) |
| | ) |
|   v. | )     Case No. 2:25-cv-00240-CR |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND** | ) |
| **SECURITY; KRISTI NOEM**, Secretary of the | ) |
| U.S. Department of Homeland Security, in her | ) |
| official capacity; **THERESA MESSIER**, | ) |
| Superintendent, Chittenden Regional Correctional | ) |
| Facility, in her official capacity; **PETE R. FLORES**, | ) |
| Acting Commissioner, U.S. Customs and Border | ) |
| Protection; **JULIO CARAVIA**, Director, U.S. | ) |
| Customs and Border Protection; **PAMELA J.** | ) |
| **BONDI**, U.S. Attorney General; **PAUL** | ) |
| **CAMBELL**, Warden, Ouachita Correctional Center; | ) |
| **KEITH DEVILLE**, Warden, Richwood Correctional | ) |
| Center, | ) |
| | ) |
|   Respondents-Defendants. | ) |

_____ )

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF**
**RENEWED MOTION TO DISMISS (ECF No. 123)**

This Court should dismiss Kseniia Petrova's ("Petrova") challenge to her criminal prosecution. *See* ECF No. 72 at 21 at ¶¶ 97-99 (Petrova's Amended Complaint). As the government previously explained, this Court's opinion granting and denying in-part government's motion to dismiss only left Petrova with her APA claim, a fully subsumed due process "challenge [to] the lawfulness of the CBP's officer's revocation of her visa" and cancellation of her admission

stamp.[1] *See Petrova v. U.S. Dep't of Homeland Security*, 807 F. Supp. 3d 313, 349 (D. Vt. 2025); ECF No. 123 at 1-2. This Court subsequently concluded that Petrova's J-1 visa was unlawfully cancelled and set aside that visa cancellation. *Petrova v. U.S. Dep't of Homeland Security*, 25-cv-240, 2026 WL 936766 (D. Vt. Apr. 7, 2026). Consequently, the only remaining issue is whether Petrova raises an independent due process claim within this Court's jurisdiction to address. As demonstrated below and in the government's renewed motion to dismiss, she does not. Thus, this Court should dispose of her due process challenge and bring this case to a close.

## ARGUMENT

### I.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CERTAIN CLAIMS.

#### A.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PETROVA'S CHALLENGE TO HER CRIMINAL PROSECUTION.

Petrova's response confirms that this Court should grant the government's renewed motion to dismiss her claim (ECF No. 72 at 23 ¶118) that her prosecution in *United States v. Petrova*, 1:25-cv-10272 (D. Mass.), was initiated for an improper purpose because this Court lacks subject matter jurisdiction over it. FED. R. CIV. P. 12(b)(1); *see N.R.D.C. v. Johnson*, 461 F.3d 164, 171-72 (2d Cir. 2006) (affirming the dismissal of challenge for lack of subject matter jurisdiction and explaining that the APA only provides jurisdiction if there is "no other adequate remedy in a court."); ECF No. 128 at 1-2, 6. Indeed, Petrova effectively concedes that this Court cannot review

---

[1] Although Petrova feigns (ECF No. 128 at 7 & n.1) that it is unclear whether her passport was stamped "admitted," the certified copy of her passport confirms that it was not. ECF No. 100 at 16-25. The government also produced an overhead video documenting Petrova's entire primary immigration inspection—where admission stamps are provided, if at all—which irrefutably shows that Petrova's passport was not stamped during her immigration inspection. Because this Court lacks jurisdiction to redress non-existent injuries, Petrova's assertion provides no basis for relief. U.S. CONST. ART. III § 2; *see Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 111-12 (2025) (explaining that a litigant only has standing if "there is a sufficient relationship between the judicial relief requested and the injury suffered.") (citation and quotation omitted).

