UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| **KSENIIA PETROVA**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:25-cv-00240-CR |
| | ) | |
| v. | ) | |
| | ) | |
| **U.S. DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY, *et al.*,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Kseniia Petrova submits this Notice of Supplemental Authority to inform the Court of the latest ruling in her related removal proceedings. The ruling bears directly on the issues raised in the Government's renewed motion to dismiss and Petitioner's opposition. A copy of the immigration court's decision is attached as **Exhibit A**.

Petitioner is not asking this Court to review the immigration judge's decision. Rather, she submits it to demonstrate that the Government continues to deprive Ms. Petrova of the limited Due Process protections afforded to her by law. Ever since CBP unlawfully canceled Ms. Petrova's visa on February 16, 2025 and placed her in immigration detention, every immigration benefit or protection to which she is entitled has required federal litigation. Even to obtain employment authorization expressly authorized by Congress, Ms. Petrova was forced to file a separate mandamus action.[1]

After this Court set aside CBP's cancellation of Ms. Petrova's valid J-1 visa, thereby paving the way for her formal admission to the United States, the immigration court

---

[1] *See Petrova v. Edlow*, No. 25-13836 (D. Mass. 2025) (voluntarily dismissed).

nevertheless refused to act until ordered to do so by the U.S. District Court for the District of Massachusetts.[2] The immigration judge then issued a decision concluding that this Court's ruling was insufficient to admit Ms. Petrova because the visa had not been "reinstated by either the Department of State or U.S. Customs and Border Protection (CBP)," ignoring the fact that this Court's decision setting aside the visa cancellation effectively "reinstated" it. *See* **Exhibit A** at 1.

The immigration court's latest decision further demonstrates that Petitioner's Due Process claims remain live and that she continues to be deprived of the process to which she is entitled, notwithstanding this Court's April 7, 2026 ruling.

Dated: June 30, 2026

Respectfully submitted,

/s/ *Brian Scott Green*
Brian Scott Green
Law Office of Brian Green
9609 S University Boulevard #630084
Highlands Ranch, CO 80130
(443) 799-4225

/s/ *Gregory Romanovsky*\*
Gregory Romanovsky
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
(617) 787-0000
gr@romanovskylaw.com

\**Admitted pro hac vice*

*Attorneys for Petitioner*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  June 30, 2026

By:    /s/ Gregory Romanovsky
Gregory Romanovsky

---

[2] *See Petrova v. Blanche*, No. 1:26-cv-11825 (Apr. 24, 2026), appeal docketed, No. 26-1470 (1st Cir. 2026).