**DECLARATION OF HARVEY KAPLAN**
IN SUPPORT OF PETITIONER'S MOTION FOR ATTORNEY'S FEES

I, Harvey Kaplan, Esq., declare:

1. I have practiced immigration law for over fifty years. Presently, I work as a volunteer attorney at the Greater Boston Legal Services. Prior to that, I had been a founding partner of the firm Kaplan, Friedman & Associates, LLP.

2. This declaration is submitted in support of Petitioner's Motion for Attorney's Fees under the Equal Access to Justice Act in Petrova v. U.S. Department of Homeland Security, Case No. 2:25-cv-00240-CR. I am familiar with the nature of this case and with complex federal immigration litigation generally.

3. My practice has always been exclusively focused on the area of immigration and nationality law. For more than fifty years, I have represented hundreds of clients in proceedings before immigration judges and the Board of Immigration Appeals. I have filed, or participated in, over twenty-five petitions for review in courts of appeals, a number of which resulted in important precedent decisions, such as: *Cho v. Gonzales*, 404 F.3d 96 (1st Cir. 2005); *I.N.S. v. Gailius*, 147 F.3d 34 (1st Cir. 1998); *Navia-Duran vs. I.N.S.*, 568 F.2d 803 (1st Cir. 1977); *Cordero-Trejo v. I.N.S.*, 40 F.3d 482 (1st Cir. 1994).

4. In 2011, I was named Boston's Best Immigration Lawyer by *Best Lawyers in America*, and I have been listed in Best Lawyers in Massachusetts continuously since 1991. I have also received the Carol King Award for excellence in the practice of immigration law from the National Immigration Project of the National Lawyers Guild, as well as the Outstanding Immigration Lawyer Award from the Brazilian Immigration

Center. In 2018, I was honored with the Humanitarian Rights Award from the Open Avenues Foundation. Most recently, I received the Silver Shingle Award for Service to the Community from Boston University School of Law.

5. In addition to my immigration practice, I taught immigration law as an adjunct faculty member at Northeastern University School of Law for twenty-five years and had previously taught immigration law at Harvard Law School. In 2002, I received the American Immigration Lawyers Association (AILA) Elmer Fried Award of Excellence in teaching immigration law.

6. I am personally familiar with the experience and expertise of Petitioner's counsel, Gregory Romanovsky, and his law firm. It is my opinion that Mr. Romanovsky possesses the distinctive and complex knowledge and specialized skill that was required for the resolution of this case.

7. Gregory Romanovsky has practiced immigration law since 2001. Between 2008 and 2013, he served as Chair of the Litigation Committee for the New England Chapter of American Immigration Lawyers Association. Between 2013 and 2018, Mr. Romanovsky was a member of the Executive Board of AILA New England, serving as Chapter Chair between June 2017 and June 2018. Over the last fifteen years, he has been a frequent speaker on the topic of immigration-related federal litigation at various immigration law conferences and seminars. Based on his years of experience specific to the practice of immigration law, Mr. Romanovsky has attained specialized knowledge and skill paramount to success in complex immigration litigation like Petitioner's.

8. I have reviewed the principal pleadings and orders in this matter, including the amended petition and complaint, the parties' summary-judgment submissions, and the Court's decisions concerning the visa cancellation and habeas relief. I am therefore familiar with the exceptional factual, procedural, and legal demands of the representation.

9. This was not a routine immigration matter. It required counsel to integrate federal habeas practice and immigration-bail litigation with Administrative Procedure Act review of a visa cancellation; master the limits of CBP authority under 22 C.F.R. § 41.122(e); distinguish visa cancellation from admission, removal, and detention questions; litigate the completeness of the administrative record; and obtain expedited merits relief before the visa expired. Counsel also had to analyze the government's changing explanations against its own contemporaneous records, including Form I-275, while preserving overlapping habeas, APA, and constitutional theories. That combination of emergency federal-court litigation, specialized immigration law, administrative-law analysis, and factual development requires uncommon judgment and skill.

10. In my opinion, the requested hourly rate of $750.00 for Gregory Romanovsky is a reasonable and conservative market rate for an attorney of his experience and specialized knowledge when retained for high-stakes federal immigration litigation. It is below the rate that would ordinarily be charged in the Boston legal market for counsel capable of handling a matter involving emergency habeas relief, complex agency-action review, administrative-record litigation, and expedited summary-judgment practice.

11. Much of the immigration bar does not practice in federal court, and only a limited subset has both the subject-matter expertise and the litigation experience required for a

case like this one. In my opinion, qualified counsel able and willing to undertake this unusually demanding, fact-intensive federal immigration litigation would not be available at the EAJA statutory rate of $125 per hour, even as adjusted for inflation. The work required the distinctive knowledge and specialized skills of counsel who can navigate immigration law, habeas procedure, APA review, emergency motion practice, and administrative-record development together – not merely ordinary removal-defense experience.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 26, 2026, in Brighton, Massachusetts.

Harvey Kaplan