**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| **KSENIIA PETROVA,**<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security, in her official capacity; **THERESA MESSIER**, Superintendent, Chittenden Regional Correctional Facility, in her official capacity; **PETE R. FLORES**, Acting Commissioner, U.S. Customs and Border Protection; **JULIO CARAVIA**, Director, U.S. Customs and Border Protection; **PAMELA J. BONDI**, U.S. Attorney General; **PAUL CAMBELL**, Warden, Ouachita Correctional Center; **KEITH DEVILLE**, Warden, Richwood Correctional Center,<br><br>Respondents-Defendants. | Case No. 2:25-cv-00240-CR |

**FEDERAL RESPONDENTS' MOTION TO PLACE EAJA MOTION IN ABEYANCE**

Federal Respondents (the "Government"), through undersigned counsel, respectfully moves this Court to hold Petitioner-Plaintiff Kseniia Petrova's ("Petrova") motion (Dkts. 133, 134) for attorney's fees under the Equal Access to Justice Act ("EAJA") in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, 146 S. Ct. 2789 (U.S. June 29, 2026), until 60 days after the Supreme Court issues a decision in *Montoya Palacios*. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Alternatively,

should the Court deny this motion, the Government respectfully requests an enlargement of this briefing schedule, by 10-days, from the date of the Court's order this motion.[1]

In evaluating whether to exercise its discretion to stay litigation, this Court considers five factors, including:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Benites v. Bermont Sub Office Dir. of ICE*, No. 2:25-cv-00885-cr, 2026 WL 2922967, at *2 (D. Vt. Sept. 29, 2026) (Reiss, C.J.) (citation omitted). As demonstrated below, those factors favor a stay here. *See id*. at *2 (granting a stay for *Montoya Palacios*).

On February 23, 2025, Petrova brought a habeas challenge to her immigration detention. Dkt. 1. This Court granted her petition on May 28, 2025, and released her on bail pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). *See* Dkt. 70 (May 28, 2025 minute entry providing that the "PETITION for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief is GRANTED."); *see also* Dkt. 68 at 59-65 (bail hearing transcript). When Petrova later amended her complaint, she included Administrative Procedures Act, Freedom of Information Act, and due process challenges related to the cancellation of her J-1 visa, which this Court addressed in three separate orders on September 26, 2025, April 7, 2026, and July 28, 2026. Dkt. 72 (first amended petition and complaint), Dkt. 95 (partially granting the Government's motion to dismiss), Dkt. 125 (order granting Petrova's motion for partial summary judgment and setting aside the cancellation of her J-1 visa), Dkt. 131 (granting in part the Government's renewed motion to

[1] The Government's response is currently due on Thursday November 12, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C) (extending the filing deadline if the last response day is a legal holiday); Local Rule 7(a)(3)(B); Dkt. 133.

dismiss and directing the entry of a final judgment). Now, Petrova seeks enhanced EAJA fees of approximately **$244,575** ($750 per hour) based on: (1) this Court's April 7, 2026 order setting aside the cancellation of her J-1 visa; and (2) this Court's May 28, 2025, order providing her with "separately enforceable habeas relief." Dkt. 133 at 6; *see id*. at 13 (enhanced fee request). Because the second issue is directly implicated in *Montoya Palacios*, this Court should stay litigation over Petrova's EAJA motion in its entirety. *See Benites*, 2026 WL 2922967, at *2.

*Montoya Palacios* involves a petition for attorney's fees under EAJA following a petition for writ of habeas corpus challenging immigration detention. *See Montoya Palacios v. Baker*, No. 25-cv-4045, 2026 WL 171690, at *1-5 (D. Md. Jan. 22, 2026), *aff'd*, No. 26-6251, 2026 WL 1154321 (4th Cir. Mar. 24, 2026), *cert. granted*, 146 S. Ct. 2789 (June 29, 2026). Specifically, the district court granted Montoyo Palacios's habeas corpus petition but it rejected his request for attorneys' fees under EAJA because the Fourth Circuit held in *Obando-Segura v. Garland*, 999 F.3d 190, 191, 197 (4th Cir. 2021), that a habeas petition was not a qualifying "civil action" for purposes of EAJA. *Montoya Palacios*, 2026 WL 171690 at *4. Thus, the issue in *Montoya Palacios* is whether, under EAJA, the phrase "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses habeas petitions challenging immigration detention. *See* Pet'r Cert. Pet. No. 25-1223, 2026 WL 1169545, at *i (U.S. Apr. 20, 2026). Briefing in *Montoya Palacios* is underway and oral argument is set for January 11, 2027.