her ongoing criminal proceedings in *United States v. Petrova*, 1:25-cv-10272 (D. Mass.), because she fails to dispute either of the bases for dismissal raised by the government. Specifically, Petrova does not dispute that: (1) criminal prosecutions are discretionary and unreviewable under the APA, ECF No. 123 at 22 (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); and (2) she has an adequate remedy in court that precludes review under the APA, ECF No. 123 at 22-25.[2] Petrova's failure to oppose these arguments signals that she waived any arguments she could have lodged in opposition to defendants' motion. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (arguments not preserved in the district court are waived and generally will not be considered on appeal); Local Rule 7(a)(3) (requiring opposition memoranda to contain legal contentions and supporting authorities); ECF No. 128 at 4-7. Because it is indisputable that Petrova cannot challenge her criminal prosecution under the APA, this Court should dismiss that aspect of her case. *See* ECF No. 72 at 23 ¶118.

## B.    THE COURT LACKS SUBJECT MATTER JURISDICTION TO DETERMINE PETROVA ADMISSIBILITY.

Contrary to Petrova's assertions that this Court can determine her admissibility to enter the United States (ECF No. 128 at 7), this Court unequivocally dismissed her challenge to U.S. Custom and Border Protection's ("CBP") inadmissibility determination. *Petrova*, 807 F. Supp. 3d at 333 ("Even were this court to declare unlawful the visa revocation and the CBP officer's inadmissibility determination, the court has no authority to determine whether Ms. Petrova was admissible. 'The power to admit or exclude aliens is a sovereign prerogative,' and 'the

---

[2] Although Petrova disclaims any challenge to her criminal prosecution, she offers no explanation why she served request for production No. 14, seeking "All documents concerning the decision to refer Petrova for criminal investigation or prosecution, including communications with or among DHS, CBP, U.S. Immigration and Customs Enforcement, U.S. Department of Justice, the Federal Bureau of Investigation, or the U.S. Attorney's Office." *See* ECF No. 128 at 4.

Constitution gives the political department of the government plenary authority to decide which aliens to admit[.]'") (quoting *DHS v. Thurasissigiam*, 591 U.S. 103, 139 (2020)); *Petrova*, 807 F. Supp. 3d at 334 ("Because the court cannot find Ms. Petrova admissible or afford her relief with regard to her immigration proceedings, granting some of Ms. Petrova's requests for relief would indeed constitute an advisory opinion."); *Petrova*, 807 F. Supp. 3d at 349 ("The Court GRANTS dismissal of Ms. Petrova's claims to the extent they seek… a determination of Ms. Petrova's admissibility or removability.").  And because Petrova has not been admitted by an immigration officer, *see Correa v. Thornburgh*, 901 F.2d 1166, 1172 (2d Cir. 1990) (holding that an alien is not admitted until she exits the port of entry and is free from "official restraint"), it follows inexorably that she is not entitled to a Form I-94, Admission Record, which is issued to an "arriving nonimmigrant who *is admitted* to the United States[.]"  8 C.F.R. § 235.1(h)(1) ("[a Form I-94] will be issued a Form I-94 as *evidence of the terms of admission*.") (emphasis added); *see* 8 U.S.C. § 1225(b)(2)(A); 8 C.F.R. §§ 1.4 (defining I-94 as the "collection of arrival/departure and admission or parole information by DHS"); U.S. Customs and Border Protection, I-94 Fact Sheet, available at https://www.cbp.gov/sites/default/files/documents/I-94%20Fact%20Sheet%20-%20FINAL%20%28web%20ready%29.pdf (last accessed May 13, 2026) (discussing Form I-94).

In short, Petrova is not entitled to a record documenting an "admission" that never occurred.  8 C.F.R. § 235.1(h)(1).  And this Court cannot exercise jurisdiction over a subsidiary claim that turns on the resolution of Petrova's inadmissibility because "when Congress strips federal courts of jurisdiction to hear a *necessary* element of a litigant's claim for relief, federal courts are left with no jurisdiction to hear the claim at all."  *See Sharkey v. Quarantillo*, 541 F.3d 75, 84-85 (2d Cir. 2008) (emphasis original).  Thus, contrary to her assertions, this Court is unable to order CBP to issue Petrova a Form I-94 documenting a non-existent admission.