The Government's position is that habeas petitioners like Petrova are not eligible for attorney's fees because habeas proceedings are not encompassed within the EAJA phrase "any civil action." *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Segura*, 999 F.3d at 197; *but see Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005) (concluding that EAJA is available for district court orders directing that someone be "released on bail"); *Michelin v. Warden*

*Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025), *rehearing en banc denied*, (10th Cir. Apr. 3, 2026).[2]

This case involves the same issue as *Montoya Palacios* because Petrova initiated this action as a habeas petition and seeks EAJA fees for that portion of the case. Accordingly, the Supreme Court's decision in that case will control the outcome of a significant portion of Petrova's attorney's fees motion. *See* Dkt. 141-1 at T021-T100 (billing entries associated with Petrova's habeas corpus petition). Indeed, this Court previously granted an opposed motion to hold EAJA briefing in abeyance until the Supreme Court decides *Montoya Palacios* because an abeyance promotes "efficient 'economy of time and effort' for the court and parties." *Benites*, 2026 WL 2922967, at *1 (quoting *Landis*, 299 U.S. at 254). Because Petrova's attorney is seeking to recover attorneys' fees *on the EAJA motion itself,* Dkt. 134-1 at 8 (seeking $5,625 for research and drafting of Petrova's EAJA motion), severing her habeas and APA claims would ultimately result in duplicative and costly EAJA litigation, which would prejudice the government. That is because the parties will twice litigate issues like reasonableness of the requested fees, the Government's substantial justification for its litigation position, and other relevant factors, especially where Petrova's request for enhanced fees relates to the asserted "emergency" nature of her habeas petition. Dkt. 133 at 13; Dkt. 134-3 at 3 (claiming that an enhanced rate is warranted because of a "combination of emergency federal-court litigation, specialized immigration law, administrative-law analysis, and factual development"); *see Gomez-Beleno v. Holder*, 644 F.3d 139, 144-47 (2d

[2] While the Ninth Circuit allowed attorney's fees under EAJA following a successful habeas petition in *In re Hill*, that case is inapposite to the circuit split because the petitioner there was not in custody and filed a habeas petition to challenge the denial of an application to enter the United States. 775 F.2d 1037, 1039-41 (9th Cir. 1985). Modern statutes do not allow habeas petitions to be used for that purpose. *Hill* is therefore limited to its unique facts.

Cir. 2011) (discussing the elements of EAJA). Since it is clear that Petrova's attorney intends to seek renumeration for EAJA motion practice, duplicative EAJA motion practice may impose unnecessarily costs on the Government. *Benites*, 2026 WL 2922967, at *1.

Petrova will not suffer any prejudice if the Court grants this abeyance motion because this Court granted her habeas petition and she was released on bail. *See* Dkts. 70, 89; *Benites*, 2026 WL 2922967, at *1 ("Petitioner has an interest in the court expeditiously adjudicating his motion for EAJA fees, but any prejudice in delaying a decision is minimal because he is released on bond."). In contrast, the Government has an interest in "refraining from unnecessary litigation and potentially paying EAJA fees that must later be returned by Petitioner should the Supreme Court determine habeas proceedings are not encompassed under the EAJA." *Benites*, 2026 WL 2922967, at *1.

On November 3, 2026, undersigned counsel contacted Petrova's counsel, Gregory Romanovsky, for Plaintiff's position on the relief requested in this motion and was informed by email that Petrova is: (1) opposed to an abeyance pending the Supreme Court's decision in *Montoaya Palacios*; (2) unopposed to the government's alternative request for a 10 day extension to respond to her October 28, 2026, EAJA motion from the date of any order from this Court declining to grant the government's abeyance motion.

//

//

## CONCLUSION

For the foregoing reasons, this Court should hold Petrova's attorney's fees motion (Dkts. 133, 134) in abeyance until 60 days after the Supreme Court issues a decision in the pending *Montoya Palacios* case. Should this motion be denied, the Government requests that its response brief be due 10 days from the date of the order denying this motion.

Dated: November 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CAROLINE MCGUIRE
Senior Litigation Counsel
Office of Immigration Litigation

/s/ *Jeffrey M. Hartman*
JEFFREY M. HARTMAN
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4404
Jeffrey.M.Hartman@usdoj.gov

MATTHEW J. GREER
Assistant United States Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Matthew.Greer@usdoj.gov

*Attorneys for Federal Respondents*