## II.   PETROVA'S DUE PROCESS CLAIM IS FULLY SUBSUMED INTO HER APA CLAIMS THAT THIS COURT ALREADY ADDRESSED.

Petrova's arguments that she presents a due process claim separate from her APA challenges all miss the mark. ECF No. 128 at 1-9. To begin, this Court already determined that the cancellation of Petrova's J-1 visa was unlawful and set that determination aside under the APA. *Petrova*, 2026 WL 936766, at \*12. In so doing, the Court provided Petrova with complete relief: restoring her J-1 visa until its expiration on April 28, 2026. ECF No. 72 at 24 (prayers for relief No. 3); *cf. Califano v. Yamasaki*, 442 U.S. 682, 692 (1979) ("A court presented with both statutory and constitutional grounds to support the relief requested usually should pass on the statutory claim before considering the constitutional question."). Notably, Petrova cannot identity any relief that she seeks through the due process clause that the Court's APA decision does not already provide. ECF No. 128 at 6 (vaguely asserting that Petrova's due process claim "seek[s] different remedies" but never specifies what those "remedies" are); ECF No. 72 at 24-25 (Petrova's prayers for relief). Petrova's failure to do so is fatal because she must establish that any alleged due process claim "is likely to be redressed by a favorable judicial decision." *Kearns v. Cuomo*, 981 F.3d 200, 207 (2d Cir. 2020); U.S. CONST. ART. III § 2. It also confirms that the distinction Petrova attempts to erect between her APA and purported due process claims is illusory and provides no basis for further litigation. *See Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("…for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm. The presence of a disagreement, however sharp and acrimonious it may be, is insufficient to meet [Article] III's requirements.") (citation and quotation omitted). Because Petrova cannot even establish standing to support any purported due process claim, the Court should decline to entertain it on that basis alone.

Petrova also maintains that the Court can somehow review the "underlying course of government conduct" leading to the decision not to admit her to the United States through the due process clause. ECF No. 128 at 4, 6 (citing no authority).  Not so.  Petrova is an arriving alien who was denied admission to the United States at a Port of Entry in February 2025 after officers detected undeclared biological material in her possession, so she is "treated for due process purposes as if stopped at the border."  *Thuraissigiam*, 591 U.S. at 139 ("aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border."); 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission").

Binding Supreme Court precedent establishes that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."  *U.S. ex. rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950); *see Guzman v. Tippy*, 130 F.3d 64, 65 (2d Cir. 1997) ("An excluded alien's rights are determined by the procedures established by Congress and not by the due process protections of the Fifth Amendment."); *Thornburgh*, 901 F.2d at 1171 n.5 ("Other than protection against gross physical abuse, the alien seeking entry appears to have little or no constitutional due process protection.") (compiling cases).  Petrova's prior entries into the United States are immaterial and do not entitle her to any additional process.  *Shaughnessy v. U.S. ex. rel. Mezei*, 345 U.S. 206, 213 (1953) ("For the purposes of the immigration laws, moreover, the legal incidents of an alien's entry remain unaltered whether he has been here once before or not.  He is

6

an entering alien just the same, and may be excluded if unqualified for admission under existing immigration laws.").

Thus, Petrova's assertion that discovery or further litigation is necessary to identify what process Congress established for arriving aliens therefore lacks merit: the answer lies exclusively in the United States Code.  8 U.S.C. §§ 1201(h) (providing that a valid visa does not guarantee admission), 1225 (proceedings governing Petrova's prior credible fear and expedited removal proceedings), 1229a (procedures governing Petrova's removal proceedings); *see Thuraissigiam*, 591 U.S. at 139; *Shaughnessy*, 338 U.S. at 54; *Tippy*, 130 F.3d at 65 (explaining that an arriving alien is only entitled to the procedures provided by Congress); *Petrova*, 807 F. Supp. 3d at 345 (same).  Tellingly, Petrova cites no authority to support her proposed approach. ECF No. 128 at 7 (citing no authority).  And she has never identified any process provided by Congress that she was allegedly denied.  ECF No. 128 at 1-9.  To the contrary, Petrova's response confirms that she *is* receiving the maximum level of process Congress established: removal proceedings before an immigration judge under 8 U.S.C. § 1229a to determine her admissibility, which she can follow with a petition for review in the appropriate Court of Appeals, if necessary.  ECF No. 128 at 2-3 (discussing Petrova's ongoing removal proceedings); *see* 8 U.S.C. § 1229a(c)(1)(A).

Petrova's (completely unsupported, ECF No. 128 at 5-6) assertion that the due process clause somehow shields her from removal proceedings while her criminal case because she perceives them as retaliatory lacks merit.  Addressing an analogous claim, the Supreme Court held that "an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against [her] deportation." *Reno v. Am.-Arab Anti-Discrimination Committee*, 525 U.S. 471, 488 (1999) (*AADC*) (rejecting claim that lawful permanent residents were targeted for their affiliation with a politically unpopular group).  That logic applies with equal force to

Petrova's retaliation claim, which similarly seeks to forestall her removal proceedings. After all, this Court lacks jurisdiction to review any claim about the commencement of Petrova's removal proceedings. 8 U.S.C. § 1252(g) (eliminating jurisdiction to review the commencement of removal proceedings). In all events, the Courts of Appeals have exclusive jurisdiction to review such a claim through a properly filed petition for review upon the conclusion of removal proceedings.[3] 8 U.S.C. § 1252(a)(1), (a)(5), (b)(9), (g); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); *Rajah v. Mukasey*, 544 F.3d 427, 432, 438-39 (2d Cir. 2008) (reviewing claim that a post-9/11 call in program unconstitutionally and selectively targeted aliens for removal "based on their religion, ethnicity, gender, and race."); *see, e.g*, *Medley v. Garland*, 71 F.4th 35, 50 (2d Cir. 2023) ("Under *Rajah*, termination may be warranted for pre-hearing regulatory violations in cases involving prejudice that may have affected the outcome of the proceeding, conscience-shocking conduct, or a deprivation of fundamental rights.") (citation and quotation omitted). Thus, even if Petrova were not attempting to impermissibly probe her criminal prosecution, this Court would still lack subject matter jurisdiction over a due process claim of retaliatory conduct because Congress provided her with an adequate judicial remedy: a petition for review filed with the appropriate court of appeals. ECF No. 128 at 4, 6; 5 U.S.C. § 704; 8 U.S.C. § 1252(a)(1), (a)(5), (b)(9), (g); *see Delgado*, 643 F.3d at 55; *Rajah*, 544 F.3d at 438-39.

Ultimately, the APA only provides a cause of action if there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. As demonstrated, Petrova has adequate judicial remedies. She can challenge her criminal prosecution in her criminal case. ECF No. 123 at 21-26; *supra*

---

[3] Petrova is not detained and there is no unlawful detention claim before the Court because it granted the government's motion to dismiss her habeas petition. *Petrova*, 807 F.3d at 313. Thus, Petrova's reliance on the May 27, 2025, habeas transcript is misplaced. ECF No. 128 at 4-5 (citing ECF No. 64).

Argument § I.A.  And she may challenge her removal proceedings—including her claim that her "immigration proceedings have been disported by retaliatory and coercive government conduct in violation of Due Process," ECF No. 128 at 7—through a petition for review filed in the appropriate Court of Appeals.  *Rajah*, 544 F.3d at 438-39.  Accordingly, this Court should dismiss Petrova's due process challenge for lack of subject matter jurisdiction.  5 U.S.C. § 704; *see Johnson*, 461 F.3d at 171-72; FED. R. CIV. P. 12(b)(1); ECF 72 at 23 ¶118.

//

//

9

**CONCLUSION**

For the foregoing reasons, the Court dismiss Petrova's due process challenge for lack of jurisdiction. The Court should also schedule a status conference to develop a scheduling order that brings this litigation to a final judgment.

Dated: May 13, 2026                                      Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SONG PARK
Assistant Director
Office of Immigration Litigation

CAROLINE MCGUIRE
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

10